**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*If known*): _____ Chapter 15

☐ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding  12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

1. **Debtor's name**  PRINCE GLOBAL HOLDINGS LIMITED

2. **Debtor's unique identifier**

   **For non-individual debtors:**

   ☐ Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___ ___

   ☑ Other _1988528_____. Describe identifier _BVI Company Number_____.

   **For individual debtors:**

   ☐ Social Security number:  xxx – xx– ____ ____ ____ ____

   ☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____

   ☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)**  James Drury, Paul Pretlove and David Standish

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**  Liquidation before the Eastern Caribbean Supreme Court in the High Court of the BVI, Commercial Division, pursuant to section 170 of the Insolvency Act 2003, Case No. BVIHCOM2026/0019

5. **Nature of the foreign proceeding**

   *Check one:*

   ☑ Foreign main proceeding
   ☐ Foreign nonmain proceeding
   ☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

   ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

   ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

   ☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

   _____
   _____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

   ☑ Yes

Debtor    PRINCE GLOBAL HOLDINGS LIMITED
          Name                                                    Case number (*if known*)_____

---

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

British Virgin Islands

**Debtor's registered office:**

Vistra Corporate Services Centre
Number       Street

Wickhams Cay II
P.O. Box

Road Town, Tortola
City          State/Province/Region    ZIP/Postal Code

British Virgin Islands, VG1110
Country

**Individual debtor's habitual residence:**

_____
Number       Street

_____
P.O. Box

_____
City          State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

10 Fleet Place
Number       Street

_____
P.O. Box

London, EC4M 7RB
City          State/Province/Region    ZIP/Postal Code

England, UK
Country

---

**10. Debtor's website** (URL)

_____

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

   ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ❑ Partnership

   ❑ Other.  Specify: _____

❑ Individual

---

Debtor    PRINCE GLOBAL HOLDINGS LIMITED
          Name
                                                          Case number (if known)_____

**12. Why is venue proper in *this district?***

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____        PAUL LEWIS PRETLOVE
   Signature of foreign representative           Printed name

Executed on    04/08/2026
               MM / DD / YYYY

✗ _____        _____
   Signature of foreign representative           Printed name

Executed on    _____
               MM / DD / YYYY

**14. Signature of attorney**

✗ _____        Date    04/08/2026
   Signature of Attorney for foreign representative           MM / DD / YYYY

Andrew G. Dietderich
Printed name
Sullivan & Cromwell LLP
Firm name
125 Broad St
Number        Street
New York                                 NY        10004
City                                     State     ZIP Code

(212) 558-4000                           dietdericha@sullcrom.com
Contact phone                            Email address

2850584                                  NY
Bar number                               State

**Case Number :BVIHCOM2026/0019**



**FILED**
HIGH COURT
**TERRITORY OF**
**THE VIRGIN ISLANDS**

**Submitted Date:13/01/2026 16:00**

**Filed Date:14/01/2026 08:30**

**Fees Paid:0.00**



**Case Number :BVIHCOM2026/0019**



FILED
HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS

IN THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

BRITISH VIRGIN ISLANDS

COMMERCIAL DIVISION

CLAIM NO BVIHC (COM) 2026/0019

**Submitted Date:12/01/2026 13:36**

**Filed Date:12/01/2026 13:36**

**Fees Paid:0.00**

BETWEEN:

IN THE MATTER OF PRINCE GLOBAL HOLDINGS LIMITED

AND IN THE MATTER OF THE INSOLVENCY ACT, 2003 OF THE LAWS OF THE VIRGIN ISLANDS.

THE ATTORNEY GENERAL

Applicant

-v-

PRINCE GLOBAL HOLDINGS LIMITED

Respondent

_____

ORDER APPLICATION FOR JOINT PROVISIONAL LIQUIDATORS

_____

BEFORE:    THE HONOURABLE JUSTICE ABBAS MITHANI

DATED:    THE 9th DAY OF JANUARY, 2026

ENTERED:    THE 12th DAY OF JANUARY, 2026

<u>PENAL NOTICE</u>

The effect of this Order is that the directors, former directors, office holders and former office holders of the Respondent, PRINCE GLOBAL HOLDINGS LIMITED ("the Company") are replaced by the joint provisional liquidators and that the directors, former directors, office holders and former office holders are prohibited from taking any action in relation to the Company's affairs without prior consent of the joint provisional liquidators.

If you, the directors, former directors, office holders and former office holders of the Company fail to comply with the terms of this order, proceedings may be commenced against you for contempt of court and you may be liable to be imprisoned, fined or have your assets seized.

**This order must be complied with by any person affected by it upon whom it is served. Any other person who knows of this order and does anything which helps or permits the directors, former directors, office holders and/or former office holders of the Company to breach its terms may also be held to be in contempt of Court and may be imprisoned, fined or have their assets seized.**

**UPON THE ORDINARY APPLICATION** filed by the Applicant on 5 January 2026 seeking the appointment of James Drury of Interpath (BVI) Limited, PO Box 4571, 4th Floor, LM Business Centre, Fish Lock Road, Road Town, Tortola, Virgin Islands, VG1110, Paul Pretlove and David Standish, both eligible overseas insolvency practitioner of Interpath Ltd, 10 Fleet Place, London EC4M 7RB, England as joint provisional liquidators of the Company pursuant to section 170 of the Insolvency Act 2003, ("**the Application**") coming on for hearing.

**AND UPON HEARING** Paul B. Dennis K.C. and with him Nadine Whyte Laing and Koya Ryan of O'Neal Webster for the Applicant.

**AND UPON** the Attorney General Dawn J. Smith being present.

**AND UPON** Mr. Paul Pretlove and Mr. James Drury, two of the proposed joint provisional liquidators being present.

**AND UPON READING** the Application, the originating application to appoint liquidators of the Company, the first affidavit of the Attorney General, the affidavit of Jeni-Lee Watson and the other documents on the Court file.

**AND UPON** the Application being heard ex parte.

**IT IS HEREBY ORDERED THAT:**

1. James Drury, Paul Pretlove and David Standish be appointed jointly and severally as provisional liquidators (the "**Joint Provisional Liquidators**") of the Company until further order.

2. The Joint Provisional Liquidators have the rights and powers of a liquidator to the extent necessary to maintain the value of the assets owned by the Company and to carry out the functions for which they are appointed.

3.  In addition to the powers outlined in 2 above, the Joint Provisional Liquidators shall have the following specific powers which may be exercised without further sanction or intervention of this Honourable Court:

a.  to gain entry to the Company's premises and take possession of and preserve the books and records of the Company;

b.  to identify any assets which may remain in the possession or control of the Company, and to take such steps as may be necessary to protect any such assets from removal or dissipation;

c.  to seek the recognition (or its equivalent) of the appointment of the Joint Provisional Liquidators in the United States, United Kingdom, Singapore, Hong Kong, Taiwan Thailand and Cambodia or elsewhere for the purposes of securing, realising and remitting assets to the control of the Joint Provisional Liquidators and for the purpose of obtaining access to and control of the records of the Company;

d.  to commence, continue, discontinue or defend, including by way of counterclaim or similar response, any action or other legal proceedings in the name and on behalf of the Company in so far as necessary to protect the assets and information of the Company including:

(i)  issuing proceedings against the directors, former directors, office holders and former office holders of the Company, if so advised.

(ii)  intervening (if so advised) in ongoing proceedings which involve the Company and/or its directors, former directors, office holders and/or its former office holders.

e.  to vote the shares of the Company in order to prevent the dissipation of its assets.

f.  to carry on the business of the Company so far as may be necessary for its beneficial provisional liquidation;

g.  to take all necessary steps to obtain from any person documents or copy documents which belong to the Company or have been created or maintained on its behalf or which the Company has a right to obtain or inspect.

h.  to appoint an agent including a solicitor, or accountant to do any business that the Joint Provisional Liquidators are unable to do themselves in discharge of their duties, or which can be more conveniently done by an agent;

i.    to investigate the affairs of the Company so far as necessary to protect and, if necessary, retrieve the assets and records of the Company;

j.    to retain, manage and operate the existing bank accounts of the Company including, without limitation, the power to change, remove and replace the signatories of these accounts and, where necessary, to open new bank accounts;

k.    The Joint Provisional Liquidators may draw down payments on account of their remuneration, expenses and disbursements from time to time at a rate of 80% of their time costs and 100% of their expenses and disbursements, subject to these being subsequently approved by the court, and in the event that such sums are not approved, the unapproved sums be repaid to the Company within 7 days;

l.    to apply to the Court for directions concerning any matter arising out of the exercise of the above powers; and

m.    to do all other things as may be incidental to the exercise of the above functions and powers.

n.    to consult and share information with the Applicant to facilitate effective cooperation in relation to potential and ongoing criminal investigations and prosecutions connected to the affairs of the Company.

o.    to cooperate and communicate with law enforcement and regulatory authorities in the Virgin Islands and in other jurisdictions.

4.    The Joint Provisional Liquidators are authorised and directed to implement the protocol for consultation and information sharing between them and the Applicant in the draft which is attached hereto ("the Protocol").

5.    Any disclosure of information by the Joint Provisional Liquidators to the Applicant made in good faith and in accordance with the Protocol shall be deemed authorised by the Court and shall not constitute a breach of duty, confidence, data protection obligations or contractual restrictions binding upon the Company.

6.    The Joint Provisional Liquidators shall not be required to disclose material subject to legal professional privilege or litigation privilege.

7.   The Joint Provisional Liquidators and the Applicant have liberty to apply on short notice for directions, variation or termination of the Protocol.

8.   The costs of the provisional liquidation, including the proper fees and disbursements of the Joint Provisional Liquidators and the Applicant's costs of complying with the Protocol be paid out of assets of the Company in priority to all other claims.

9.   The powers set out in paragraph 3 above are to the exclusion of any power exercised or purported to be exercised by any existing director of the Company in so far as such power concerns the affairs of the Company and its assets within the jurisdiction of the Virgin Islands.

10.  Save as provided in paragraph 3 above the Joint Provisional Liquidators may not exercise any of the powers set out at Schedule 2 to the Insolvency Act, 2003 without sanction of the court.

11.  Pursuant to section 174 of the Insolvency Act, 2003 alternatively pursuant to the inherent jurisdiction of the Court, all actions, suits or proceedings of any nature whatsoever against the Company be and are hereby restrained until further order of the Court.

12.  During the period of their appointment, any act required or authorized to be done by the Joint Provisional Liquidators may be done by any one or more of them.

13.  This order was made at a hearing without notice to the respondent.  There will be a further hearing in respect of the order on or before 29ᵗʰ January 2026 with a time estimate of 30 minutes, for directions only (**the Return Date**).

14.  The Joint Provisional Liquidators are to file and serve a report within one clear day before the Return Date summarising steps taken, any immediate concerns and recommended next steps.

15.  The Company is at liberty to apply to vary or discharge the order upon giving 72 hours' notice to the Applicant and the Joint Provisional Liquidators.

16.  The Joint Provisional Liquidators are at liberty to apply to vary or discharge the order if the allegations set out above are not substantiated or for some other reason upon giving 72 hours' notice to the Applicant and the Company.

17.    The Applicant is not required to give an undertaking in damages.

18.    The costs of this Application be costs in the provisional liquidation.

19.    The Joint Provisional Liquidators are not required to pay or provide security.

BY THE COURT



_____

REGISTRAR

**Protocol for Consultation and Information-Sharing Between the Liquidators and the Attorney General**

This Protocol is annexed to and forms part of the Order of the BVI Commercial Court (the **Court**) made on 9 January 2026 in Claim No. BVIHC (COM) 2026/0019 (**"the Order"**). Capitalised terms bear the meanings given in the Order unless the context otherwise requires.

### 1. Purpose and status

This Protocol sets out a consultative framework between the Liquidators and the Attorney General to facilitate effective cooperation in the public interest, including in relation to potential and ongoing regulatory or criminal investigations and prosecutions connected to the affairs of Prince Global Holdings Limited (**"the Company"**) For the avoidance of doubt, this Protocol is made pursuant to and with the approval of the Court, and disclosures made in good faith in accordance with this Protocol are deemed authorised by the Court.

### 2. Guiding principles

The Liquidators shall remain independent and act in the interests of the Company's creditors as a whole and the integrity of the winding up. The Attorney General's participation under this Protocol is consultative and does not fetter the Liquidators' statutory powers or duties, nor the Attorney General's independent functions. Both parties shall conduct themselves with candour, proportionality and respect for legal professional privilege, confidentiality, data protection and rule of law.

Nothing in this Protocol is intended to limit or restrict the ability of the Company's stakeholders to constitute a creditors' committee.

### 3. Definitions

- Attorney General means the Attorney General of the Virgin Islands and includes designated officers acting on the Attorney General's behalf for the purposes of this Protocol.
- The Company means Prince Global Holdings Limited which is the subject of the Order.
- Confidential Information means non-public information concerning the Company, the liquidation, related investigations, counterparties and assets, including personal data and material subject to confidentiality obligations owed by the Company or the Liquidators.

- Privileged Material means material subject to legal professional privilege or litigation privilege, or any analogous protection recognised by the Court.

### 4. Appointment and representation

The Attorney General shall constitute a consultative committee and may nominate up to three designated representatives for liaison with the Liquidators, with at least one senior contact identified (the **AGs Committee**). The Attorney General may change representatives on notice to the Liquidators.

The AGs Committee shall serve alongside any creditors' committee (if one is formed), and the Liquidators shall have equal regard to the views expressed by both the AGs Committee and the creditors' committee (if formed).

### 5. Consultation framework

5.1 Meetings. The Liquidators shall convene regular consultation meetings (in person or virtual) with the Attorney General not less than once per quarter, and ad hoc meetings as reasonably required. The Liquidators shall chair meetings and circulate a brief agenda in advance. These meetings may be consolidated with meetings of the creditors' committee (if one is formed).

5.2 Attendance. The Liquidators may invite professional advisers and members of the liquidation team. The Attorney General may invite relevant law enforcement or regulatory personnel, provided confidentiality undertakings are observed.

5.3 Minutes. The Liquidators shall keep concise minutes recording attendees, topics discussed and any agreed actions, subject to privilege and sensitivity redactions where appropriate.

### 6. Reporting

6.1 Periodic reports. The Liquidators shall provide to the Attorney General a confidential report not less than once per quarter covering, to the extent appropriate and not prejudicial to the estate:

- status of asset identification, recovery actions and investigations;
- key applications to the Court and outcomes;
- known factual matters relevant to potential criminal offences or regulatory breaches; and
- anticipated steps in the next period.

6.2 Urgent matters. The Liquidators shall promptly notify the Attorney General of matters reasonably judged to be urgent, including (but not limited to) risk of dissipation, destruction of records, or flight of suspects.

6.3 Templates. The Liquidators may adopt reporting templates and may omit details where disclosure would prejudice recoveries, negotiations, privilege, or legal processes.

### 7. Information requests by the Attorney General

7.1 Scope. The Attorney General may request access to documents, data and information reasonably required in relation to the Company or related persons or entities.

7.2 Process. Requests shall be made in writing, identifying the categories sought, the purpose, and any timing sensitivities. The Liquidators shall acknowledge within 3 business days and respond within a reasonable time, taking into account volume, complexity and competing duties.

7.3 Reasonableness and sequencing. The Liquidators may propose reasonable narrowing, staging or alternative formats, including summaries or redactions, to protect privilege, confidentiality, commercial sensitivity, or the integrity of civil recovery efforts.

7.4 Court supervision. If disagreement arises which cannot be resolved promptly, either party may seek directions from the Court on short notice.

### 8. Authorised disclosures and gateways

8.1 Court authorisation. Subject to sections 9–12, the Liquidators are authorised by the Court to disclose Confidential Information to the Attorney General for the limited purposes of regulatory or criminal investigation and prosecution, restraint, confiscation, forfeiture, mutual legal assistance, and related protective measures, and to receive Confidential Information from the Attorney General for liquidation purposes.

8.2 Statutory gateways. To the extent any statutory or regulatory gateway is required for disclosure or use of information, the parties shall cooperate to identify and use such gateways, including by seeking further directions or orders of the Court as needed.

8.3 No breach. Disclosures made in good faith under this Protocol shall not constitute a breach of duty, confidence, data protection laws, or contractual restrictions binding on the Company, and the Liquidators shall have the protection of the Court accordingly.

### 9. Privilege and confidentiality

9.1 Privilege preserved. The Liquidators shall not be required to disclose Privileged Material. Any inadvertent disclosure shall not constitute a waiver of privilege, and the Attorney General shall promptly return or delete such material and refrain from review or use upon notification.

9.2 Common interest. Where appropriate, and subject to legal advice, the parties may agree that certain exchanges are made on a common interest or joint interest basis to preserve privilege.

9.3 Use restrictions. The Attorney General shall maintain Confidential Information in confidence and use it solely for lawful law enforcement, regulatory and public interest purposes. Dissemination shall be limited to personnel with a need to know who are bound by equivalent confidentiality obligations.

9.4 Protective measures. Upon reasonable request, the Attorney General shall implement protective measures for sensitive materials, including secure handling protocols, restricted circulation, and, where appropriate, applications to seal or redact in criminal or regulatory proceedings to avoid prejudice to the estate.

### 10. Data protection and personal data

The parties shall process personal data lawfully, fairly and securely, with appropriate technical and organisational measures. Where cross-border transfers are contemplated, the parties shall cooperate to ensure a lawful transfer mechanism and, where necessary, seek the Court's directions.

### 11. Preservation and holds

The Liquidators shall implement and maintain appropriate document preservation measures in respect of the Company's records. The Attorney General shall notify the Liquidators of any preservation requirements arising from criminal investigations or proceedings, including anticipated requests or production deadlines, to allow timely compliance.

### 12. Coordination to avoid prejudice and duplication

The parties shall coordinate to minimise prejudice to the estate, civil recoveries and criminal processes, including by sequencing steps, agreeing standstills where appropriate, and consulting on timing of public filings or applications likely to have cross-impact. The Liquidators' primary duty to protect and realise assets shall be respected.

### 13. Public statements and confidentiality vis-à-vis third parties

Public statements about the Company, the liquidation or related investigations shall be coordinated to the extent practicable. The Liquidators may make statements required by law or the Court or necessary to protect assets or correct the market. The Attorney General may make statements required in the exercise of public functions, having regard to the Liquidators' requests to withhold sensitive details.

### 14. Costs and resourcing

The reasonable costs incurred by the Liquidators in complying with this Protocol, including costs of retrieval, review, redaction, secure transmission and liaison, are costs of the liquidation. Where requests impose material incremental burdens, the parties shall confer on pragmatic staging or cost-efficient approaches and, failing agreement, may seek the Court's directions.

### 15. Non-fetter and independence

Nothing in this Protocol fetters or derogates from the Liquidators' statutory powers and duties, or from the Attorney General's independent decision-making. The consultative role does not confer any power of direction over the Liquidators.

### 16. Conflicts and recusals

If a conflict of interest arises affecting any representative, that person shall recuse from relevant consultations. The parties shall notify each other of any material conflicts that could affect the integrity of cooperation, and may seek the Court's directions where necessary.

### 17. International cooperation

Where the Attorney General is engaged in mutual legal assistance, or cooperation with foreign authorities, the parties shall consult on scope and timing to ensure that disclosures and steps taken are consistent

with this Protocol and do not unduly prejudice the liquidation or foreign proceedings. The Attorney General shall take reasonable steps, where feasible, to secure protective handling by foreign authorities of any Confidential Information provided.

### 18. Records and audit trail

The Liquidators shall maintain a record of disclosures made to the Attorney General under this Protocol sufficient to evidence compliance, subject to privilege. The Attorney General shall, upon reasonable request, confirm receipt and any onward lawful use or disclosure to other agencies.

### 19. Duration, variation and termination

This Protocol takes effect upon the making of the Order and continues until the earlier of dissolution of the Company or further order of the Court. It may be varied by written agreement between the Liquidators and the Attorney General approved by the Court, or otherwise by order of the Court. The Court may suspend or terminate this Protocol upon application by either party.

### 20. Notices

Formal notices under this Protocol shall be in writing and sent to the designated contacts of each party as notified from time to time. Operational communications may be conducted by secure electronic means.

### 21. Dispute resolution and directions

Any dispute arising under or in connection with this Protocol shall, in the first instance, be addressed through consultation. Failing prompt resolution, either party may apply to the Court for directions on short notice.

### 22. Safe harbour

No act or omission of the Liquidators done in good faith and with reasonable care in reliance on this Protocol, or any directions of the Court, shall give rise to personal liability. The Liquidators shall be entitled to the usual indemnities out of the assets of the Company.

**Schedule 1 – Illustrative categories of information for disclosure**

A. Corporate records: constitutional documents, registers, organisational charts, officer and registered agent details.

B. Financial records: bank statements, ledgers, invoices, loan agreements, asset registers, related party transactions.

C. Communications: selected emails and messaging data from corporate systems relevant to suspected criminality.

D. Counterparty materials: KYC files, contracts, correspondence with intermediaries and fiduciaries.

E. Investigation work product: non-privileged factual memoranda, forensic accounting outputs, chain-of-custody logs.

F. Court materials: statements of affairs, affidavits, pleadings and orders (including sealed materials as authorised).

G. Asset tracing: non-privileged tracing schedules, dashboards, and summaries of restraints or recovery actions.

H. Preservation: litigation hold notices and repositories metadata (to the extent disclosure assists law enforcement).

Disclosure of any category remains subject to sections 9–12 of the Protocol.

**Schedule 2 – Template quarterly consultation report (confidential)**

1. Executive summary and key developments.

2. Asset position: discoveries, realisations, restraints and pending recovery actions.

3. Investigations: factual findings, cooperating witnesses, outstanding enquiries.

4. Legal proceedings: applications filed or contemplated; coordination with foreign courts.

5. Law enforcement interface: requests received/made; disclosures; pending deadlines.

6. Risks and mitigants: dissipation risks, data loss risks, reputational issues.

7. Next steps and proposed timetable; matters requiring Attorney General input.

8. Appendices: schedules of documents disclosed; privilege log (if applicable).

IN THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

BRITISH VIRGIN ISLANDS

COMMERCIAL DIVISION

CLAIM NO BVIHC (COM) 2026/0019

BETWEEN:

IN THE MATTER OF PRINCE GLOBAL HOLDINGS LIMITED

AND IN THE MATTER OF THE INSOLVENCY ACT, 2003 OF

THE LAWS OF THE VIRGIN ISLANDS.

THE ATTORNEY GENERAL

**Applicant**

-v-

PRINCE GLOBAL HOLDINGS LIMITED

**Respondent**

---

**ORDER ON APPLICATION FOR
JOINT PROVISIONAL LIQUIDATORS**

---



O'Neal
Webster

Legal Practitioners for the Applicant
2nd Floor Commerce House
181 Main Street
P.O. Box 961, Road Town, Tortola
British Virgin Islands VG 1110
Tel: (284) 393 5800 l Fax: (284) 393 5805
www.onealwebster.com

Andrew G. Dietderich
Sharon Cohen Levin
Christopher J. Dunne
Jacob M. Croke
Alexa J. Kranzley
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Counsel to the Authorized Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 26-(_____) (__)<br><br>(Joint Administration Requested) |

**DISCLOSURES REQUIRED BY SECTION 1515 OF THE BANKRUPTCY CODE AND RULE 1007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Paul Pretlove, in his capacity as a duly authorized foreign representative (together with the other duly authorized foreign representatives, the "Authorized Foreign Representatives") of Prince Global Holdings Limited and its affiliated debtors (collectively, the "Debtors"), hereby submits this disclosure pursuant to section 1515 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") and rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and respectfully sets forth as follows:

---

[1]     The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110.  A complete list of the Debtors and their company numbers is attached as Exhibit A.

**A.** **Names and Addresses of All Parties or Bodies that are Authorized to Administer the Debtors' Foreign Proceedings**

1. The Debtors are the subject of insolvency proceedings as part of a public interest liquidation (the "BVI Proceeding") currently pending in the Eastern Caribbean Supreme Court in the British Virgin Islands High Court of Justice (Commercial Division) (the "BVI Court"). On January 9, 2026, the BVI Court appointed Paul Pretlove, David Standish and James Drury as joint provisional liquidators of the Debtors pursuant to section 170 of the BVI Insolvency Act, 2003 of the laws of the British Virgin Islands (the "BVI"). The Authorized Foreign Representatives' mailing address is c/o Interpath (BVI) Limited, LM Business Centre, 4th Floor, Fish Lock Road, Road Town, Tortola, British Virgin Islands.

**B.** **All Entities Against Whom Provisional Relief is Sought Under Section 1519 of the Bankruptcy Code**

2. The Authorized Foreign Representatives are seeking provisional relief under section 1519 of the Bankruptcy Code against all creditors and all equityholders.

**C.** **All Parties to Litigation that Is Pending in the United States, in which the Debtors are a Party at the Time of the Filing of the Petition**

3. To the best of my knowledge, information and belief, there is no litigation pending in the United States to which the Debtors are a party as of the date hereof.

**D.** **Statement Under Section 1515(c) of the Bankruptcy Code**

4. To the best of my knowledge, the BVI Proceeding is the only foreign proceeding to which the Debtors are subject.

**E.** **28 U.S.C. § 1746**

5. I declare, under penalty of perjury, that the information set forth above is based on my current knowledge, information and belief after reasonable inquiry and, in contemplation of and subject to supplementation, true and correct.

2

Dated: April 8, 2026
       London, UK

Paul Pretlove
Joint Provisional Liquidator and Authorized
Foreign Representative of the Debtors

**Exhibit A**

**List of Debtors**

| No. | Debtor Name | Company Number |
|---|---|---|
| 1. | Amber Hill Ventures Limited | 1965875 |
| 2. | Auspicious Tycoon Limited | 1984330 |
| 3. | Bright Team Global Limited | 1984336 |
| 4. | Delightful Thrive Limited | 1992053 |
| 5. | Even Sincerity Limited | 1970592 |
| 6. | Fulam Investment Limited | 1542112 |
| 7. | Giant Victory Holdings Limited | 1930566 |
| 8. | Golden Ascend International Limited | 1976645 |
| 9. | Harmonic State Limited | 2030628 |
| 10. | Jumbo High Limited | 1984889 |
| 11. | Lateral Bridge Global Limited | 2030656 |
| 12. | Luminous Glow Limited | 1992019 |
| 13. | Mighty Divine Limited | 1961510 |
| 14. | Noble Title Limited | 1925678 |
| 15. | Oriental Charm Holdings Investment Limited | 1977528 |
| 16. | Pacific Charm Holdings Investment Limited | 1977603 |
| 17. | Praise Marble Limited | 1903478 |
| 18. | Prince Global Group Limited | 1988522 |
| 19. | Prince Global Holdings Limited | 1988528 |
| 20. | Respectful Steed Limited | 1971898 |
| 21. | Retain Prosper Limited | 2022874 |
| 22. | Robust Harmony Limited | 1971181 |
| 23. | Simply Advanced Limited | 2035067 |
| 24. | Southern Heritage Limited | 2035209 |

| No. | Debtor Name | Company Number |
|-----|-------------|----------------|
| 25. | Star Merit Global Limited | 1984550 |
| 26. | Starry Bloom Limited | 2035066 |
| 27. | Sure Tycoon Limited | 2030676 |
| 28. | Sword River Limited | 1971899 |
| 29. | Towards Sunshine Limited | 1970125 |
| 30. | United Riches Global Limited | 1984537 |

Andrew G. Dietderich
Sharon Cohen Levin
Christopher J. Dunne
Jacob M. Croke
Alexa J. Kranzley
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Counsel to the Authorized Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 26-(\_\_\_\_\_) (\_\_)<br><br>(Joint Administration Requested) |

### CORPORATE OWNERSHIP STATEMENT PURSUANT TO BANKRUPTCY RULES 1007(a)(4)(A) AND 7007.1

1.    I, Mr. Paul Pretlove, in my capacity as a duly authorized joint provisional liquidator and foreign representative of Prince Global Holdings Limited and its affiliated debtors (collectively, the "Debtors"), hereby submit the corporate ownership information required by rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure.

2.    After conducting a good-faith inquiry based on the currently available books and records of the Debtors, I am aware of the following corporations, other than

---

[1]    The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110.  A complete list of the Debtors and their company numbers is attached as Exhibit A.

governmental units, that directly or indirectly own ten percent (10%) or more of any class of the

Debtors' equity interests and I have not received any notification otherwise that would lead me

to believe that the same is not true as of the date hereof:

i.      100% of Debtor Even Sincerity Limited's equity interests are owned by non-Debtor Prince Group Holdings Limited.  100% of non-Debtor Prince Group Holdings Limited's equity interests are owned by Debtor Prince Global Group Limited.

ii.     100% of Debtor Respectful Steed Limited's equity interests are owned by non-Debtor Prince Group Holdings Limited.  100% of non-Debtor Prince Group Holdings Limited's equity interests are owned by Debtor Prince Global Group Limited.

iii.    100% of Debtor Sword River Limited's equity interests are owned by non-Debtor Prince Group Holdings Limited.  100% of non-Debtor Prince Group Holdings Limited's equity interests are owned by Debtor Prince Global Group Limited.

iv.     100% of Debtor Robust Harmony Limited's equity interests are owned by non-Debtor Prince Group Holdings Limited.  100% of non-Debtor Prince Group Holdings Limited's equity interests are owned by Debtor Prince Global Group Limited.

v.      100% of Towards Sunshine Limited's equity interests are owned by non-Debtor Prince Group Holdings Limited.  100% of non-Debtor Prince Group Holdings Limited's equity interests are owned by Debtor Prince Global Group Limited.

vi.     100% of Debtor Fulam Investment Limited's equity interests are owned by non-Debtor Ample Luck Investment Limited.

vii.    100% of Debtor Giant Victory Holdings Limited's equity interests are owned by non-Debtor Deluxe Heaven Limited.

viii.   30% of Debtor Jumbo High Limited's equity interests are owned by Debtor Delightful Thrive Limited.

ix.     100% of Debtor Noble Title Limited's equity interests are owned by Debtor Retain Prosper Limited.

x.      100% of Debtor Praise Marble Limited's equity interests are owned by non-Debtor Geotech Holdings Limited.  54.8% of non-Debtor Geotech

2

Holdings Limited's equity interests are owned by Debtor Star Merit
Global Limited.

IN WITNESS WHEREOF, I have executed this corporate ownership statement under penalty of perjury this 8th day of April, 2026.

Dated: April 8, 2026
      London, UK

Paul Pretlove
Joint Provisional Liquidator and Authorized
Foreign Representative of the Debtors

**<u>Exhibit A</u>**

**List of Debtors**

| No. | Debtor Name | Company Number |
|---|---|---|
| 1. | Amber Hill Ventures Limited | 1965875 |
| 2. | Auspicious Tycoon Limited | 1984330 |
| 3. | Bright Team Global Limited | 1984336 |
| 4. | Delightful Thrive Limited | 1992053 |
| 5. | Even Sincerity Limited | 1970592 |
| 6. | Fulam Investment Limited | 1542112 |
| 7. | Giant Victory Holdings Limited | 1930566 |
| 8. | Golden Ascend International Limited | 1976645 |
| 9. | Harmonic State Limited | 2030628 |
| 10. | Jumbo High Limited | 1984889 |
| 11. | Lateral Bridge Global Limited | 2030656 |
| 12. | Luminous Glow Limited | 1992019 |
| 13. | Mighty Divine Limited | 1961510 |
| 14. | Noble Title Limited | 1925678 |
| 15. | Oriental Charm Holdings Investment Limited | 1977528 |
| 16. | Pacific Charm Holdings Investment Limited | 1977603 |
| 17. | Praise Marble Limited | 1903478 |
| 18. | Prince Global Group Limited | 1988522 |
| 19. | Prince Global Holdings Limited | 1988528 |
| 20. | Respectful Steed Limited | 1971898 |
| 21. | Retain Prosper Limited | 2022874 |
| 22. | Robust Harmony Limited | 1971181 |
| 23. | Simply Advanced Limited | 2035067 |
| 24. | Southern Heritage Limited | 2035209 |

| No. | Debtor Name | Company Number |
|-----|-------------|----------------|
| 25. | Star Merit Global Limited | 1984550 |
| 26. | Starry Bloom Limited | 2035066 |
| 27. | Sure Tycoon Limited | 2030676 |
| 28. | Sword River Limited | 1971899 |
| 29. | Towards Sunshine Limited | 1970125 |
| 30. | United Riches Global Limited | 1984537 |