## EXHIBIT B

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 26-(_____) (__)<br><br>(Joint Administration Requested) |

**ORDER GRANTING**
**RECOGNITION OF FOREIGN MAIN PROCEEDINGS AND RELATED RELIEF**

Upon consideration of the Verified Petition[2] of the Authorized Foreign Representatives for

the Debtors requesting entry of an order (this "Order") (i) recognizing the BVI Proceedings as

"foreign main proceedings" under section 1517(b)(1) of the Bankruptcy Code; (ii) recognizing

each of the Authorized Foreign Representatives as "foreign representatives," as such term is

defined in section 101(24) of the Bankruptcy Code, in respect of the BVI Proceedings; and

(iii) granting certain related relief; and this Court having found that it has jurisdiction to consider

the Verified Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and

the *Amended Standing Order of Reference* M-431 of the U.S. District Court for the Southern

District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the Verified

Petition and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(P); and venue of this proceeding being proper before this Court pursuant to 28 U.S.C.

§ 1410(1); and this Court having found that proper and adequate notice of the Verified Petition

---

[1]    The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110.  A complete list of the Debtors and their company numbers is attached as Exhibit A to the Verified Petition.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and this Court having determined that the relief requested in the Verified Petition is in the best interests of the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND CONCLUDES THAT**:

1. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. Each of the Debtors has property located in the United States, and, therefore, each of the Debtors is "eligible" to be a debtor in these Chapter 15 Cases pursuant to sections 109 and 1501 of the Bankruptcy Code.

3. These Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1509 of the Bankruptcy Code.

4. The Verified Petition satisfies the requirements of section 1515 of the Bankruptcy Code.

5. The official form petitions of each of the Debtors satisfy Bankruptcy Rules 1007(a)(4) and 2002.

6. The BVI Proceedings are "foreign proceedings" as such term is defined in section 101(23) of the Bankruptcy Code.

7. The BVI Proceedings are pending in the BVI, which is the jurisdiction in which each Debtor has its "center of main interests" within the meaning of such term in section

1517(b)(1) of the Bankruptcy Code. As such, the BVI Proceedings are "foreign main proceedings" pursuant to section 1502(4) of the Bankruptcy Code, which are thereby entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code and to all relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code.

8.      The Authorized Foreign Representatives are "persons" as such term is defined in section 101(41) of the Bankruptcy Code, and they are the duly appointed "foreign representatives" of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

9.      The relief granted in this Order is necessary and appropriate to protect the Debtors and the interests of their creditors and other parties-in-interest, consistent with the principles of comity, consistent with the purposes and objectives of chapter 15 of the Bankruptcy Code, not inconsistent with the public policy of the United States and warranted pursuant to sections 105(a), 362, 1504, 1507, 1509, 1515, 1517, 1519, 1520 and 1521 of the Bankruptcy Code. The relief granted in this Order will not cause any hardship or inconvenience to any party-in-interest that is not outweighed by the benefits of granting the requested relief to the Authorized Foreign Representatives, the Debtors, their creditors and other parties-in-interest.

10.     The principles of comity support recognition of the BVI Orders appointing the Authorized Foreign Representatives as joint provisional liquidators pursuant to section 170 of the BVI Insolvency Act, as well as the enforcement by this Court of the BVI Orders within the territorial jurisdiction of the United States.

11.     The Authorized Foreign Representatives have demonstrated that the relief requested with respect to entrustment of the Debtors' assets under section 1521(a)(5) of the Bankruptcy Code is necessary and appropriate, consistent with the principles of comity, consistent with the purposes and objectives of chapter 15 of the Bankruptcy Code, not inconsistent with the

public policy of the United States and warranted pursuant to section 1521(a)(5) of the Bankruptcy Code.

12.    All creditors and other parties-in-interest, including the Debtors, are sufficiently protected in the relief granted in this Order as required under section 1522(a) of the Bankruptcy Code.

**IT IS HEREBY ORDERED THAT**:

13.    The Verified Petition and the relief requested are GRANTED as set forth herein, and any objections or responses thereto that have not been withdrawn or resolved are overruled with prejudice.

14.    The BVI Proceedings are granted recognition as "foreign proceedings" as such term is defined in section 101(23) of the Bankruptcy Code and pursuant to section 1517(a) of the Bankruptcy Code.

15.    The BVI Proceedings are granted recognition as "foreign main proceedings" as such term is defined in section 1502(4) of the Bankruptcy Code and pursuant to section 1517(b)(1) of the Bankruptcy Code.

16.    Throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court, all relief and protection afforded to a foreign main proceeding under section 1520 of the Bankruptcy Code is hereby granted to the BVI Proceedings, the Debtors, and the Debtors' property located in the United States, as applicable, including, without limitation, the application of the automatic stay under section 362 of the Bankruptcy Code to the Debtors and their property located in the territorial jurisdiction of the United States.

17.    The Authorized Foreign Representatives are recognized as "foreign representatives," as such term is defined in section 101(24) of the Bankruptcy Code, in respect of

the BVI Proceedings. The Authorized Foreign Representatives are authorized to act on behalf of the Debtors in these Chapter 15 Cases.

18. Each Foreign Representative is entrusted with the administration or realization of all of the Debtors' property within the territorial jurisdiction of the United States as set forth in section 1521(a)(5) of the Bankruptcy Code.

19. The BVI Proceedings, the BVI Orders and any other orders entered by the BVI Court in the BVI Proceedings as of the date of this Order shall be and hereby are granted comity and given full force and effect in the United States.

20. This Order is without prejudice to the Authorized Foreign Representatives requesting any additional relief in these Chapter 15 Cases, including seeking recognition and enforcement in the United States of any further orders issued by the BVI Court.

21. No action taken by the Authorized Foreign Representatives, the Debtors or their respective successors, agents, representatives, advisors or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the BVI Proceedings, the documents contemplated thereunder, this Order, these Chapter 15 Cases, any further order for additional relief in these Chapter 15 Cases or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the immunity afforded such persons under sections 306 or 1510 of the Bankruptcy Code.

22. The Authorized Foreign Representatives, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules, the Local Rules or the orders of this Court.

23. The Authorized Foreign Representatives are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

24.    No party shall incur any liability for following the terms of this Order, whether by acting or refraining from acting, except in the case of the party's own gross negligence or willful misconduct.

25.    Notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules to the contrary, including, without limitation, Bankruptcy Rules 1018, 7062 and 9014, (a) this Order shall be effective immediately and enforceable upon its entry, (b) the Authorized Foreign Representatives are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (c) this Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

26.    This Court shall retain jurisdiction with respect to the implementation, enforcement, amendment and modification of this Order.

Dated:    _____
      New York, New York

_____
The Honorable _____
United States Bankruptcy Judge