## EXHIBIT B

**Proposed Order for Emergency Relief**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 15 |
| PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1] | Case No. 26-10769 (MG) |
| Debtors in Foreign Proceedings. | (Joint Administration Requested) |

**TEMPORARY RESTRAINING ORDER AND**
**ORDER SHORTENING NOTICE OF MOTION SEEKING PROVISIONAL RELIEF**

Upon consideration of the emergency motion (the "Motion")[2] of the Authorized

Foreign Representatives for the Debtors requesting entry of an order (this "Order") staying all

entities from taking any and all action against, or with respect to, the Debtors and their property

within the territorial jurisdiction of the United States to the full extent provided in section 362 of

the Bankruptcy Code; and this Court having found that it has jurisdiction to consider the Verified

Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* M-431 of the U.S. District Court for the Southern District of New

York, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of this

proceeding being proper before this Court pursuant to 28 U.S.C. § 1410(1); and it appearing that

no notice of the Motion with respect to its request for the relief sought and granted in this Order

need be provided under the present urgent circumstances; and it appearing that the relief

---

[1]    The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110.  A complete list of the Debtors and their company numbers is attached as Exhibit A to the Motion.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

requested in the Motion is in the best interests of the Debtors; and after due deliberation and
sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

1.      The findings and conclusions set forth herein constitute this Court's findings of
fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this
proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of
fact constitute conclusions of law, they are adopted as such.  To the extent any of the following
conclusions of law constitute findings of fact, they are adopted as such.

2.      The Authorized Foreign Representatives have demonstrated a likelihood that the
BVI Proceeding will be recognized as a foreign main proceeding pursuant to sections 1502(4)
and 1517(b)(1) of the Bankruptcy Code.

3.      The Authorized Foreign Representatives have demonstrated that, in the absence
of the requested relief, the Authorized Foreign Representatives, the Debtors, their creditors, and
other parties-in-interest will suffer immediate and irreparable harm for which they will have no
adequate remedy at law, and therefore it is necessary that the Court grant the relief requested
without prior notice to parties-in-interest or their counsel.

4.      The Authorized Foreign Representatives have demonstrated that the requested
relief granted in this Order is urgently needed to protect the Debtors' assets and the interests of
creditors and other parties-in-interest pending determination of the Verified Petition for
recognition, and will neither cause an undue hardship nor create any hardship to creditors or
parties-in-interest that is not outweighed by the benefits of this Order to the Debtors' creditors
and other parties-in-interest.

5.      The interest of the public will be served by the Court's granting of the requested

relief.

6.      The interests of creditors and other parties-in-interest, including the Debtors, with respect to the relief granted hereby are sufficiently protected for purposes of section 1522(a) of the Bankruptcy Code.

7.      The requested relief is in the best interests of the Debtors, their creditors, and other parties-in-interest.

**IT IS HEREBY ORDERED THAT:**

8.      The Court hereby issues a temporary restraining order on the same terms as the automatic stay pursuant to section 362 of the Bankruptcy Code with respect to the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States.  For the avoidance of doubt and without limiting the foregoing, such temporary restraining order enjoins all persons and entities, including, without limitation, and solely within the territorial jurisdiction of the United States, from:

(a)      the commencement or continuation—including the issuance or employment of process—of any judicial, administrative, or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof, or to exercise any control over the Debtors' assets located in the United States except as authorized by the Authorized Foreign Representatives in writing;

(b)      the creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against the Debtors' property in the United States, or the transfer, encumbrance, or disposal of or interference with the Debtors' assets in the United States without the express written consent of the Authorized Foreign Representatives;

(c)      any act to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases;

(d)      the setoff of any debt owing to any the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases against the Debtors;

(e)     the transfer, encumbrance, relinquishment or disposal of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) without the express consent of the Authorized Foreign Representatives; and

(f)     any act to transfer, dilute, encumber, or otherwise impair or interfere with the Debtors' direct or indirect equity interests in any subsidiary or affiliate, or to exercise or purport to exercise any governance rights with respect to any such subsidiary or affiliate, without the express written consent of the Authorized Foreign Representatives.

9.     All rights and remedies of any person or entity, including, without limitation, any creditor and its affiliates, whether judicial or extrajudicial, statutory or non-statutory, against or in respect of the Debtors or the Authorized Foreign Representatives or affecting the Debtors' property within the territorial jurisdiction of the United States, are hereby stayed and suspended, except with the written consent of the Debtors and the Authorized Foreign Representatives, or leave of this Court; *provided* that nothing in this Order shall stay, enjoin, or otherwise limit (i) any action or proceeding by a governmental unit (as defined in section 101(27) of the Bankruptcy Code) to enforce its police or regulatory power, including the maintenance of the Debtors and other designated persons on the Specially Designated Nationals and Blocked Persons List (the "SDN List"), any administrative action by OFAC, and any other regulatory action by any agency of the United States government, (ii) the EDNY Forfeiture Action or any action by the DOJ, (iii) the criminal prosecution of Chen Zhi pursuant to the Indictment, or any related criminal investigation or proceeding with respect to Chen Zhi, the Prince Group, or affiliates of the Prince Group, or (iv) any other action or proceeding exempt from the automatic stay under section 362(b) of the Bankruptcy Code.  The governmental unit exception set forth in section 362(b)(4) of the Bankruptcy Code applies in full to this Order.

10.     The security provisions of rule 65(c) of the Federal Rules of Civil Procedure and

Bankruptcy Rule 7065 are inapplicable to the relief sought and granted in this Order and are waived.

11.     This Order is without prejudice to the rights of the Authorized Foreign Representatives to seek additional relief under applicable provisions of the Bankruptcy Code, including, without limitation, section 1519 of the Bankruptcy Code.   This Order is without prejudice to the right of any party-in-interest to seek relief from this Order in this Court upon due and sufficient notice to the Authorized Foreign Representatives and to the Debtors.

12.     Responses or objections to the relief requested in the Motion with respect to the Provisional Relief Order must be made pursuant to the Bankruptcy Code, the Local Rules of this Court, and the Bankruptcy Rules, including, without limitation, Bankruptcy Rule 1011, in writing and setting forth the basis therefor.   Such responses must be filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, with a copy delivered to the Court's chambers, and served upon (a) the Authorized Foreign Representatives' counsel, Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004 (Attn.: Andrew G. Dietderich, Sharon Cohen Levin, Christopher J. Dunne, Jacob M. Croke and Alexa J. Kranzley); and (b) the United States Trustee for the Southern District of New York, One Bowling Green, Room 534, New York, New York 10004, Attn: Shara Cornell (Shara.Cornell@usdoj.gov), so as to be actually received by **4:00 p.m. (prevailing Eastern Time)** on **April [·], 2026**.

13.     All parties-in-interest wishing to be heard with respect to the relief sought in the Motion with respect to the Provisional Relief Order shall come before the Honorable [·], United States Bankruptcy Judge, at **[·]** on **[·], 2026**, at Courtroom No. [·], United States Bankruptcy Court, One Bowling Green, New York, New York 10004.

14.     Notice of the entry of this Order and the supporting documents will be provided to (a) the Debtors; (b) the United States Trustee for the Southern District of New York; (c) the United States Attorney for the Southern District of New York; (d) the United States Attorney for the Eastern District of New York; (e) the United States Department of the Treasury's Office of Foreign Assets Control; (f) the United States Department of Justice; (g) the United States Department of the Treasury's Financial Crimes Enforcement Network; (h) all parties that have filed a notice of appearance in these Chapter 15 Cases within three (3) business days of the filing of such notice of appearance; and (i) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Authorized Foreign Representatives are aware.

15.     The Authorized Foreign Representatives, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules, the Local Rules or the orders of this Court.

16.     The Authorized Foreign Representatives are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

18.     This Court shall retain jurisdiction with respect to the implementation, enforcement, amendment and modification of this Order.


Dated: _____                    _____
        New York, New York                          Chief Judge Martin Glenn
                                                     United States Bankruptcy Judge