**<u>EXHIBIT C</u>**

**Proposed Order for Provisional Relief**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]

    Debtors in Foreign Proceedings.

Chapter 15

Case No. 26-10769 (MG)

(Joint Administration Requested)

## ORDER GRANTING PROVISIONAL RELIEF

Upon consideration of the emergency motion (the "Motion")[2] filed by the duly

Authorized Foreign Representatives, seeking entry of an order (this "Order") granting

provisional relief:

a.     entrusting full and sole authority of the administration and realization of the Debtors' assets located in the United States to the Authorized Foreign Representatives;

b.     applying section 362 of the Bankruptcy Code with respect to the Debtors and their property located within the territorial jurisdiction of the United States, pursuant to sections 1519(a)(1) and 1521(a)(7) of the Bankruptcy Code;

c.     prohibiting any person or non-governmental entity (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Authorized Foreign Representatives, from commencing or continuing any act or legal proceeding to seize, attach, garnish, confiscate, or transfer title to any assets of the Debtors or any of their subsidiaries and affiliates;

d.     authorizing the Authorized Foreign Representatives, pursuant to sections 1519(a)(3) and 1521(a)(4) of the Bankruptcy Code and Bankruptcy Rule 2004, to issue subpoenas for the production of documents and testimony to any persons or entities that the Authorized Foreign Representatives reasonably

---

[1]     The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110.  A complete list of the Debtors and their company numbers is attached as Exhibit A to the Motion.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

determine may have information relevant to the Debtors, their affairs, or their assets;

e.  authorizing the Authorized Foreign Representatives to take possession and to seek turnover of any and all documents, records, filings, or other information, however stored, that belongs to the Debtors and that is found within the territorial jurisdiction of the United States;

f.  granting the Authorized Foreign Representatives the rights and protections to which they are entitled under chapter 15 of the Bankruptcy Code, including the protections limiting the jurisdiction of United States courts over the Authorized Foreign Representatives in accordance with section 1510 of the Bankruptcy Code;

g.  notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, ruling that (i) the Provisional Relief Order shall be effective immediately and enforceable upon entry and the 14-day stay of effectiveness of the Provisional Relief Order is waived, (ii) the Authorized Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in the Provisional Relief Order, and (iii) the Authorized Foreign Representatives are authorized and empowered, and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the Provisional Relief Order; and

h.  granting related relief;

and this Court having considered (a) the Motion, (b) the Petitions, (c) the Declarations, and (d) the evidence presented at the hearing before this Court on [•], 2026 (the "Hearing"); and this Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* M-431 of the U.S. District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue of this proceeding being proper before this Court pursuant to 28 U.S.C. § 1410(1); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and it

appearing that the relief requested in the Motion is in the best interests of the Debtors; and after
due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

1.      The findings and conclusions set forth herein constitute this Court's findings of
fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this
proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of
fact constitute conclusions of law, they are adopted as such.  To the extent any of the following
conclusions of law constitute findings of fact, they are adopted as such.

2.      The Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509,
and 1515 of the Bankruptcy Code.

3.      The BVI Proceeding is pending in the BVI, and the Authorized Foreign
Representatives have been authorized to act as foreign representatives of the Debtors.

4.      The Court concludes that the Authorized Foreign Representatives have
demonstrated a likelihood of success on the merits of the Petition.

5.      The relief sought by the Authorized Foreign Representatives in the Motion is
authorized under section 1519 of the Bankruptcy Code, and the Authorized Foreign
Representatives have demonstrated that irreparable harm to the Debtors may occur in the
absence of the relief sought in the Motion.

6.      The Authorized Foreign Representatives have demonstrated that the requested
relief granted in this Order is urgently needed to protect the Debtors' assets and the interests of
creditors and other parties-in-interest pending determination of the Verified Petition for
recognition, and will neither cause an undue hardship nor create any hardship to creditors or
parties-in-interest that is not outweighed by the benefits of this Order to the Debtors' creditors

and other parties-in-interest.

7.      The interest of the public will be served by the Court's granting of the requested relief.

8.      The interests of creditors and other parties-in-interest, including the Debtors, with respect to the relief granted hereby are sufficiently protected for purposes of section 1522(a) of the Bankruptcy Code.

9.      The requested relief is in the best interests of the Debtors, their creditors, and other parties-in-interest.

10.     The discovery authorized hereby is necessary and appropriate and authorized under sections 1519 and 1521(a)(4) of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

11.     The Authorized Foreign Representatives shall be entrusted with the administration and realization of the Debtors' affairs and assets located in the United States and are established as the exclusive authority to administer the Debtors' assets and affairs in the United States during the period beginning with the entry of this Order and continuing until such time as this Court enters an order with respect to the Petition (the "Provisional Period").

12.     All rights and remedies of any person or entity, including, without limitation, any creditor and its affiliates, whether judicial or extrajudicial, statutory or non-statutory, against or in respect of the Debtors or the Authorized Foreign Representatives or affecting the Debtors' property within the territorial jurisdiction of the United States are hereby stayed and suspended except with the written consent of the Debtors and the Authorized Foreign Representatives, or leave of this Court; *provided* that nothing in this Order shall stay, enjoin, or otherwise limit (i)

any action or proceeding by a governmental unit (as defined in section 101(27) of the Bankruptcy Code) to enforce its police or regulatory power, including the maintenance of the Debtors and other designated persons on the Specially Designated Nationals and Blocked Persons List (the "SDN List"), any administrative action by OFAC, and any other regulatory action by any agency of the United States government, (ii) the EDNY Forfeiture Action, or any action by the DOJ in connection therewith or related thereto, (iii) the criminal prosecution of Chen Zhi pursuant to the Indictment, or any related criminal investigation or proceeding with respect to Chen Zhi, the Prince Group, or affiliates of the Prince Group, or (iv) any other action or proceeding exempt from the automatic stay under section 362(b) of the Bankruptcy Code. The governmental unit exception set forth in section 362(b)(4) of the Bankruptcy Code applies in full to this Order.

13.     The security provisions of rule 65(c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7065 are inapplicable to the relief sought and granted in this Order and are waived.

14.     This Order is without prejudice to the rights of the Authorized Foreign Representatives to seek additional relief under applicable provisions of the Bankruptcy Code, including, without limitation, section 1519 of the Bankruptcy Code.  This Order is without prejudice to the right of any party-in-interest to seek relief from this Order in this Court upon due and sufficient notice to the Authorized Foreign Representatives and to the Debtors.

15.     Notice of the entry of this Order and the supporting documents will be provided to (a) the Debtors; (b) the United States Trustee for the Southern District of New York; (c) the United States Attorney for the Southern District of New York; (d) the United States Attorney for the Eastern District of New York; (e) the United States Department of the Treasury's Office of

Foreign Assets Control; (f) the United States Department of Justice; (g) the United States Department of the Treasury's Financial Crimes Enforcement Network; (h) all parties that have filed a notice of appearance in these Chapter 15 Cases within three (3) business days of the filing of such notice of appearance; and (i) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Authorized Foreign Representatives are aware.

16. The Authorized Foreign Representatives are authorized to issue subpoenas for the production of documents and testimony to any persons or entities that the Authorized Foreign Representatives reasonably determine may have information relevant to the Debtors, their affairs, or their assets.

17. Any subpoenas served pursuant to this Order shall be without prejudice to the recipient's rights to object in accordance with applicable law and procedural rules.

18. Each subpoena recipient shall comply with the subpoenas not later than fourteen (14) days after the service of subpoena and a copy of this Order.

19. Any disputes concerning the subpoenas that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five (5) pages, single spaced. Parties-in-interest may file a responsive letter brief within three (3) business days, which shall not exceed five (5) pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers.

20. The Authorized Foreign Representatives, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules, the Local Rules or the orders of this Court.

21. The Authorized Foreign Representatives are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

22.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

23.    This Court shall retain jurisdiction with respect to the implementation, enforcement, amendment and modification of this Order.

Dated: _____          _____
        New York, New York                    Chief Judge Martin Glenn
                                              United States Bankruptcy Judge