# EXHIBIT 9

# BVI Applications to Discharge

**Case Number :BVIHCOM2026/0002**



Form R14B

**Submitted Date:01/03/2026 14:23**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application
(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0002** |
| **Applicant:** | **AUSPICIOUS TYCOON LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **AUSPICIOUS TYCOON LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the     day of                  2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1.  Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2.  The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

IN THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

VIRGIN ISLANDS COMMERCIAL DIVISION


CLAIM No: BVIHC (COM) 2026/0002


B E T W E E N:


**ATTORNEY GENERAL**

**Applicant / Respondent**


**-and-**


**AUSPICIOUS TYCOON LIMITED**

**Respondent / Applicant**

_____


**Ordinary Application**

_____


Campbells

Floor 4, Banco Popular Building

Road Town

Tortola VG1110

British Virgin Islands

Tel: (284) 494 2423

Ref: SDA/MCH/KCH/20785-45687

**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0001**



**FILED**
**HIGH COURT**
TERRITORY OF
THE VIRGIN ISLANDS

Form R14B

**Submitted Date:01/03/2026 14:49**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application
(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0001** |
| **Applicant:** | **BRIGHT TEAM GLOBAL LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **BRIGHT TEAM GLOBAL LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| |
| **This application will be heard by the Judge on the      day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0001**

**B E T W E E N:**

**ATTORNEY GENERAL**
**Applicant / Respondent**

**-and-**

**BRIGHT TEAM GLOBAL LIMITED**
**Respondent / Applicant**
_____

**Ordinary Application**
_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0004**



**FILED**
**HIGH COURT**
**TERRITORY OF**
**THE VIRGIN ISLANDS**

Form R14B

**Submitted Date:01/03/2026 14:57**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0004** |
| **Applicant:** | **DELIGHTFUL THRIVE LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **DELIGHTFUL THRIVE LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| |
| **This application will be heard by the Judge on the     day of                 2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0004**

**B E T W E E N:**

**ATTORNEY GENERAL**
<u>**Applicant / Respondent**</u>

**-and-**

**DELIGHTFUL THRIVE LIMITED**
<u>**Respondent / Applicant**</u>

_____

**Ordinary Application**

_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0005**



**FILED
HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS**

Form R14B

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Submitted Date:01/03/2026 15:03**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application
(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0005** |
| **Applicant:** | **EVEN SINCERITY LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **EVEN SINCERITY LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| |
| **This application will be heard by the Judge on the    day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1.  Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2.  The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**


**CLAIM No: BVIHC (COM) 2026/0005**


**B E T W E E N:**


**ATTORNEY GENERAL**
<u>**Applicant / Respondent**</u>


**-and-**


**EVEN SINCERITY LIMITED**
<u>**Respondent / Applicant**</u>
_____


**Ordinary Application**
_____


Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0006**



**FILED**

**HIGH COURT**

**TERRITORY OF**
**THE VIRGIN ISLANDS**

Form R14B

**Submitted Date:01/03/2026 15:07**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0006** |
| **Applicant:** | **FULAM INVESTMENT LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **FULAM INVESTMENT LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| |
| **This application will be heard by the Judge on the      day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0006**

**B E T W E E N:**

**ATTORNEY GENERAL**
**Applicant / Respondent**

**-and-**

**FULAM INVESTMENT LIMITED**
**Respondent / Applicant**

**_____**

**Ordinary Application**

**_____**

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**



**Case Number :BVIHCOM2026/0007**

Form R14B

**Submitted Date:01/03/2026 15:13**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0007** |
| **Applicant:** | **GIANT VICTORY HOLDINGS LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **GIANT VICTORY HOLDINGS LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the     day of               2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2.  There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3.  Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4.  It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5.  Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6.  The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7.  Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8.  Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9.  The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0007**

**B E T W E E N:**

**ATTORNEY GENERAL**
**Applicant / Respondent**

**-and-**

**GIANT VICTORY HOLDINGS LIMITED**
**Respondent / Applicant**
_____

**Ordinary Application**
_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0008**



Form R14B

**Submitted Date:01/03/2026 15:19**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0008** |
| **Applicant:** | **GOLDEN ASCEND INTERNATIONAL LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **GOLDEN ASCEND INTERNATIONAL LIMITED** |

| |
|---|
| **For court use only** <br><br> **To** <br><br><br> **This application will be heard by the Judge on the      day of                  2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1.  Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2.  The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2.  There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3.  Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4.  It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5.  Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6.  The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7.  Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8.  Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9.  The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10.  Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11.  In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0008**

**B E T W E E N:**

**ATTORNEY GENERAL**
**Applicant / Respondent**

**-and-**

**GOLDEN ASCEND INTERNATIONAL LIMITED**
**Respondent / Applicant**
_____

**Ordinary Application**
_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**



**Case Number :BVIHCOM2026/0009**

Form R14B

**Submitted Date:01/03/2026 15:24**

The Insolvency Act, 2003

**Filed Date:02/03/2026 08:30**

The Insolvency Rules, 2005

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| In the Eastern Caribbean Supreme Court |  |
| --- | --- |
| In the High Court of Justice |  |
| Virgin Islands |  |
| Commercial Division |  |
| **Matter No:** | **BVIHC (COM) 2026/0009** |
| **Applicant:** | **HARMONIC STATE LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| HARMONIC STATE LIMITED |
| --- |

| **For court use only** |
| --- |
| **To** |
| **This application will be heard by the Judge on the    day of               2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0009**

**B E T W E E N:**

**ATTORNEY GENERAL**
<u>**Applicant / Respondent**</u>

**-and-**

**HARMONIC STATE LIMITED**
<u>**Respondent / Applicant**</u>
_____

**Ordinary Application**
_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0012**



**FILED
HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS**

Form R14B

**Submitted Date:01/03/2026 15:28**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application
(Company)**

**Rule 14**

| In the Eastern Caribbean Supreme Court | |
|---|---|
| In the High Court of Justice | |
| Virgin Islands | |
| Commercial Division | |
| **Matter No:** | **BVIHC (COM) 2026/0012** |
| **Applicant:** | **LUMINOUS GLOW LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| LUMINOUS GLOW LIMITED |
|---|

| **For court use only** |
|---|
| **To** |
| **This application will be heard by the Judge on the     day of              2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2.  There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3.  Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4.  It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5.  Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6.  The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7.  Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8.  Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9.  The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0012**

**B E T W E E N:**

**ATTORNEY GENERAL**
<u>**Applicant / Respondent**</u>

**-and-**

**LUMINOUS GLOW LIMITED**
<u>**Respondent / Applicant**</u>

_____

**Ordinary Application**

_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0013**



Form R14B

**Submitted Date:01/03/2026 15:32**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application
(Company)**

**Rule 14**

| In the Eastern Caribbean Supreme Court |  |
|---|---|
| In the High Court of Justice |  |
| Virgin Islands |  |
| Commercial Division |  |
| **Matter No:** | **BVIHC (COM) 2026/0013** |
| **Applicant:** | **MIGHTY DIVINE LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| MIGHTY DIVINE LIMITED |
|---|

| **For court use only** |
|---|
| **To** |
| **This application will be heard by the Judge on the     day of          2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1.  Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2.  The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0013**

**B E T W E E N:**

**ATTORNEY GENERAL**
<u>**Applicant / Respondent**</u>

**-and-**

**MIGHTY DIVINE LIMITED**
<u>**Respondent / Applicant**</u>
_____

**Ordinary Application**
_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0014**



**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

Form R14B

**Submitted Date:01/03/2026 15:38**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0014** |
| **Applicant:** | **NOBLE TITLE LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **NOBLE TITLE LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the     day of              2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

IN THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

VIRGIN ISLANDS COMMERCIAL DIVISION


CLAIM No: BVIHC (COM) 2026/0014


**B E T W E E N:**


**ATTORNEY GENERAL**

**Applicant / Respondent**


**-and-**


**NOBLE TITLE LIMITED**

**Respondent / Applicant**

_____

**Ordinary Application**

_____


Campbells

Floor 4, Banco Popular Building

Road Town

Tortola VG1110

British Virgin Islands

Tel: (284) 494 2423

Ref: SDA/MCH/KCH/20785-45687

**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0015**



**FILED HIGH COURT TERRITORY OF THE VIRGIN ISLANDS**

Form R14B

**Submitted Date:01/03/2026 15:43**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application (Company)**

**Rule 14**

| In the Eastern Caribbean Supreme Court |  |
| --- | --- |
| In the High Court of Justice |  |
| Virgin Islands |  |
| Commercial Division |  |
| **Matter No:** | **BVIHC (COM) 2026/0015** |
| **Applicant:** | **ORIENTAL CHARM HOLDINGS INVESTMENT LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| ORIENTAL CHARM HOLDINGS INVESTMENT LIMITED |
| --- |

| **For court use only** |
| --- |
| **To** |
| |
| **This application will be heard by the Judge on the     day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1.  Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2.  The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2.  There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3.  Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4.  It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5.  Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6.  The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7.  Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8.  Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9.  The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0015**

**B E T W E E N:**

**ATTORNEY GENERAL**
<u>**Applicant / Respondent**</u>

**-and-**

**ORIENTAL CHARM HOLDINGS INVESTMENT LIMITED**
<u>**Respondent / Applicant**</u>
_____

**Ordinary Application**

_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0016**



Form R14B

**Submitted Date:01/03/2026 15:48**

**The Insolvency Act, 2003**

**Filed Date:02/03/2026 08:30**

**The Insolvency Rules, 2005**

**Fees Paid:811.84**

**Ordinary Application
(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0016** |
| **Applicant:** | **PACIFIC CHARM HOLDINGS INVESTMENT LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **PACIFIC CHARM HOLDINGS INVESTMENT LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the     day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

    a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

    b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

IN THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

VIRGIN ISLANDS COMMERCIAL DIVISION

CLAIM No: BVIHC (COM) 2026/0016

B E T W E E N:

**ATTORNEY GENERAL**

<u>**Applicant / Respondent**</u>

**-and-**

**PACIFIC CHARM HOLDINGS INVESTMENT LIMITED**

<u>**Respondent / Applicant**</u>

_____

**Ordinary Application**

_____

Campbells

Floor 4, Banco Popular Building

Road Town

Tortola VG1110

British Virgin Islands

Tel: (284) 494 2423

Ref: SDA/MCH/KCH/20785-45687

**Legal Practitioners for the Respondent/Applicant**



**Case Number :BVIHCOM2026/0018**

Form R14B

**Submitted Date:01/03/2026 15:54**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application
(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0018** |
| **Applicant:** | **PRAISE MARBLE LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **PRAISE MARBLE LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the      day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0018**

**B E T W E E N:**

**ATTORNEY GENERAL**
<u>**Applicant / Respondent**</u>

**-and-**

**PRAISE MARBLE LIMITED**
<u>**Respondent / Applicant**</u>
_____

**Ordinary Application**
_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0017**



FILED
HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS

Form R14B

**Submitted Date:01/03/2026 15:58**

**The Insolvency Act, 2003**

**Filed Date:02/03/2026 08:30**

**The Insolvency Rules, 2005**

**Fees Paid:811.84**

**Ordinary Application
(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0017** |
| **Applicant:** | **PRINCE GLOBAL GROUP LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **PRINCE GLOBAL GROUP LIMITED** |

| |
|---|
| **For court use only** <br><br> **To** <br><br><br> **This application will be heard by the Judge on the     day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS COMMERCIAL DIVISION


CLAIM No: BVIHC (COM) 2026/0017


**B E T W E E N:**


**ATTORNEY GENERAL**
<u>Applicant / Respondent</u>


**-and-**


**PRINCE GLOBAL GROUP LIMITED**
<u>Respondent / Applicant</u>
_____

**Ordinary Application**
_____


Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0019**



FILED
HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS

Form R14B

**Submitted Date:01/03/2026 16:04**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Ordinary Application
(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0019** |
| **Applicant:** | **PRINCE GLOBAL HOLDINGS LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **PRINCE GLOBAL HOLDINGS LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the      day of                  2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1.  Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2.  The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

    a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

    b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0019**

**B E T W E E N:**

**ATTORNEY GENERAL**
<u>**Applicant / Respondent**</u>

**-and-**

**PRINCE GLOBAL HOLDINGS LIMITED**
<u>**Respondent / Applicant**</u>
_____

**Ordinary Application**
_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0020**



**FILED**
HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS

Form R14B

**Submitted Date:01/03/2026 16:41**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0020** |
| **Applicant:** | **RESPECTFUL STEED LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **RESPECTFUL STEED LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the     day of              2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1.  Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2.  The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS COMMERCIAL DIVISION


CLAIM No: BVIHC (COM) 2026/0020


**B E T W E E N:**


**ATTORNEY GENERAL**
<u>**Applicant / Respondent**</u>


**-and-**


**RESPECTFUL STEED LIMITED**
<u>**Respondent / Applicant**</u>
_____

**Ordinary Application**
_____


Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0021**



Form R14B

**Submitted Date:01/03/2026 16:48**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| In the Eastern Caribbean Supreme Court | |
|---|---|
| In the High Court of Justice | |
| Virgin Islands | |
| Commercial Division | |
| **Matter No:** | **BVIHC (COM) 2026/0021** |
| **Applicant:** | **RETAIN PROSPER LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| RETAIN PROSPER LIMITED |
|---|

| **For court use only** |
|---|
| **To** |
| **This application will be heard by the Judge on the      day of                 2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1.  Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2.  The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0021**

**B E T W E E N:**

**ATTORNEY GENERAL**
**Applicant / Respondent**

**-and-**

**RETAIN PROSPER LIMITED**
**Respondent / Applicant**

_____

**Ordinary Application**

_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0023**



**FILED**
**HIGH COURT**
**TERRITORY OF**
**THE VIRGIN ISLANDS**

Form R14B

**Submitted Date:01/03/2026 16:54**

**The Insolvency Act, 2003**

**Filed Date:02/03/2026 08:30**

**The Insolvency Rules, 2005**

**Fees Paid:811.84**

**Ordinary Application
(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0023** |
| **Applicant:** | **SIMPLY ADVANCED LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **SIMPLY ADVANCED LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| |
| **This application will be heard by the Judge on the     day of         2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**

**IN THE HIGH COURT OF JUSTICE**

**VIRGIN ISLANDS COMMERCIAL DIVISION**


**CLAIM No: BVIHC (COM) 2026/0023**


**B E T W E E N:**


**ATTORNEY GENERAL**

**Applicant / Respondent**


**-and-**


**SIMPLY ADVANCED LIMITED**

**Respondent / Applicant**

_____

**Ordinary Application**

_____


Campbells

Floor 4, Banco Popular Building

Road Town

Tortola VG1110

British Virgin Islands

Tel: (284) 494 2423

Ref: SDA/MCH/KCH/20785-45687

**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0024**



**FILED HIGH COURT**
**TERRITORY OF THE VIRGIN ISLANDS**

Form R14B

**Submitted Date:01/03/2026 17:00**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

The Insolvency Act, 2003

The Insolvency Rules, 2005

**Ordinary Application (Company)**

**Rule 14**

| | |
|---|---|
| In the Eastern Caribbean Supreme Court | |
| In the High Court of Justice | |
| Virgin Islands | |
| Commercial Division | |
| **Matter No:** | **BVIHC (COM) 2026/0024** |
| **Applicant:** | **SOUTHERN HERITAGE LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| SOUTHERN HERITAGE LIMITED |

| |
|---|
| **For court use only** <br><br> **To** <br><br><br> **This application will be heard by the Judge on the     day of                 2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS COMMERCIAL DIVISION


CLAIM No: BVIHC (COM) 2026/0024


**B E T W E E N:**


**ATTORNEY GENERAL**
**Applicant / Respondent**


**-and-**


**SOUTHERN HERITAGE LIMITED**
**Respondent / Applicant**
_____


**Ordinary Application**
_____


Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0025**



**FILED**

**HIGH COURT**

**TERRITORY OF THE VIRGIN ISLANDS**

Form R14B

**Submitted Date:01/03/2026 17:05**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application (Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0025** |
| **Applicant:** | **STAR MERIT GLOBAL LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **STAR MERIT GLOBAL LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the     day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1.  Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2.  The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1) The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**


**CLAIM No: BVIHC (COM) 2026/0025**


**B E T W E E N:**


**ATTORNEY GENERAL**
<u>**Applicant / Respondent**</u>


**-and-**


**STAR MERIT GLOBAL LIMITED**
<u>**Respondent / Applicant**</u>
_____

**Ordinary Application**
_____


Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0026**



Form R14B

**Submitted Date:01/03/2026 17:12**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0026** |
| **Applicant:** | **STARRY BLOOM LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **STARRY BLOOM LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the     day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:

(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0026**

**B E T W E E N:**

**ATTORNEY GENERAL**
**Applicant / Respondent**

**-and-**

**STARRY BLOOM LIMITED**
**Respondent / Applicant**

_____

**Ordinary Application**

_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0027**



**FILED**
**HIGH COURT**
TERRITORY OF
THE VIRGIN ISLANDS

Form R14B

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Submitted Date:01/03/2026 17:17**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0027** |
| **Applicant:** | **SURE TYCOON LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **SURE TYCOON LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the     day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

<u>Grounds of the Application</u>

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0027**

**B E T W E E N:**

**ATTORNEY GENERAL**
**Applicant / Respondent**

**-and-**

**SURE TYCOON LIMITED**
**Respondent / Applicant**
_____

**Ordinary Application**
_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0029**



**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

Form R14B

**Submitted Date:01/03/2026 17:22**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application**
**(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0029** |
| **Applicant:** | **TOWARDS SUNSHINE LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **TOWARDS SUNSHINE LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the      day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**

**IN THE HIGH COURT OF JUSTICE**

**VIRGIN ISLANDS COMMERCIAL DIVISION**


**CLAIM No: BVIHC (COM) 2026/0029**


**B E T W E E N:**


**ATTORNEY GENERAL**

<u>**Applicant / Respondent**</u>


**-and-**


**TOWARDS SUNSHINE LIMITED**

<u>**Respondent / Applicant**</u>

_____


**Ordinary Application**

_____


Campbells

Floor 4, Banco Popular Building

Road Town

Tortola VG1110

British Virgin Islands

Tel: (284) 494 2423

Ref: SDA/MCH/KCH/20785-45687

**Legal Practitioners for the Respondent/Applicant**

**Case Number :BVIHCOM2026/0030**



Form R14B

**Submitted Date:01/03/2026 17:27**

**The Insolvency Act, 2003**

**The Insolvency Rules, 2005**

**Filed Date:02/03/2026 08:30**

**Fees Paid:811.84**

**Ordinary Application
(Company)**

**Rule 14**

| | |
|---|---|
| **In the Eastern Caribbean Supreme Court** | |
| **In the High Court of Justice** | |
| **Virgin Islands** | |
| **Commercial Division** | |
| **Matter No:** | **BVIHC (COM) 2026/0030** |
| **Applicant:** | **UNITED RICHES GLOBAL LIMITED** |
| **Respondent:** | **The Attorney General** |

**In the matter of:**

| |
|---|
| **UNITED RICHES GLOBAL LIMITED** |

| |
|---|
| **For court use only** |
| **To** |
| **This application will be heard by the Judge on the     day of                2026 at a time to be specified in the Final Court List for the Commercial Division for the period in question.** |

The Applicants ("**Companies**") of c/o Campbells Floor 4, Banco Popular Building, PO Box 4467, Road Town, Tortola VG-1110, British Virgin Islands, hereby apply for the following Orders and Directions:

1. Pursuant to section 173(1) of the Insolvency Act 2003 and/or CPR 26.1(2)(y) and/or the Court's inherent jurisdiction, the appointments of Paul Pretlove, James Drury and David Standish as joint provisional liquidators (the "**PLs**") over each of the Companies, pursuant to orders of the Court dated 9 January 2026 made upon the *ex parte* ordinary applications filed by the Respondent on 5 January 2026 (the "**PL Applications**"), be terminated.

2. The PLs be discharged from office as provisional liquidators of the Companies with immediate effect.

#3503614v1

3. The Companies' books and records in the possession of the PLs shall be delivered to each Company within 28 days of the date of the termination order.

4. Directions in relation to the undertakings to be provided by Mr Cosimo Borrelli in relation to this application.

5. Evidence and listing directions:

   a. Pursuant to CPR 26.1(2)(k), the time for service of evidence in relation to this application be extended, and it is directed that: (i) the Companies shall file and serve any further evidence in support of this application by 4pm on 11 March 2026; (ii) the Respondent shall file and serve any evidence in opposition by 4pm on 20 March 2026; and (iii) the Companies shall file and serve any evidence in reply by 4pm on 27 March 2026.

   b. This application is to be listed for a 1-day hearing on the first available date not before 13 April 2026.

6. That the liquidation hearings of each of the Companies be adjourned to be heard following the hearing of the application to discharge the Provisional Liquidation Orders.

7. That the liquidation applications be dismissed.

8. That the Joint Provisional Liquidators Reports be unsealed.

9. The costs of the PL Applications and the liquidation applications be paid by the Attorney General.

10. Such further or other relief as the Court considers appropriate.

A draft of the Order sought is attached to this Application.

Grounds of the Application

The grounds of this Application are set out in the Affidavit of Cosimo Borrelli ("**Mr Borrelli**") filed on 1 March 2026. In short, they are as follows:

**Appointment of PLs on the basis of insufficient evidence and unreliable allegations**

1. The Respondent has applied to appoint the PLs over the Companies on the basis of public allegations made against *inter alia* Mr Chen Zhi (being the sole or controlling/significant shareholder of a majority of the CBPL Cos) ("**Mr Chen**") in relation to so-called fraudulent activities, and based on sanctions currently in place with respect to Mr Chen and his associates. The appointment of the PLs was sought on the basis of an assumption that the Companies may have been used to launder the proceeds of these fraudulent activities.

2. There is no evidence of any fraudulent activities before the Court, only inferences drawn from public allegations which do not themselves include supporting evidence. Further, the sources of those allegations are dubious, such that there are open questions as to the reliability of the allegations and it is unclear what stress testing was carried out by the Respondent before its application was made. The Court's *ex parte* appointment of PLs without affording the Companies an opportunity to be heard was therefore disproportionate.

3. Further, the evidence presented in support of the liquidation and PL application is generic and not specific to each individual company. Whilst a matter for legal submission, evidence ought to be presented relating to each individual company explaining its fraudulent activity or its conduct which is alleged to be inherently objectionable.

4. It does not appear that the PL Applications adequately dealt with less draconian options available to achieve the ends sought.

**BVI Constitution**

5. Pursuant to section 25 of the BVI Constitution, Companies enjoy protection from deprivation of their property by the state.

6. The Companies do not have any creditors, and the shareholders do not support the liquidation of the Companies. In light of the foregoing, it is incumbent on the Attorney General to explain who the assets of the Companies will ultimately be distributed to, which has not thus far happened.

**Mr Borrelli's appointment**

7. Mr Borrelli has been appointed as sole director of all of the Companies pursuant to shareholder resolutions passed in writing recently and dated between 23 February 2026 and 26 February 2026.

8. Consequently, the Companies now have Mr Borrelli as sole director, and he is prepared to ensure that their affairs are properly managed. In those circumstances, there is no justification for the continued appointment of the PLs and it would not be just and equitable for the Companies to be liquidated.

9. The Companies comprise twenty-five distinct companies, and each has its own corporate history, business activities, asset position and shareholding. Further, and in any event, it is for the Attorney General to prove (with cogent evidence) that each individual Company meets the relevant legal test for (i) the appointment of PLs and (ii) a final liquidation order.

10. Mr Borrelli's appointment as sole director of the Companies ensures a less draconian (relative to the appointment of PLs) manner of ensuring impartial supervision and control over the Companies pending the outcome of the Court's determination as to whether the Companies should be liquidated.

**Undertakings**

11. In his capacity as director of each of the Companies, Mr Borrelli is willing to cooperate fully with the Court and/or the Attorney General, and to provide the Court and/or the Attorney General with

any such information and assistance as may reasonably be required by the Attorney General in the circumstances.

12. Mr Borrelli is prepared to give robust undertakings, as set out in his affidavit which, if so provided to the Court and given the mandate of Mr Borrelli's appointment, will render unnecessary the current appointment of PLs over the Companies.

13. For the avoidance of any and all doubt, each of the Companies opposes the appointment of Provisional Liquidators (including the breadth of the powers provided) and also any liquidation order being made.

14. This application is supported by the First Affidavit of Cosimo Borrelli.

The names and addresses of the persons on whom it is intended to serve this application are as follows:

(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.


The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows:


(1)  The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

This Application is filed by Campbells, legal practitioners for the Applicants, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1110.

Dated: 1 March 2026

Signed:

**Grant Carroll**
**Campbells**
**Legal Practitioners for the Respondent/Applicant**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS COMMERCIAL DIVISION**

**CLAIM No: BVIHC (COM) 2026/0030**

**B E T W E E N:**

**ATTORNEY GENERAL**
**Applicant / Respondent**

**-and-**

**UNITED RICHES GLOBAL LIMITED**
**Respondent / Applicant**

_____

**Ordinary Application**

_____

Campbells
Floor 4, Banco Popular Building
Road Town
Tortola VG1110
British Virgin Islands
Tel: (284) 494 2423
Ref: SDA/MCH/KCH/20785-45687
**Legal Practitioners for the Respondent/Applicant**