# EXHIBIT 11

## February 21, 2026 Letter from Campbells to BVI AG's Counsel

# Campbells

Campbells Legal (BVI) Limited
Floor 4, Banco Popular
Building
PO Box 4467
Road Town, Tortola VG-1110
British Virgin Islands
**T** +1 284 494 2423
**E** gcarroll@campbellslegal.com

**By Email**

O'Neal Webster
2nd Floor Commerce House
PO Box 961
VG1110,
British Virgin Islands

Attn: Nadine Whyte

21 February 2026

Our Ref:
Your Ref:

BVI **|** CAYMAN **|** HONG KONG

Dear Sirs

**Re: Certain Companies in Provisional Liquidation**

We act for 26 of the 30 companies currently in provisional liquidation ("**PL**") in the British Virgin Islands on your client's application - which for convenience we will refer to as the " **Campbells PL-COs**".

**Limited Evidence in Support of Application**
Our clients express serious concerns about the appointment of PLs in this case. Based on the evidence filed in support of the PL (and liquidation) application it appears that the entirety of the evidence relied upon amounts to little more than allegations in the press and the fact that proceedings have been instigated in the US against certain ultimate beneficial owners

We are not aware of any precedent whereby companies have been placed into provisional liquidation in this circumstance without any evidence being presented to the Court linking the companies to any wrongdoing or receipt of any proceeds of any wrongdoing.

**Role of PLs / Costs of investigations**
We understand the PLs have begun immediate investigations, in various jurisdictions around the world, into the Campbells PL Cos.  Furthermore, at the return date hearing the PLs sought and have obtained an order whereby the fruits of their investigations are sealed.  The PLs, who have been appointed on public policy grounds, are therefore effectively operating in secrecy without any information being provided to the Campbells PL COs as to their activities and/or to further conduct.  This offends the notion of natural justice and we assume the AG does not support the PLs operating in secrecy, and would be grateful for confirmation that the AG will not support the PLs work being subject to a court seal.

Finally, the costs of investigative work carried out by the PLs should not be borne by the Campbells PL Cos. If the intention of the BVI Government is to conduct an investigation into the Campbells PL COs then those costs should be met by the BVI Government solely.  The position of the Campbells PL-COs is that they will

undertake to cooperate fully with any such investigation but they will object strenuously to any attempt to shift the costs of that investigation to them through the use of provisional liquidators.

**Ongoing Damage**
We applaud the Attorney General for seeking to take positive steps to safeguard the reputation of the British Virgin Islands in matters touching on alleged financial crime.  However, it should be noted that defence counsel in the US, Boies Schiller Flexner, will shortly be applying to dismiss the US proceedings on grounds that, inter alia, they contain misleading and exaggerated evidence. There are also a number of highly sensitive matters which are not currently in the public domain which, if known, would paint the existing public narrative in an entirely different light. In light of these concerns, we consider that the PL Orders are highly likely to result in damage to the Campbells PL COs (and such damage may well have already been incurred).

Moreover, the assets of each of the Campbells PL-COs are frozen under relevant sanctions regimes, so the suggestion that the assets might be dissipated relies on an assumption both that the Campbells PL-Cos would breach sanctions and that banks and other counterparties would also do so. That suggestion is clearly fanciful.

In summary, the PL orders have been made in circumstances where there is no evidence whatsoever of wrongdoing by the Campbells PL-Cos, has not identified any creditors or any party who has been harmed by any of those entities, where the stated aims of investigation and asset protection are flawed, where no undertakings or other less intrusive remedy was sought from the Campbells PL-Cos and where it is not clear that it was explained to the Court whether alternative remedies would be available or whether they would be appropriate in this case.

We therefore consider that there is no basis for either provisional or final liquidation orders against any of Campbells PL COs.  In particular, any final liquidation orders would result in irreparable harm to the Campbells PL COs, their owners, contractual counterparties and downstream employees in circumstances where the underlying reasons for the applications are bare allegations with no proof in support.

**Collaborative Route Forwards to Protect Public Interest**
We wish to advise that Mr Cosimo Borrelli of Admiralty Partners Asia (formerly Managing Director and Head of Asia Pacific and Offshore Restructuring for Kroll, and previously Borelli Walsh, both of whom operate in the BVI) has been appointed as Special Manager with delegated powers from the shareholders of the Campbells PL COs and he is in the course of being appointed as director of each of the Campbells PL Cos.

Mr Borrelli is prepared to agree undertakings in relation to the provision of information to the BVI Attorney General in similar terms to those in the current orders and to coordinate actions to preserve the value of the various companies and their assets which would mean that the PL orders are entirely otiose.

Additionally, if the PLs are discharged and replaced by an independent information sharing and asset preservation regime, with regular information sharing, the Campbells PL COs are prepared to offer the Attorney General a full release and waiver for all actions taken to date and for the pre-discharge fees of the provisional liquidators to be paid from the assets of the companies.

If that approach is not agreed and your client intends to proceed with the PLs in their current form and with their applications to liquidate the companies we hereby put you on notice that we will be instructed to oppose those applications and to seek the costs of the same from your client.

Yours faithfully

**Campbells LLP**