Daniel J. Saval
Jeremy O. Bressman
Adam M. Lavine
Martine B. Forneret
**KOBRE & KIM LLP**
800 Third Avenue
New York, New York 10022
Tel: (212) 488-1200
Facsimile: (212) 488-1220

*Counsel to Amber Hill Ventures Limited and Lateral Bridge Global Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 26-10769-MG<br><br>(Jointly Administered) |

**OBJECTION OF AMBER HILL VENTURES LIMITED AND LATERAL BRIDGE
GLOBAL LIMITED TO EMERGENCY MOTION FOR ENTRY OF ORDERS
GRANTING (I) *EX PARTE* RELIEF AND (II) PROVISIONAL RELIEF,
PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

Amber Hill Ventures Limited and Lateral Bridge Global Limited (the "Objecting Debtors"), by and through their undersigned counsel, hereby submit this limited objection (the "Objection") to the *Emergency Motion for Entry of Orders Granting (I) Ex Parte Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code* (the "Motion") [Dkt. No. 9] filed by the purported Authorized Foreign Representatives[2] appointed as joint provisional

---

[1]    The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110. A complete list of the Debtors and their company numbers see Exhibit A to the Chapter 15 Petition at Dkt. No. 1.

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

1

liquidators (the "JPLs") in the underlying BVI Proceedings.  In support of this Objection, the Objecting Debtors state as follows:

1.    The Objecting Debtors make this limited Objection to the Motion to the extent the JPLs are currently seeking authorization, prior to recognition of the Chapter 15 Petitions, to take discovery in the United States pursuant to sections 1519(a)(3) and 1521(a)(4) of the Bankruptcy Code and Bankruptcy Rule 2004, including authority to issue subpoenas for the production of documents and testimony ("Discovery Authorization"), whether through the relief sought in the Emergency Order or the Provisional Relief Order.

2.    The Chapter 15 Cases are at a preliminary stage.  The Court has not yet set a hearing on the *Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceedings and Related Relief* [Dkt. No. 1] or any of the petitions filed in each of the individual Chapter 15 Cases (collectively, the "Chapter 15 Petitions").  The Objecting Debtors understand that the Court is likely to set a hearing on the Chapter 15 Petitions to occur in the coming weeks, in accordance with its standard practices.

3.    The Objecting Debtors intend to object to recognition on various bases, including, but not limited to, the fact that the liquidation proceedings occurring in the British Virgin Islands ("BVI") do not constitute "collective" proceedings within the meaning of Chapter 15, and therefore do not qualify as a "foreign proceeding" capable of recognition under Chapter 15.  *See* 11 U.S.C. § 101(23); *In re Global Cord Blood Corp.*, 2022 WL 17478530 (Bankr. S.D.N.Y. Dec. 5, 2022).

4.    In addition, as hinted at in the Chapter 15 Petitions and the Motion (*see Chissick Declaration* [Dkt. No. 4] ¶ 54), the Objecting Debtors and other parties currently are opposing appointment of the JPLs as liquidators in the BVI Court.  A hearing on the applications for

2

liquidation is taking place **today and tomorrow**, with a decision to be rendered soon thereafter. Thus, it is possible, if not likely, that the JPLs will no longer serve as the "Authorized Foreign Representatives" of the Objecting Debtors by the time a hearing on the Motion takes place next Tuesday (April 22, 2026).

5.      The Motion itself purports to seek two forms of relief: (1) an Emergency Order extending the protections of the automatic stay available under Section 362 of the Bankruptcy Code; and (2) a Provisional Relief Order, providing certain authority and protections to the JPLs, including authority to take broad discovery in the United States, pending a resolution of the Chapter 15 Petitions.  *See* Mot. ¶¶ 15-16.

6.      While, as explained above, the Objecting Debtors do plan to oppose the Chapter 15 Petitions, the Objecting Debtors do not oppose the relief sought in the Emergency Order to the extent it is limited to an extension of the automatic stay in the manner articulated in the proposed Emergency Order.  *See* Mot., Ex. B, *[Proposed] Temporary Restraining Order and Order Shortening Notice of Motion Seeking Provisional Relief* ("Ex. B").  The Motion itself makes clear that any party has the right to continue to participate in the Chapter 15 Cases, Mot. ¶ 43, and the Objecting Debtors reserve the right to do so.

7.      Furthermore, the Motion and attached proposed orders appear to ask the Court to sequence the relief sought such that a decision is made first on the Emergency Order at the April 22, 2026 hearing, followed by a separate briefing schedule and hearing on the Provisional Relief Order at a later date.  *See* Mot., Ex. B, ¶¶ 12-13.  The Objecting Debtors do not oppose this relief either.  The Objecting Debtors intend to fully brief and argue their opposition to the Provisional Relief Order, including the requested Discovery Authorization, at the appropriate time as determined by the Court.

3

8.     Indeed, such a staggered approach is logical and efficient in light of the ongoing concurrent proceedings in the BVI Court which may moot the need for much of the relief requested in the Motion.  As explained above, the BVI Court currently is hearing oppositions to the applications to appoint the JPLs as liquidators (including from the Objecting Debtors), which raise significant doubts as to the likelihood of success on the merits of the Chapter 15 Petitions.  If the challenges to the BVI Proceedings are successful, some or all of the Chapter 15 Cases may quickly become moot.

9.     The Objecting Debtors do oppose the Motion, however, to the extent it seeks either authorization to take discovery in conjunction with the Emergency Motion *or* entry of the Provisional Relief Order without a full briefing schedule and hearing on that request for relief.

10.    The Objecting Debtors are not entirely sure whether such a request was intended by the JPLs in their Motion.  For example, paragraph 15 of the Motion states that "the Emergency Order would authorize the Authorized Foreign Representatives, pursuant to sections 1519(a)(3) and 1521(a)(4) of the Bankruptcy Code and Bankruptcy Rule 2004, to issue subpoenas for the production of documents and testimony."  Mot. ¶ 15.  Yet, this relief is not actually requested in the proposed Emergency Order attached to the Motion as Exhibit B.  *See* Mot. ¶ 15; Mot., Ex. B.

11.    Similarly, at times the Motion seems to contemplate that the Court would enter the Provisional Relief Order on the current record.  *See, e.g.,* Mot. ¶¶ 20-21.  In other places, the Motion suggests that the Court would schedule a hearing on the Provisional Relief Order only *after* the Court had issued the Emergency Order.  *See id.* ¶ 59 ("The Authorized Foreign Representatives further request that the Court schedule a prompt hearing on their request for the Provisional Relief Order.  The Authorized Foreign Representatives propose serving the Motion and the notice of the

4

hearing in respect of their request for the Provisional Relief Order in accordance with the terms set forth by the Court in the Emergency Order.").

12.     To the extent that the JPLs are seeking Discovery Authorization—whether through the Emergency Order or the Provisional Relief Order—at the April 22, 2026 hearing, the Court should deny that request.  The JPLs have failed to show that such relief is "urgently needed to protect the assets of the debtor[s] or the interests of the creditors," 11 U.S.C. § 1519(a), and they cannot otherwise meet the requisite standards for a preliminary injunction.

13.     *First*, the JPLs are not likely to succeed on the merits of their Chapter 15 Petitions because the underlying BVI Proceedings do not constitute "collective" proceedings within the meaning of Chapter 15, and thus are not capable of recognition as a "foreign proceeding" under Chapter 15.  *See* 11 U.S.C. § 101(23).  Indeed, these proceedings are almost identical to the petition filed in *Global Cord*.  In *Global Cord,* this Court (Judge Jones) denied recognition of the foreign proceeding on the basis that it was "akin to a corporate governance and fraud remediation effort, and [are] not a collective proceeding for the purpose of dealing with insolvency, reorganization, or liquidation."  *In re Global Cord Blood Corp.*, 2022 WL 17478530, at *1.  So too here.  As noted, the Objecting Debtors intend to brief this issue in a more fulsome manner in their opposition to the Chapter 15 Petitions.

14.     *Second*, the JPLs have not established that any need for *discovery* (as opposed to extension of the automatic stay) is urgent.  The JPLs' entire argument on this point is that: a) "the Prince Group deliberately obfuscated its corporate structure"; and b) without discovery, the JPLs "cannot discharge their court-appointed mandate."  Mot. ¶ 57.  But, even accepting that argument as true (which the Court should not), there is no reason why the types of discovery outlined in the Motion cannot wait a few weeks until the Court has had an opportunity to rule on the Chapter 15

5

Petitions.  At that time, the JPLs will be able to fulfill and discharge their mandate, to the extent that mandate even continues to exist after the hearings in the BVI Court or after the Court considers the merits of the Chapter 15 Cases.  There is no reason (and certainly no reason given) why that needs to occur now and on a provisional basis.

## **CONCLUSION**

15.     For the reasons set forth herein, the Objecting Debtors respectfully submit that the Court should deny any Discovery Authorization at the April 22, 2026 hearing.


Dated: April 16, 2026
New York, New York

Respectfully submitted,

**KOBRE & KIM LLP**


*/s/ Daniel J. Saval*
Daniel J. Saval
Jeremy O. Bressman
Adam M. Lavine
Martine B. Forneret
800 Third Avenue
New York, New York 10022
Tel: (212) 488-1200
Facsimile: (212) 488-1220
Daniel.Saval@kobrekim.com
Jeremy.Bressman@kobrekim.com
Adam.Lavine@kobrekim.com
Martine.Forneret@kobrekim.com

*Counsel to Debtors Amber Hill Ventures Limited and Lateral Bridge Global Limited*