# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 18, 2026

Via ECF

Hon. Martin Glenn,
    U.S. Bankruptcy Court, S.D.N.Y.,
        One Bowling Green,
            New York, NY 10004-1408.

Re:    In re Prince Global Holdings Limited, *et al*., No. 26-10769

Dear Chief Judge Glenn:

Sullivan & Cromwell LLP (the "Firm") represents the Joint Provisional Liquidators (the "JPLs") in the above-referenced matter.  I became aware Thursday evening that the JPLs' *Emergency Motion for Entry of Orders Granting (I) Ex Parte Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code* filed with the Court on April 9, 2026 (the "Motion") [D.I. 9] includes inaccurate citations and other errors, each of which is identified and corrected in Schedule A to this letter.

The inaccuracies and errors in the Motion include artificial intelligence ("AI") "hallucinations."  "Hallucinations" are instances in which artificial intelligence tools fabricate case citations, misquote authorities, or generate non-existent legal sources.  We deeply regret that this has occurred.  The Firm maintains comprehensive policies and training requirements governing the use of AI tools in legal work. These safeguards are designed to prevent exactly this situation.  The Firm's policies on the use of AI were not followed in connection with the preparation of the Motion.  In addition, the Firm has general policies and training requirements for the proper review of legal citations.  Regrettably, this review process did not identify the inaccurate citations generated by AI, nor did it identify other errors that appear to have resulted in whole or in part from manual error.

The Firm has undertaken immediate remedial measures, including but not limited to a full review of the circumstances leading to these errors, and a re-review of all filings in this matter, and we can confirm that the other filings do not include any AI-related errors.  Our re-review did identify non-substantive and/or clerical errors in other filings in this matter (and one citation that confuses Section 1517(d) and Rule 6004(h)), which we

Hon. Martin Glenn                                                                                          -2-

do not believe to be the result of AI usage.  These errors are also identified in Schedule A for the sake of completeness.

The Firm and I are keenly aware of our responsibility to ensure the accuracy of all submissions including under Local Bankruptcy Rule 9011-1(d), and I take responsibility for the failure to do so.

I want to assure the Court that the Firm's policies governing AI use are both clear and rigorous.  Access to AI tools is conditioned on completion of mandatory training.  Before any Firm lawyer is granted access to generative AI tools, the lawyer must complete two required training modules, completion of which is tracked and verified.

The training repeatedly emphasizes the risk of AI "hallucinations," including the fabrication of case citations, misinterpretation of authorities, and inaccurate quotations.  It instructs lawyers to "trust nothing and verify everything" and makes clear that failure to independently verify AI-generated output constitutes a violation of Firm policy.  The training also reviews the significant consequences of AI-related errors in various cases.

These requirements are reinforced in the Firm's Office Manual for Lawyers, which provides that lawyers "must independently check all answers, case citations, and other information or work product received from an AI Program for both substantive and non-substantive accuracy."  The policy further states that no communication may be sent to a court, regulator, client, or other external party without the exercise of appropriate professional judgment and oversight.

Notwithstanding these safeguards, the Firm's protocols were not followed here.  The Firm is also evaluating whether further enhancements to its internal training and review processes are warranted.

We sincerely regret the errors in the Motion and the burden they have imposed on the Court and the parties, and I apologize on behalf of our entire team.  I also called Boies Schiller Flexner LLP on Friday to thank them for bringing this matter to our attention and to apologize directly to them as well.  A corrected version of the Motion, together with a redline reflecting the revisions, is being filed later today.

Sincerely,
*/s/ Andrew G. Dietderich*
Andrew G. Dietderich

**Schedule A**

**Errors in Motion for Provisional Relief**

| Para. | Correction |
|---|---|
| ¶ 19 | . . . *In re Oi S.A.*, No. 16-11791 (SHL) **[D.I. No. 22]** (Bankr. S.D.N.Y. Jun. 22, 2016) (finding that provisional relief was necessary to protect the debtor's US assets); *see also In re Muscletech Research and Dev. Inc.*, **No. 06-10092 (JMP), Adv.** No. 06-01147 (JMP) (Bankr. S.D.N.Y. Jan. 18, 2006) . . . |
| ¶ 21 | . . . *See also In re GHR Energy Corp.*, 35 B.R. 534**, 535 n.2** (Bankr. D. Mass. 1983) . . . *Matter of M4 Enters., Inc.*, 190 B.R. 471**, 473 n.2** (Bankr. N.D. Ga. 1995) . . . |
| ¶ 23 | . . . *See In re Oak and Fort Corp.*, No. 1:25-bk-11282 (MG) [D.I. 21] (**Bankr.** S.D.N.Y. June 23, 2025) . . . |
| ¶ 24 | . . . *In re Worldwide Educ. Servs., Inc.*, 494 B.R. 494, 499 **n.1** (Bankr. C.D. Cal. 2013) . . . |
| ¶ 26 | . . . *See In re Soundview Elite Ltd.*, ~~503~~ **543** B.R. ~~571, 588-90~~ **78** (Bankr. S.D.N.Y. ~~2014~~ **2016**) . . . |
| ¶ 27 | . . . *See* ~~*In re Three Arrows Cap., Ltd.*, **2022 WL 17985951, at \*7;**~~ *In re BYJU's Alpha, Inc.*, 2024 WL 1455586, at *~~5~~ **8** (Bankr. D. Del. Apr. 3, 2024)~~, aff'd, 2024 WL 3474561 (D. Del. July 18, 2024)~~ . . . |
| ¶ 33 | . . . *In re Soundview Elite Ltd.*, ~~503~~ **543** B.R. ~~at 589~~ **78, 117, 119-20 (Bankr. S.D.N.Y. 2016) ("The** ~~finding~~ irreparable harm ~~here is the~~ **where there was a** risk that the estate's assets ~~will~~ **would** be dissipated ~~or otherwise placed beyond the reach of this Court, such that any relief awarded at a later time would be meaningless.~~"); *In re BYJU's Alpha, Inc.*, 2024 WL 1455586, at ~~6-7~~ **\*1, \*10** (Bankr. D. Del. Apr. 3, 2024)~~, aff'd, 2024 WL 3474561 (D. Del. July 18, 2024)~~ . . . |
| ¶ 34 | . . . *See* ~~*In re Three Arrows Cap., Ltd.*, **2022 WL 17985951, at 10-11 ("Where the foreign representatives lack information regarding the debtor's assets and their location, provisional relief is appropriate to ensure that estate property can be identified and preserved.");**~~ *In re Team Sys. Int'l, LLC*, 2023 WL 1428572, at **\*8** ~~12~~ (injunction warranted where defendants' conduct ~~"obscured the disposition of estate assets and frustrated the trustee's ability to determine their location~~ **gave "cause for concern" that it "may move or conceal assets**") . . . |
| ¶ 35 | . . . *See In re BYJU's Alpha, Inc.*, 2024 WL 1455586, at ~~6-7~~ **\*10** . . . |
| ¶ 37 | . . . *See In re BYJU's Alpha, Inc.*, 2024 WL 1455586, at ~~7~~ **\*10** . . . *In re Rubin*, 160 B.R. 269, 283 (Bankr. S.D.N.Y. 1993)~~; see also~~ **(quoting** *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988~~) (same~~**)** . . . |
| ¶ 38 | . . . *See* Pretlove Declaration ¶ 59**, Ex. E**. . . . *In re Iovate Health Scis. Int'l Inc.*, 2025 Bankr. LEXIS 2284, at *~~33~~ **36** . . . |
| ¶ 40 | . . . *See In re Innua Canada Ltd.*, ~~No. 09-16362,~~ 2009 WL 1025088, at *4 (Bankr. D.N.J. Mar. 25, 2009) (maintaining the status quo pending recognition served to benefit creditors "by allowing for an orderly administration of the **F**~~f~~oreign **D**~~d~~ebtors' financial affairs under the **[**foreign**] [p**~~]~~roceeding") . . . |
| ¶ 41 | . . . *See* Pretlove Declaration ¶¶ 54 ~~59, 61~~ **63**. . . . |
| ¶ 42 | . . . The "~~"~~relevant inquiry is whether the discovery sought ~~. . .~~ is "(~~i~~**1**) necessary in the interests of justice; and (~~ii~~**2**) not possible to **obtain** ~~. . . in another~~ **in any other** manner." . . . |
| ¶ 44 | . . . *See In re Picard, **Tr. for Liquidation of Bernard L. Madoff Inv. Sec. LLC**,* 917 F.3d 85, 103 (2d Cir. 2019) . . . |

| Para. | Correction |
|---|---|
| ¶ 47 | . . . *In re ENNIA Caribe Holding N.V.*, 596 B.R. 316, 322 (Bankr. S.D.N.Y. 2019) **(internal citations omitted)**. . . |
| ¶ 48 | . . . *See In re Iovate Health Scis. Int'l Inc.*, 2025 Bankr. LEXIS 2284, at *~~34~~ **38** . . . |
| ¶ 52, n.2 | *See* Off. of Foreign Assets Control, *Frequently Asked Question* No. 9 (explaining that blocked property is "frozen"—not seized—and that title remains with the blocked person); ~~*Calderon-Cardona* v. *Bank of N.Y. Mellon*, 821 F.3d 161, 169 (2d Cir. 2016) (explaining that blocking rules "prohibit transfers" but do not determine "whether a judgment creditor may obtain those funds through judicial process");~~ *Hausler* v. *JPMorgan Chase Bank, N.A.*, 770 F.3d 207, ~~212~~ **211** (2d Cir. 2014) (**noting that** blocked assets are ~~not "immunize[d] … from execution")~~ **"subject to execution or attachment in the aid of execution in order to satisfy such judgment . . . for which such terrorist party has been adjudged liable") (citing Terrorism Risk Insurance Act § 201(a))**. |
| ¶ 55 | . . . *In re Three Arrows Capital, Ltd.*, 2022 WL 179859~~5~~**169**, at *9-11 (~~**granting discovery**~~ **service of subpoena was proper** where founders were likely the only parties with necessary information about the debtor's assets) . . . |
| ¶ 59 | . . . This Motion seeks, in part, emergency *ex parte* relief.  ~~**As expressly contemplated by section 1519(b) of the Bankruptcy Code, which permits the Court to grant relief "on an *ex parte* basis," the**~~ **The** urgent need to obtain the Emergency Order without prior notice is warranted because . . . |
| ¶ 60 | . . . *see also In re Iovate Health Scis. Int'l Inc.*, 2025 Bankr. LEXIS 2284, at *~~34 35~~ **39** . . . |

### Error in Verified Petition

| Para. | Correction |
|---|---|
| ¶ 28 | . . . *In re Fairfield Sentry Ltd.*, No. 10 Civ. 7311 (GBD), 2011 WL 4357421 (S.D.N.Y. 2011), at *~~10 16~~ **7** . . . |

### Error in Motion for Joint Administration

| Para. | Correction |
|---|---|
| ¶ 6 | Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more ~~**petitions**~~ **cases** [are] pending in the ~~same~~ court **. . .** by or against . . . a debtor and an affiliate,**"** the court "may order a joint administration of the estates." . . . Accordingly, "two or more ~~**petitions**~~ **cases** [are] pending" in this Court . . . . |

### Errors in Motion for Entry of an Order Scheduling the Recognition Hearing

| Para. | Correction |
|---|---|
| ¶ 6 | Section 1517(c) of the Bankruptcy Code provides that "[a] petition for recognition of a foreign proceeding shall be decided **upon** at the earliest possible time."  11 U.S.C. § 1517(c).  Additionally, Bankruptcy Rule 2002(q)(1) provides that "[a]fter the filing of a petition for recognition of a foreign proceeding, the court shall promptly schedule and hold a hearing on the motion.**"** |
| ¶ 7 | Bankruptcy Rule 2002(q)(1) further provides that~~:~~ **. . .** the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, ~~[shall be given]~~ at least 21 days' notice by mail of the hearing~~. . . .~~ |

### Errors in Declaration of Andrew Chissick

| Para. | Correction |
|---|---|
| ¶ 20 | On October 14, 2025, the government of the United Kingdom ("U.K.") announced corresponding sanctions against individuals associated with the Prince Group, including measures affecting assets and properties located in the U.K. and held directly or indirectly by various corporate structures, including entities incorporated in the BVI.[5] Following the extension of U.K. sanctions to the BVI, the BVI Financial Services Commission issued sanctions guidance reminding regulated persons of their obligations under BVI law and the criminal consequences of non-compliance.[5] |
| ¶ 33 | . . . the BVI Court may appoint a provisional liquidator if it **is** satisfied . . . |
| ¶ 48 | . . . to be examined on oath or affirmation. BVI Insolvency Act § 282(1)-**(2)(a)- (c)**. |
| ¶ 50 | . . . whether a winding-up order will ultimately be made. BVI Orders ¶¶ 1-**3**-~~16~~; BVI Insolvency Act §**§** 171. |
| ¶ 53 | . . . to act in the interests of the Debtors.  BVI Orders ¶ 4; Protocol §§ 1-~~23~~**, 9**, 15. |
| ¶ 60 | . . . BCA § 245 ("For ~~the~~ purposes of determining matters . . ."). |
| ¶ 65 | . . . statutory authority to carry out their functions and duties.  *See supra* ¶¶ 42-~~55~~**-54**. |

### Errors in Declaration of Paul Pretlove

| Para. | Correction |
|---|---|
| ¶ 9, n.3 | . . . *In re Three Arrows ~~Cap.~~ **Fund**, Ltd*., ~~649 B.R. 143~~ **No. 24-10210 (MG)** (Bankr. S.D.N.Y. **Feb. 8** 202~~3~~**4**) . . . *In re Hector Dao*, No. 24-16067 (MBK) (Bankr. D.N.J., June 17, 202~~1~~**4**) . . . |
| ¶ 21 | . . . and guidance on registering social media accounts in bulk.  *Id*. ¶ **32,** 34. |
| ¶ 23 n.4 | *See A Wicked Problem: ~~Online Scam Operations and Trafficking into Forced Criminality in Southeast Asia~~ **Seeking Human Rights-Based Solutions to Trafficking into Cyber-Scam Operations in South-East Asia***, UN Office of the High Commissioner for Human Rights (Feb. 20, 2026) . . . "I Was Someone Else's Property": ~~Forced Online Scam Labour in Cambodia~~ **Slavery, Human Trafficking and Torture in Cambodia's Scamming Compounds***, Amnesty Int'l (June 2025) . . . |
| ¶ 25 | . . . then used the cash to purchase clean bitcoin or other cryptocurrencies.  *Id*. ¶ ~~46~~**-39**. |
| ¶ 26 | . . . in one instance, by more than 1,000%. ~~*Id.*~~ **Indictment** ¶ 47 . . . the sixth-largest bitcoin mining operation in the world. ~~*Id.*~~ **Verified Compl. in Rem** ¶¶ 48–49 . . .  the operating capital comprised funds stolen from victims. *Id*. ¶ ~~49~~**-42**. |
| ¶ 27 |  . . . with newly mined bitcoin to make laundered proceeds appear to originate from legitimate mining activity.  *Id*. ¶¶ ~~50–52~~ **42-43**. . . . |
| ¶ 39 | . . . the conclusion of which the company is dissolved and ceases to exist. *See* Chissick **Declaration** ¶¶ 17, 32, 40. |
| ¶ 42 |  . . . in material part, been displaced and now vest exclusively in the JPLs. *See* Chissick Declaration ¶ ~~40~~**-33-52**. |
| ¶ 45 | . . . ". . . remitting assets to the control of the **[**JPLs**]** and for the purpose of obtaining access to and control of the records of the Company." |
| ¶ 76 | I understand from the Debtors' U.S. counsel that, upon recognition, ~~section 1517(d) of the Bankruptcy Code ordinarily~~ **Bankruptcy Rule 6004(h) may** impose~~s~~ a 14-day stay before the recognition order takes effect. . . . |