Andrew G. Dietderich
Sharon Cohen Levin
Christopher J. Dunne
Jacob M. Croke
Alexa J. Kranzley
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Counsel to the Authorized Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE GLOBAL HOLDINGS LIMITED *et al,.*[1]<br><br>    Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 26-10769 (MG)<br><br>(Jointly Administered) |

**REPLY IN SUPPORT OF CORRECTED EMERGENCY MOTION FOR ENTRY OF ORDERS GRANTING (I) *EX PARTE* RELIEF AND (II) PROVISIONAL RELIEF, PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

---

[1]    The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands (the "BVI") and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110.  A complete list of the Debtors and their company numbers may be found at D.I. 2-1.

**Table of Contents**

Reply ..............................................................................................................................................1

I.      The Objections Are Not Authorized by the Objecting Parties. ...........................................1

II.     The Objections Should be Overruled..................................................................................3

        A.      The Proposed Order is Appropriate in Scope ..........................................................3

        B.      The Requested Relief is Appropriate Under Section 1519. .....................................4

Conclusion ......................................................................................................................................9

## **Table of Authorities**

**Page(s)**

**Cases**

*Caballero* v. *Fuerzas Armadas Revolucionarias de Colom.*,
    579 F.Supp. 3d 315 (D. Conn. 2022) ........................................................................................2

*In re Bd. of Dirs. of Telecom Arg. S.A.,*
    2006 WL 686867 (Bankr. S.D.N.Y. Feb. 24, 2006) ................................................................5

*In re ENNIA Caribe Holding N.V.,*
    594 B.R. 631 (Bankr. S.D.N.Y. 2018) ....................................................................................5

*In re Glob. Cord Blood Corp,*
    2022 WL 17478530 (Bankr. S.D.N.Y. Dec. 5, 2022) ......................................................5, 6, 7

*Mindspirit, LLC* v. *Evalueserve Ltd.,*
    346 F.Supp. 3d 552 (S.D.N.Y. 2018) ......................................................................................2

**Statutes**

11 U.S.C. § 1519 .................................................................................................................. passim

The Authorized Foreign Representatives for the Debtors hereby submit this reply (this "Reply") in further support of the *Corrected Emergency Motion for Entry of Orders Granting (I)* Ex Parte *Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code* [D.I. 27] (the "Motion")[2] and in response to objections to the Motion filed by Boies Schiller Flexner LLP ("Boies") and Kobre & Kim LLP ("Kobre Kim").[3]  In support of this Reply, the Authorized Foreign Representatives rely on the Pretlove Declaration, the Chissick Declaration and the concurrently filed *Supplemental Declaration of Andrew Barrington Chissick in Support of the Corrected Emergency Motion for Entry of Orders Granting (I)* Ex Parte *Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code* (the "Chissick Supplemental Declaration") and respectfully state as follows:

## Reply

1.      The Objections should be dismissed as a threshold matter of corporate authority.  If the Court decides to permit the Objections to be heard, they should be overruled on their merits.

## I.      The Objections Are Not Authorized by the Objecting Parties.

2.      The Objections purport to be made on behalf of 27 of the 30 Debtors by counsel that, on information and belief, act at the instruction of Chen Zhi or persons with authority derivative of Mr. Chen.  Media reports indicate that Mr. Chen is currently in the custody of Chinese authorities and the facts are unclear.[4]

---

[2]    Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

[3]    The objections consist of:  (i) *The Objecting Debtors' Objection to Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [D.I. 17] (the "Boies Objection") and (ii) the *Objection of Amber Hill Ventures Limited and Lateral Bridge Global Limited to Emergency Motion for Entry of Orders Granting (I)* Ex Parte *Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code* [D.I. 18] (the "Kobre Kim Objection" and together with the Boies Objection, the "Objections").

[4]    In the BVI Proceedings, Mr. Cosimo Borrelli has filed an affidavit purporting to have been appointed the sole director of the 25 Debtors filing the Boies Objection through a chain of anonymous attorneys-in-fact, originating with Mr. Chen.  Chissick Supp. Decl. Ex. C, ¶¶ 12-14.  The Authorized Foreign Representatives are not aware of the identities of these individuals nor the terms or conditions of the delegation of authority.

3.      Conflicting pleadings filed on behalf of the Debtors in this Court present a threshold question:  who is authorized to speak for the Debtors.  That issue must be resolved at the outset, and it exists independent of the Authorized Foreign Representatives' request for recognition.  The answer is governed by corporate law—specifically, the law of the British Virgin Islands.  *See Caballero* v. *Fuerzas Armadas Revolucionarias de Colom.*, et al., 579 F.Supp. 3d 315, 317 (D. Conn. 2022) (applying local law of state of incorporation in determining who has the right to select counsel to represent a company in court); *Mindspirit, LLC* v. *Evalueserve Ltd.*, 346 F.Supp. 3d 552, 580 (S.D.N.Y. 2018) ("The internal affairs doctrine is a 'generally-recognized choice-of-law-rule,' which is followed in New York, and which provides that 'questions relating to the internal affairs of corporations are decided in accordance with the law of the place of incorporation.'") (internal citations omitted).

4.      BVI law provides a clear answer.  Each BVI Order begins as set forth below.  The bold formatting is from the original; emphasis has not been added.

> **The effect of this Order is that the directors, former directors, office holders and former office holders of the [Debtor] (the "Company") are replaced by the [Authorized Foreign Representatives] and that the directors, former directors, office holders and former office holders are prohibited from taking any action in relation to the Company's affairs without prior consent of the [Authorized Foreign Representatives].**

*Chapter 15 Petition, Ex. Order Application for Joint Provisional Liquidators* [D.I. 1].

5.      As a matter of BVI law, the BVI Orders have divested the Debtors' directors' powers (and in particular, the power of management) by conferring those powers onto the Authorized Foreign Representatives, save for a few limited actions.  These residual powers include the right to challenge the Authorized Foreign Representatives' appointment in the BVI Court (as expressly contemplated by the BVI Orders), but these residual powers do not include the

-2-

authority to appear on behalf of the Debtors in courts around the world or specifically this Court. Chissick Supp. Decl. ¶¶ 12-14.  Accordingly, without corporate authority to act for the Debtors in this Court under BVI law, counsel for "Objecting Debtors" cannot file pleadings on behalf of the Debtors in these Chapter 15 Cases.  The Objections should be dismissed for this reason alone.

6.  Nevertheless, the Authorized Foreign Representatives are prepared to address the merits of the Objections.  The Authorized Foreign Representatives recognize that Mr. Chen and potentially others with whom he is affiliated would, after identifying themselves, have standing as parties-in-interest to appear in these proceedings.

## II.  The Objections Should be Overruled.

### A.  The Proposed Order is Appropriate in Scope.

7.  The proposed Provisional Relief Order is appropriate in form and scope, subject to any comments from the Court.  The Authorized Foreign Representatives are not, contrary to the allegations in the Boies Objection (Boies Obj. ¶¶ 19, 21), seeking to extend the automatic stay to non-Debtor affiliates or outside of the territorial jurisdiction of the United States.  Paragraph 12 of the originally proposed Provisional Relief Order, provides:

> All rights and remedies of any person or entity . . . ***against or in respect of the Debtors or the Authorized Foreign Representatives or affecting the Debtors' property within the territorial jurisdiction of the United States*** are hereby stayed and suspended . . . .

(Emphasis added).  Nor are the Debtors asking either the BVI Court or this Court to approve asset sales at this time.

8.  However, to clarify any concerns that the Court may have, the Authorized Foreign Representatives are modifying the proposed Provisional Relief Order to reinforce that "Section 362 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States" and to remove

entirely the reference to "realization" of assets in paragraph 11 of the originally proposed Provisional Relief Order.[5]

### B.   The Requested Relief is Appropriate Under Section 1519.

9.   Section 1519(a) authorizes relief "urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. §1519(a).  Section 1519(e) provides that the "standards, procedures and limitations applicable to an injunction shall apply to relief under this section."  11 U.S.C. §1519(e).

10.   The urgent need for provisional relief is demonstrated by the fact that the Objections are filed by parties currently purporting to represent the Debtors themselves in the United States in antagonism to the Authorized Foreign Representatives appointed by the BVI Court.  The Boies Objection is particularly relevant.  Boies challenges the international prosecution of Mr. Chen and co-conspirators as a "house of cards" that will soon fall (Boies Obj. ¶¶ 3-5, 50) and entreats this Court (and presumably other persons in the United States) to ignore the Authorized Foreign Representatives accordingly.  Beyond their filings in these proceedings, Boies has appeared in the Forfeiture Proceeding representing *both* Mr. Chen and unspecified entities of the "Prince Holding Group," presumably a reference to the Debtors.[6]  Not having access to discovery in the United States, the Authorized Foreign Representatives do not know whether similar positions are being taken with other U.S. governmental authorities and U.S. persons.  In light of the mandate of the Authorized Foreign Representatives from the BVI Court to cooperate

---

[5]   Attached hereto as <u>Exhibit A</u> is a revised proposed Provisional Relief Order and attached hereto as <u>Exhibit B</u> is a redline of the revised proposed Provisional Relief Order against the original proposed Provisional Relief Order.

[6]   *See* Notice of Appearance of Counsel Matthew L. Schwartz on Behalf of Zhi Chen, United States v. Approximately 127,271 Bitcoin, 25-CV-05745 (RPK) (E.D.N.Y. Dec. 30, 2025), Dkt. No. 5; Notice of Appearance of Counsel Daniel G. Boyle on Behalf of Zhi Chen, Prince Holding Group, United States v. Approximately 127,271 Bitcoin, 25-CV-05745 (RPK) (E.D.N.Y. Dec. 30, 2025), Dkt. No. 32; Notice of Appearance of Counsel Peter M. Skinner on Behalf of Zhi Chen, Prince Holding Group, United States v. Approximately 127,271 Bitcoin, 25-CV-05745 (RPK) (E.D.N.Y. Dec. 31, 2025), Dkt. No. 37.

with U.S. governmental authorities, including the Department of Justice and the Office of Foreign Assets Control ("OFAC"), the issue of who acts on behalf of the Debtors in the United States must be settled.

11.     Moreover, there is nothing in the Objections that is persuasive on any of the four factors relevant to an injunction test.

12.     **Likelihood of success on the merits**.    The Objections argue that the BVI Proceedings are not likely to constitute "foreign proceedings" because they are not "collective" proceedings conducted for the benefit creditors or "for the purpose of reorganization or liquidation," but instead were initiated for investigative purposes only.    *See* Boies Obj. ¶ 31-35; Kobre Kim Obj. ¶ 13.    The Objections misconstrue and narrow the definition of "foreign proceedings", which is intended to be construed broadly, *see In re Glob. Cord Blood Corp,* 2022 WL 17478530, at *6 (Bankr. S.D.N.Y. Dec. 5, 2022) (citing *In re Bd. of Dirs. of Telecom Arg. S.A.,* 2006 WL 686867, at *21–22 (Bankr. S.D.N.Y. Feb. 24, 2006)), and, in any case, are not correct.

13.     "When determining whether a proceeding is 'collective in nature,' the primary question is whether the proceeding considers the rights and obligations of all creditors." *In re ENNIA Caribe Holding N.V.,* 594 B.R. 631, 638 (Bankr. S.D.N.Y. 2018) (citations omitted).    The BVI Proceedings were commenced by the BVI Attorney General in the public interest generally and are not directed toward the enforcement of the rights of any single creditor or other stakeholder.    Rather, the proceedings are intended to "enable coordinated administration and recovery" for all creditors and are properly considered "collective." Chissick Decl. ¶ 58.

14.     Nor do the BVI Proceedings limit the Authorized Foreign Representatives' remit to investigation.    Far from it.    Their remit includes broad powers to, among other things, identify

assets, protect assets from removal or dissipation, seek recognition of their appointment as provisional liquidators around the world, commence litigation to recover and protect assets, commence litigation against former insiders, vote the shares in subsidiaries, maintain and operate bank accounts and carry on the business of the Debtors. BVI Orders ¶ 3. In addition, the BVI Order expressly contemplates that the Authorized Foreign Representatives may take other actions with BVI Court approval, including all the powers granted in Schedule 2 to the Insolvency Act, which include the "[p]ower to pay any class of creditors in full" and the power to compromise debts and liabilities. BVI Orders ¶¶ 3, 10; BVI Insolvency Act, Schedule 2.

15.     The BVI Proceedings are also for the purpose of reorganization or insolvency within the meaning of the definition of "foreign proceeding." They have been commenced expressly for the benefit of a potentially massive number of victims in the United States and around the world. According to the BVI Attorney General's application: "It is essential that joint provisional liquidators be appointed on an urgent basis to take immediate control of the Companies because: . . .[t]he appointment of provisional liquidators will immediately remove control from Mr. Chen and his associates and place the Companies under the supervision and control of officers of this Court, thereby protecting the integrity of any investigation and preserving assets for the benefit of the victims of Mr. Chen and the Prince Group's fraudulent and criminal activities." Chissick Decl., Ex. D. Skeleton Argument of the BVI Attorney General ¶ 61(e). The overwhelming magnitude of potential creditors here is also referenced in the Indictment and Forfeiture Complaint.[7]

16.     Each of the Objections cite *In re Global Cord Blood Corporation* for the

---

[7]   *See* Indictment ¶ 1, United States v. Zhi, No. 25-CR-00312 (RPK) (E.D.N.Y. Oct. 8, 2025), Dkt. No. 1 ("The schemes resulted in billions of dollars in losses incurred by victims in the United States and around the world."); Verified Compl. in Rem ¶ 15, United States v. Approximately 127,271 Bitcoin, No. 25-CV-05745 (BMC) (E.D.N.Y. Oct. 14, 2025), Dkt. No. 1 (same).

proposition that the BVI Proceedings are merely a "corporate governance and fraud remediation effort" rather than a "collective proceeding for the purpose of dealing with insolvency, reorganization or liquidation." 2022 WL 17478530, at *1 (Bankr. S.D.N.Y. Dec. 5, 2022). This is not correct. The joint provisional liquidators in *In re Global Cord Blood Corp.* had an extremely limited mandate and testified that they had formed a view that creditors would not be affected and that the provisional liquidators would not seek to liquidate and distribute assets to different groups of creditors. *Id.* at *7. Given the scope of the assets and liabilities potentially at issue here, the Authorized Foreign Representatives have formed no such view. The full scope of potential actions available to a BVI liquidator remain open to them as these cases develop, and may well be required.

17.     **Irreparable harm.**   The Boies Objection contends that provisional relief is unnecessary to avoid irreparable harm because the section 362 automatic stay of this Court is redundant with extant OFAC sanctions. Boies Obj. ¶¶ 24, 37; 11 U.S.C. § 362. Not so. Section 362 can be enforced by the Authorized Foreign Representative (OFAC sanctions cannot), section 362 protects the Debtors themselves (OFAC sanctions prohibit dealing in blocked assets) and violation of section 362 provides specific remedial options for the Authorized Foreign Representative and this Court. With parties moving against the Debtors on the authority of an alleged criminal facing prosecution in the United States and seemingly imprisoned in China, the seriousness of the situation suggests some measure of redundancy is prudent, rather than a concern.

18.     In addition, provisional relief is helpful to the Authorized Foreign Representatives' pending attempts to navigate the OFAC sanctions regime. The Authorized Foreign Representatives have obtained temporary relief from OFAC, allowing them to supervise ordinary business operations of the Allied Cigar Group, and are seeking additional relief to allow administration of other assets under their control. Pretlove Decl. ¶¶ 49–53. Provisional relief from

this Court will assist the Authorized Foreign Representatives in obtaining this critical assistance from OFAC and minimize the harm sanctions are currently imposing on the Debtors and their underlying business and assets.

19.     **Balance of equities.**  The Objections' arguments about the balance of the equities each fail.  The Debtors have no intention to sell assets without future approval.  And the discovery powers requested are appropriate to learn information about the Debtors' assets in fulfillment of their mandate from the BVI Court.  BVI Orders ¶ 3 (The Authorized Foreign Representatives' powers include, "to . . . preserve the books and records," "to seek the recognition . . . for the purpose of obtaining access and control of the records," and "to retrieve the assets and records").  The Objections' contention that the "Objecting Debtors" will be harmed by a requirement to provide information is telling.  In any case, it is clear that discovery in the United States is to be conducted pursuant to U.S. rules and that the oversight of this Court is available if there are any bona fide concerns.

20.     **Public interest.**  The Objections' assertions about the public interest repeat their other assertions, with the exception of one argument in the Boies Objection about judicial economy.  Boies Obj. ¶ 48.  The Boies Objection contends that provisional relief is not warranted because the BVI Attorney General's application to appoint the Authorized Foreign Representatives is going to be overturned by the BVI Court.  This is irrelevant speculation, not properly before this Court.  The Authorized Foreign Representatives are at work now and they intend to be at work for some time.  Whether the BVI Court determines the BVI Proceedings convert to a full liquidation, remain in provisional liquidation or are dismissed, is a question for the BVI Court to resolve on its timetable, a timetable which is currently indeterminable.  Chissick Decl. ¶ 54.

**Conclusion**

WHEREFORE, the Authorized Foreign Representatives respectfully request that the Court

overrule the Objections and grant the relief requested in the Motion.

Dated: April 20, 2026          Respectfully submitted,
      New York, New York

           */s/ Andrew. G. Dietderich*
           Andrew G. Dietderich
           Sharon Cohen Levin
           Christopher J. Dunne
           Jacob M. Croke
           Alexa J. Kranzley
           **SULLIVAN & CROMWELL LLP**
           125 Broad Street
           New York, NY 10004
           Telephone: (212) 558-4000
           Facsimile:  (212) 558-3588
           Email:   dietdericha@sullcrom.com
                   levinsc@sullcrom.com
                   dunnec@sullcrom.com
                   crokej@sullcrom.com
                   kranzleya@sullcrom.com

           *Counsel to the Authorized Foreign*
           *Representatives*