Andrew G. Dietderich
Sharon Cohen Levin
Christopher J. Dunne
Jacob M. Croke
Alexa J. Kranzley
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Authorized Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]<br><br>      Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 26-10769 (MG)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF ANDREW BARRINGTON CHISSICK IN SUPPORT OF THE CORRECTED EMERGENCY MOTION FOR ENTRY OF ORDERS GRANTING (I) *EX PARTE* RELIEF AND (II) PROVISIONAL RELIEF, PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

1. I, Andrew Barrington Chissick, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

**Introduction**

2. I am a British Virgin Islands ("BVI") legal practitioner and partner of the law firm Walkers (Europe) ("Walkers"), one of the leading offshore law firms. I am a member of the firm's Insolvency and Dispute Resolution Practice Group, advising on matters of BVI,

---

[1] The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110. A complete list of the Debtors and their company numbers may be found at D.I. 2-1.

Bermuda and Cayman Islands law.

3.      I initially trained at the London offices of Mayer Brown International LLP ("Mayer Brown") and was admitted as a solicitor of England and Wales in 2012, following which I practiced for several years as an associate on Mayer Brown's Commercial Dispute Resolution team.  In 2015, I relocated to the BVI to join the firm Carey Olsen LLP and was admitted as a BVI legal practitioner.

4.      In 2019, I joined Walkers' London office and was made partner in July 2022.

5.      Although I remain on the roll of solicitors of England and Wales, I am non-practicing and my legal practice exclusively involves advising on the laws of the BVI, Bermuda and the Cayman Islands, particularly in the context of insolvency and restructuring-related disputes.  I have acted in a number of significant insolvency and restructuring matters before the Eastern Caribbean Supreme Court in the BVI High Court of Justice (Commercial Division) (the "BVI Court"), including the liquidation of certain entities connected to Robert and Vincent Tchenguiz, the provisional liquidation of the OAS Group, the liquidation of the Limora group of companies and the liquidation of various Bernie Madoff feeder funds.

6.      In the course of my practice, I advise liquidators, provisional liquidators and foreign representatives in complex, multi-jurisdictional proceedings, including matters requiring coordination with courts in other jurisdictions.  I have acted in matters that involved coordination with courts in the United States.

7.      On January 5, 2026, the Attorney General of the BVI commenced proceedings by way of originating applications for the appointment of joint liquidators over each of the Debtors and, in parallel, ordinary applications for the interim appointment of joint

provisional liquidators (together, the "BVI Proceedings").  On January 9, pursuant to orders issued in the BVI Proceedings (the "BVI Orders"), the BVI Court duly appointed Paul Pretlove, David Standish and James Drury as the joint provisional liquidators of the Debtors and, in such capacity, the JPLs of the Debtors (collectively, the "JPLs").

8.      The JPLs engaged Walkers to advise on BVI law and to serve as legal counsel in connection with the BVI Proceedings.  I am the partner primarily responsible for the matter at Walkers.  In that capacity, I am familiar with the matters described in this supplemental declaration (the "Supplemental Declaration").

9.      On April 8, 2026, I submitted a declaration in support of (a) the *Emergency Motion for Entry of Orders Granting (I) Ex Parte Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code* [D.I. 7], and (b) the petitions filed under Chapter 15 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") [D.I. 1] and the *Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceedings and Related Relief* [D.I. 2] (the "Verified Petition" and, together with the foregoing petitions, the "Petitions") filed by the JPLs relating to the BVI Proceedings.

10.     On April 16, 2026, Kobre & Kim LLP, purporting to act on behalf of two of the Debtors, filed the *Objection of Amber Hill Ventures Limited and Lateral Bridge Global Limited to Emergency Motion for Entry of Orders Granting (I) Ex Parte Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code* [D.I. 18].  Also on April 16, Boies Schiller Flexner LLP, purporting to act on behalf of 25 of the Debtors, filed *The Objecting Debtors' Objection to Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [D.I. 17].

-3-

11.     I respectfully submit this Supplemental Declaration in support of the

*Corrected Emergency Motion for Entry of Orders Granting (I) Ex Parte Relief and (II) Provisional*

*Relief, Pursuant to Section 1519 of the Bankruptcy Code* [D.I. 27].

**Appointment of the JPLs Under BVI Law and Divestiture of Debtor Directors' Authority**

12.     From the issuance of the BVI Orders on January 9, 2026 through the date

of this Supplemental Declaration, as a matter of BVI law the BVI Orders for the appointment of

JPLs operate to divest the Debtors' directors' powers (and in particular, the power of management)

by conferring those powers hitherto exercisable by the directors, onto the JPLs.  This means that

control of the Debtors was conferred onto the JPLs and that no other person or entity (including,

for the avoidance of doubt, any director of the Debtors) has authority to represent or speak for the

Debtors in any tribunal both within and outside the British Virgin Islands, including in the United

States of America, save in respect of certain limited actions (which are not applicable to these

United States proceedings) (the "Residuary Powers").

13.     The Residuary Powers include the powers to contest the originating

applications filed in the BVI Proceedings; seek the discharge or the variation of the BVI Orders;

and, should the originating applications be granted and joint liquidators be appointed over the

Debtors, pursue the appeal of that decision (in each case, before the BVI Court or the Eastern

Caribbean Supreme Court, Court of Appeal).  Such powers do not extend to challenging the JPLs'

Chapter 15 motion in the United States in the name of the Debtors.

**Filings in the BVI Proceedings**

14.     Attached hereto as Exhibit A is a true and correct copy of the Skeleton

Argument on Behalf of the Respondents for the Hearing on 2 March 2026, submitted to the BVI

Court on March 1, 2026.

-5-

15.     Attached hereto as Exhibit B is a true and correct copy of Exhibit CB-1 of the Affirmation of Cosimo Borrelli affirmed March 2026, submitted to the BVI Court on March 1, 2026.

16.     Attached hereto as Exhibit C is a true and correct copy of the Affidavit of Cosimo Borrelli, submitted to the BVI Court on March 1, 2026.

IN WITNESS WHEREOF, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.


Dated: April 20, 2026
London, UK


_____
Andrew Barrington Chissick