# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

April 21, 2026

Hon. Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
mg.chambers@nysb.uscourts.gov

Re:     *In re: Prince Global Holdings Limited et al., No. 26-10769 (MG) (Bankr. S.D.N.Y.)*

Dear Chief Judge Glenn:

We write on behalf of purported Debtors Amber Hill Ventures Limited and Lateral Bridge Global Limited (together, the "Non-Prince Group Debtors") in response to (i) the letter of Sullivan & Cromwell LLP ("Sullivan & Cromwell"), dated April 18, 2026, regarding falsified citations and other errors included in the Joint Provisional Liquidators' (the "JPLs") *Emergency Motion for Entry of Orders Granting (I) Ex Parte Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code* (the "Motion") [Dkt. No. 9] and (ii) the *Reply in Support of Corrected Emergency Motion for Entry of Orders Granting (I) Ex Parte Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code* (the "Reply") [Dkt. No. 30], which improperly raises new issues and arguments for the first time on reply, including seeking to challenge the authority of Kobre & Kim LLP to represent the Non-Prince Group Debtors.

In light of these newly identified issues, we write to ask that the Court adjourn the hearing on the Motion, currently scheduled for April 22, 2026, to allow the Non-Prince Group Debtors additional time to respond to the newly filed *Corrected Emergency Motion for Entry of Orders Granting (I) Ex Parte Relief and (II) Provisional Relief* (the "Corrected Motion") [Dkt. No. 27] and issues raised for the first time on Reply. This afternoon, the undersigned asked Sullivan & Cromwell for their position on an adjournment. Sullivan & Cromwell stated that they opposed this request.[1]

---

[1]     Good cause exists for submitting this request for adjournment after the Court's 12 p.m. deadline. The JPLs' Reply was filed only late yesterday afternoon, and counsel for the parties promptly sought to meet-and-confer today on these issues in an attempt to obviate the need for this request.

Hon. Martin Glenn
April 21, 2026
Page 2

### 1.  The Non-Prince Group Debtors are Concerned about the Inclusion of Falsified and Erroneous Citations and Need Additional Time to Respond.

The Non-Prince Group Debtors are rightfully concerned about the inclusion of fake and erroneous caselaw citations in the Motion, which the JPLs' counsel asserts is the product of "hallucinations" caused by their use of artificial intelligence ("AI") in the preparation of the Motion.  *See* Letter to Hon. Martin Glenn (the "S&C Letter") [Dkt. No. 25].  Indeed, the S&C Letter identified no less than 28 erroneous citations in the Motion—including, but not limited to, fabricated quotations from an opinion from this Court—and numerous inaccuracies in other filings.  These issues were first identified by counsel for the other purported Debtors at Boies Schiller Flexner LLP ("Boies Schiller") and led to the JPLs withdrawing the Motion and filing the new Corrected Motion.  All of this was after both the Non-Prince Group Debtors and the other purported Debtors (together, the "Objecting Debtors") had already filed their respective objections.  The prejudice to all of the Objecting Debtors is compounded by the fact that the JPLs were able to resubmit their Corrected Motion with updated citations after having the benefit of seeing both objections.[2]

Given the very short window during which Sullivan & Cromwell apparently conducted their investigation (approximately 36 hours) and the similarly short window in which the Non-Prince Group Debtors have had to review the disclosures in the S&C Letter and the Corrected Motion, the Non-Prince Group Debtors believe that an adjournment is appropriate for all parties to confirm that there are no other hallucinations or false citations in the JPLs' papers, including those filed in support of the Chapter 15 Petitions, and for the Non-Prince Group Debtors to have a chance to respond substantively to the Corrected Motion.  After all, "[t]he conduct of bankruptcy proceedings not only should be right but must seem right."  *In re Ira Haupt & Co.*, 361 F.2d 164, 168 (2d Cir. 1966).  An adjournment resulting in greater transparency is not only fair and appropriate for the parties but will help to ensure the integrity of the proceedings before this Court.

### 2.  The JPLs Cannot Presuppose Recognition and their Introduction of New Arguments for the First Time on Reply is Improper.

In their Reply, the JPLs raise for the first time a challenge to the legal representation of the Debtors in the Chapter 15 Cases and effectively seek adjudication of the JPLs' authority to act on behalf of the Debtors prior to recognition.  They do this by relying on a supplemental evidentiary declaration, (the "Supplemental Chissick Declaration") [Dkt. No. 31], which itself is improper as it attempts to introduce new evidence not raised in the original Motion and deprives the Non-Prince Group Debtors of the opportunity to rebut and correct the legal and factual errors introduced through the Reply.

The JPLs' conclusory assertion that they are solely authorized to act on behalf of the Debtors in the United States (before a single issue on the merits of recognition has been briefed)

---

[2]    For the avoidance of doubt, we do not suggest that the JPLs made substantive changes to the Corrected Motion beyond correcting the AI generated citations.  Nonetheless, the JPLs had the opportunity to revise certain citations and their parentheticals which directly relate to the issues being presented to this Court for decision, such as whether discovery should be authorized on a provisional basis, and as to which the Non-Prince Group Debtors have specifically objected.

Hon. Martin Glenn
April 21, 2026
Page 3

is not supported by U.S. law, BVI law, or the BVI Orders.  To the contrary, the fundamental purpose of a Chapter 15 proceeding is for a U.S. court to assess and, where appropriate (after briefing and a full and fair hearing on the merits), recognize a foreign insolvency proceeding and with it the authority of foreign representatives.  The Bankruptcy Code makes clear that "*[i]f* the court grants recognition under section 1517 . . . a court in the United States shall grant comity or cooperation to the foreign representative," but "if the court denies recognition under this chapter, the court may issue any appropriate order necessary to prevent the foreign representative from obtaining comity or cooperation from courts in the United States." 11 U.S.C. § 1509(b)(3) (emphasis added), (d).  "[R]ecognition [of a foreign proceeding] is a *sine qua non* for access to the U.S. courts." *In re Millard*, 501 B.R. 644, 653 (Bankr. S.D.N.Y. 2013) ("Section 1509 of the Code . . . effectively establishes the bankruptcy court as a gatekeeper for a foreign representative's access to the U.S. Courts, with recognition as the means to open the gate.").  Prior to recognition, the Court simply cannot restrict other parties acting for the Debtors from being heard.

Furthermore, the JPLs' argument is illogical and unsound.  Mr. Chissick concedes that the Debtors' "Residuary Powers" under the BVI Orders include the power to contest the liquidation in the BVI and the appointment of the JPLs.  *See* Supplemental Chissick Declaration ¶ 13.  It would make no sense for the Debtors to be able to do this in the *primary* proceeding in the BVI, but not be able to come to the United States—where the BVI Orders have no effect prior to recognition— to contest the recognition of those same BVI proceedings.  Furthermore, the BVI court alone has no authority or jurisdiction to confer such sweeping authority on the JPLs outside of the BVI (absent recognition by a foreign court) and, at least at this stage of the proceedings, it would be illogical to bar the Non-Prince Group Debtors from contesting recognition of the Chapter 15 Petitions and the additional provisional relief being sought.  Unsurprisingly, the JPLs have not cited any U.S. case law that adopts the position they are pushing here. [3]

As is made clear by the correspondence attached as **Exhibit 1**, the Non-Prince Group Debtors' counsel in the BVI has already raised this issue with the JPLs' BVI counsel.  And while the Non-Prince Group Debtors have pointed to BVI case law that supports their position, the JPLs' counsel have been unable to do so.

The Non-Prince Group Debtors respectfully submit that, should the Court wish to hear arguments on the issue of standing, they should be given adequate time to fully brief these issues for the Court, including through additional evidence.  A brief adjournment of the hearing would accomplish that goal

\*       \*       \*

In sum, the Non-Prince Group Debtors will be unfairly prejudiced by the various recent filings made in these Chapter 15 Cases absent an adjournment.  Furthermore, as the Non-Prince Group Debtors noted in their Objection, these Chapter 15 Cases are at a preliminary stage, a

---

[3]    The cases relied on by the JPLs are inapposite as they do not involve Chapter 15 proceedings and do not address the principles of comity that only apply after recognition.  *See* Reply at ¶3 (citing *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 579 F. Supp. 3d 315 (D. Conn. 2022) (addressing motion to substitute counsel in turnover action) and *Mindspirit, LLC v. Evalueserve Ltd.*, 346 F. Supp. 3d 552 (S.D.N.Y. 2018) (addressing internal affairs doctrine in context of breach of contract claim)).

Hon. Martin Glenn
April 21, 2026
Page 4

hearing on the Chapter 15 Petitions has not been set, and the pending Chapter 15 Cases may be rendered moot by developments in the underlying BVI proceedings which are at an advanced stage and nearing a decision. While the JPLs have provided scant reasoning for why relief is needed on an expedited basis, the posture of these Chapter 15 Cases and the underlying BVI Proceedings indicate that these cases should not be, and need not be, rushed forward.

Given these circumstances, the Non-Prince Group Debtors respectfully request that the Court adjourn the hearing on the Motion, currently scheduled for April 22, 2026, and instead hold a status conference to determine appropriate next steps.

Sincerely,

**KOBRE & KIM LLP**

*/s/ Jeremy O. Bressman*
Daniel J. Saval
Jeremy O. Bressman
Adam M. Lavine
Martine B. Forneret
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
Daniel.Saval@kobrekim.com
Jeremy.Bressman@kobrekim.com
Adam.Lavine@kobrekim.com
Martine.Forneret@kobrekim.com

*Counsel to Debtors Amber Hill Ventures Limited and Lateral Bridge Global Limited*