# EXHIBIT 1

# KOBRE & KIM

COMMERCE HOUSE, WATERFRONT DRIVE
P.O. BOX 3099, PMB 50, ROAD TOWN, TORTOLA, VG 1110
BRITISH VIRGIN ISLANDS
WWW.KOBREKIM.COM
TEL +1 284 852 1600

20 April 2026

**BY EMAIL**

Walkers
171 Main Street
PO Box 92, Road Town
Tortola VG1110
British Virgin Islands

Attention: Oliver Clifton, Iain Tucker, Andrew Chissick

Dear Sirs:

**Re:**    **Amber Hill Ventures Limited and Lateral Bridge Global Limited**
**BVIHCOM2026/0003 and BVIHCOM2026/0011**

As you are aware Kobre & Kim (BVI) LP act for Amber Hill Ventures Limited and Lateral Bridge Global Limited (the "**Companies**") in the ongoing applications to appoint liquidators over the Companies (the "**BVI Proceedings**"). We also refer to related Case No. 26-10769 (MG) extant in the United States Bankruptcy Court, Southern District of New York (the "**Chapter 15 Proceedings**").

We refer specifically to the Reply Brief and the Supplemental Declaration of Andrew Chissick filed this afternoon in Chapter 15 Proceedings. We were surprised to note the position adopted by JPLs in the Chapter 15 Proceedings is that they have exclusive authority to act in the name of the Companies in opposing recognition of their own appointment (the "**Standing Argument**").

The Standing Argument is wholly unsubstantiated by any supporting authority. Moreover, it is wrong as a matter of law. We enclose a copy of *In re Union Accident Insurance Co Ltd* [1972] 1 WLR 640 in which, contrary to the position the JPLs now adopt, it was held that notwithstanding the appointment of a provisional liquidator on a winding up, the board of directors of a company retained the residuary power to instruct solicitors and counsel to oppose the petition and to appeal against the order, ***and also to act in interlocutory proceedings***, including a motion to discharge the provisional liquidator. (Emphasis added).

AMERICAS (NEW YORK, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
APAC (HONG KONG, SEOUL, SHANGHAI), CARIBBEAN (BVI, CAYMAN ISLANDS), EMEA (CYPRUS, DUBAI, LONDON, TEL AVIV)

KOBRE & KIM REFERRED TO HEREIN IS A REFERENCE TO KOBRE & KIM (BVI) LP.

Walkers
20 April 2026
Page 2

We refer specifically to the following comments of Plowman J at 642C: "*The issue is to the extent of those residuary powers, and in particular whether they extend to the launching of the present motion.* **I think that it may sometimes be helpful to test the matter by considering the other side of the coin, namely, to inquire whether the power which the board is said to have lost is one which can be said to have been assumed by the liquidator. If the answer is it cannot, that may be a good reason for saying the board still retains it**." (Emphasis added)

Not only is the Standing Argument unsupported by authority, it is also illogical. It would be absurd for the JPLs to seek recognition of their appointment and at the same time instruct the Companies to oppose the JPLs' own application. If the Standing Argument were correct, it would mean the JPLs have a 'free pass' to seek recognition without opposition even where (as here) recognition ought not to be granted. That is no doubt why the orders appointing the JPLs ("**BVI Orders**") do not actually say that the JPLs have exclusive authority to oppose recognition proceedings initiated by the JPLs themselves, and why paragraph 3(d) of that order does not refer to recognition proceedings at all.

Further, the power to oppose the JPLs motion for emergency relief in the Chapter 15 Proceedings cannot be said to have been assumed by the JPLs in circumstances where, self-evidently, the JPLs are yet to be recognized in the United States. Moreover, the interpretation the JPLs seek to make of the BVI Orders would have the effect of resulting in the JPLs having broader powers in the United States than the JPLs currently have in the BVI. Clearly until such time as the JPLs have been recognized in the United States, the act of the Companies in opposing the Chapter 15 Proceedings are akin to an act in interlocutory proceedings as referred to in *Union Accident Insurance Co Ltd*.

In the circumstances, please provide your confirmation by 10:00am BVI time on Tuesday 21 April 2026 that the JPLs will no longer advance the Standing Argument in the Chapter 15 Proceedings, alternatively that they grant the Companies permission to oppose the Chapter 15 Permission on the instructions of their directors, to the extent any permission is required at all. In the event we do not receive such confirmation we are instructed to issue an urgent application to the Court for a declaration that the Standing Argument is wrong as a matter of BVI law and/or for orders to vary the terms of the BVI Orders accordingly.

Yours faithfully,

Kobre & Kim (BVI) LP
+1 284 852 1600



**BY EMAIL**

21 April 2026                                                    Our Ref:    AC/TH/L16832

Kobre & Kim
Commerce House
Waterfront Drive
P.O. Box 3099
PMB 50
Road Town, Tortola VG1110
British Virgin Islands

Dear Sirs/Mesdames

**BVIHCOM2026/0003 and BVIHCOM2026/0011: Amber Hill Ventures Limited and Lateral Bridge Global Limited**

1.      We refer to your letter dated 20 April 2026.

2.      We do not agree with your analysis, which is based upon a deliberate misreading of the purpose and operation of the provisional liquidation orders dated 9 January 2026 (the "**Orders**").  Your clients plainly understand this from your threat to seek unidentified "*orders to vary the terms of the BVI Orders*", which would be otherwise unnecessary.

3.      For the reasons set out below, our clients do not accept that your clients are entitled to a declaration you purport to seek, or any variation of the Orders, particularly on an *ex parte* basis on self-professed urgency, to the disruption of the process of BVI Commercial Court and the U.S. Bankruptcy Court in the Southern District of New York. We set out below our proposed way of resolving your clients' concerns without any such application.

**The rights and powers of the JPLs**

4.      By the Orders, the Court has appointed our clients as joint provisional liquidators of the companies (paragraph 1) and has conferred upon them the rights and powers of a liquidator to the extent necessary to maintain the value of the assets owned by the companies and to carry out the functions for which they have been appointed (paragraph 2).

5.      Paragraph 3 provides that "[*i]n addition*", the JPLs shall have certain specific powers, which powers may be exercised "*without further sanction or intervention of this Honourable Court*". As is clear, those are specific powers that the Court has already decided should be immediately exercisable by the JPLs without further intervention of the Court.  The idea that the board of the companies could oppose the exercise of such powers is self-evidently misconceived.  The Court has already decided that they can be exercised by the JPLs.  It is hopeless to contend that the Court has decided that the JPLs may exercise a specific power without requiring further

**Walkers**

The Scalpel, 11th Floor, 52 Lime Street, London, EC3M 7AF, UK
**T**  +44 (0)20 7220 4999 www.walkersglobal.com

Bermuda | British Virgin Islands | Cayman Islands | Dubai | Guernsey | Hong Kong | Ireland | Jersey | London | Singapore

26900886.1.P5123.L16832

**WALKERS**                                                                                          Page 2

sanction whilst simultaneously intending that the exercise of such specific powers can be opposed in the name of the companies.

### Specific express powers of the JPLs

6.      The specific powers include, per paragraph 3a, the power to gain entry to the companies' premises and to take possession of and preserve the books and records of the companies.  If your analysis were correct, then the board would be able to assert in the name of the company that the JPLs may not enter the companies' premises and/or take possession of and preserve the books and records of the companies. That need only to be stated to be seen as absurd. It would be fundamentally incompatible with the powers conferred upon the JPLs and an interference with the ability of the JPLs to discharge their functions.

7.      Again, if your analysis were correct, then notwithstanding paragraph 3b, which confers upon the JPLs the specific power, *inter alia*, to take such steps as may be necessary to protect assets of the company from removal or dissipation, it would be open to the board to purport to cause the company to oppose the JPLs taking such steps.  Again, this is an untenable proposition.

### Specific power to seek recognition

8.      To the same effect, it is obviously wrong to contend that the directors can cause the company to oppose the JPLs in the exercise of the powers already specifically conferred upon them to seek recognition of their appointment.  That involves arguing that they have the power in the name of the company to do the opposite to that which the Court has already decided the JPLs should be entitled to do.

9.      This is entirely without prejudice to the standing and rights of any other stakeholder (including those persons who control or are registered members of your clients) to appear or be heard in the US Proceedings.

### Your clients' attempts to ambush recognition

10.     There is the residual power for directors to apply to challenge or vary, on behalf of the companies, the Orders appointing the provisional liquidators.  Your clients have not at any stage in the prior three and a half months applied to challenge the grant of any of the express powers conferred by paragraph 3 (nor seriously could they have done).

11.     Instead, your clients have, at the very last minute, thought it appropriate to take steps to intermeddle with and so to seek to frustrate the discharge by the JPLs of their functions and the exercise of the powers specifically conferred upon them, and thereby seek to ambush the JPLs' application for Chapter 15 relief.

### Interrupting the JPLs' investigations

12.     The position that your clients are purporting to adopt in the US proceedings extends beyond purporting to cause Amber Hill Ventures Limited and Lateral Bridge Global Limited to oppose recognition, and includes also opposing the applications by the JPLs for relief in relation to the production of documents and information relevant to the affairs and assets of the companies. The obtaining of such information is obviously to assist in the fulfilment of the purposes for which the JPLs have been appointed.

13.     This therefore involves purporting to act in the name of the companies in opposing actions which fall variously within: paragraph 3a (power to take possession of and preserve the books and records of the company), paragraph 3b (power to identify any assets which may remain in

26900886.1.P5123.L16832

**WALKERS**                                                                       Page 3

the possession or control of the company),  paragraph 3c (power to seek recognition for the purpose of securing, realising and remitting assets and for the purpose obtaining access to and control of the records of the company), paragraph  3g (power to take all necessary steps to obtain from any person documents or copy documents which belong to the company or have been created or maintained on its behalf or which the company has a right to obtain or inspect), paragraph 3i (power to investigate the affairs of the company so far as necessary to protect, and if necessary, retrieve the assets and records of the company), and  paragraph 3m (power to do all other things as may be incidental to the exercise of the above functions and powers).

**The Application**

14.    Your threatened urgent application seeks either (a) a declaration that the Standing Argument is wrong as a matter of BVI law (which is not relief we believe has even been sought previously, and ultimately submits that the BVI Court has made Orders which are not capable of being understood (which is denied)), or (b) seeks a variation of the Orders (which is wholly inappropriate in the circumstances).

15.    In any case, you have entirely failed to address why any such threatened application to the BVI Court is urgent. It plainly cannot be urgent in circumstances in which the forthcoming hearing in the US is for interim relief and where your clients do not oppose the interim stay sought in the US Proceedings.

**Conclusion**

16.    In view of the foregoing, the JPLs plainly cannot agree that they will not advance the so-called "Standing Argument". Your clients' lack of standing cannot (and in any case should not) purport to be cured by the acquiescence of the JPLs.

17.    Should you nonetheless proceed to issue what purports to be an urgent *ex parte* application, you and your clients would be required to discharge the duties of full and frank disclosure and fair presentation. Discharge of these duties would require, at a minimum, a copy of this correspondence being included in whatever papers are placed before the BVI Court, and the application being made on (at least) short notice to our clients.

18.    It is our clients' hope that in circumstances in which your clients have not averred to any form of prejudice that would follow from the making of the interim orders in the US Proceedings, that should they wish to seek a variation of the JPL Orders (or any other relief in this regard) they will make the application on notice supported by evidence in the usual way, and permit such application to be considered carefully by the BVI Court with all parties and stakeholders present. This would include (for example) the Attorney General. The JPLs will of course cooperate with your clients in ensuring any such application, if made, is brought in an orderly manner.

Yours faithfully

*Walkers*

**WALKERS**

26900886.1.P5123.L16832