**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]

    Debtors in Foreign Proceedings.

Chapter 15

Case No. 26-10769 (MG)

(Jointly Administered)

## ORDER GRANTING PROVISIONAL RELIEF

Upon consideration of the emergency motion (the "Motion")[2] filed by the duly

Authorized Foreign Representatives, seeking entry of an order (this "Order") granting

provisional relief:

    a.    entrusting full and sole authority of the administration of the Debtors' assets located in the United States to the Authorized Foreign Representatives;

    b.    applying section 362 of the Bankruptcy Code with respect to the Debtors and their property located within the territorial jurisdiction of the United States, pursuant to sections 1519(a)(1) and 1521(a)(7) of the Bankruptcy Code;

    c.    prohibiting any person or non-governmental entity (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Authorized Foreign Representatives, from commencing or continuing any act or legal proceeding to seize, attach, garnish, confiscate, or transfer title to any assets of the Debtors or any of their subsidiaries and affiliates;

    d.    authorizing the Authorized Foreign Representatives, pursuant to sections 1519(a)(3) and 1521(a)(4) of the Bankruptcy Code and Bankruptcy Rule 2004, to issue subpoenas for the production of documents and testimony to any persons or entities that the Authorized Foreign Representatives reasonably determine may have information relevant to the Debtors, their affairs, or their

---

[1]    The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110.  A complete list of the Debtors and their company numbers is attached as Exhibit A to the Motion.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

assets;

e.  authorizing the Authorized Foreign Representatives to take possession and to seek turnover of any and all documents, records, filings, or other information, however stored, that belongs to the Debtors and that is found within the territorial jurisdiction of the United States;

f.  granting the Authorized Foreign Representatives the rights and protections to which they are entitled under chapter 15 of the Bankruptcy Code, including the protections limiting the jurisdiction of United States courts over the Authorized Foreign Representatives in accordance with section 1510 of the Bankruptcy Code;

g.  notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, ruling that (i) the Provisional Relief Order shall be effective immediately and enforceable upon entry and the 14-day stay of effectiveness of the Provisional Relief Order is waived, (ii) the Authorized Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in the Provisional Relief Order, and (iii) the Authorized Foreign Representatives are authorized and empowered, and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the Provisional Relief Order; and

h.  granting related relief;

and this Court having considered (a) the Motion, (b) the Petitions, (c) the Declarations, and (d) the evidence presented at the hearing before this Court on April 22, 2026 (the "Hearing"); and this Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* M-431 of the U.S. District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue of this proceeding being proper before this Court pursuant to 28 U.S.C. § 1410(1); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary;

and it appearing that the relief requested in the Motion, as granted herein, is in the best interests of the Debtors; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

1. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. The Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

3. The BVI Proceeding is pending in the BVI, and the Authorized Foreign Representatives have been authorized to act as foreign representatives of the Debtors.

4. The Court concludes that the Authorized Foreign Representatives have demonstrated a likelihood of success on the merits of the Petition.

5. The relief granted herein is authorized under section 1519 of the Bankruptcy Code, and the Authorized Foreign Representatives have demonstrated that irreparable harm to the Debtors may occur in the absence of that relief.

6. The Authorized Foreign Representatives have demonstrated that the relief granted in this Order is urgently needed to protect the Debtors' assets and the interests of creditors and other parties-in-interest pending determination of the Verified Petition for recognition, and will neither cause an undue hardship nor create any hardship to creditors or parties-in-interest that is not outweighed by the benefits of this Order to the Debtors' creditors and other parties-in-interest.

7. The interest of the public will be served by the Court's granting of the relief set forth herein.

8. The interests of creditors and other parties-in-interest, including the Debtors, with respect to the relief granted hereby are sufficiently protected for purposes of section 1522(a) of the Bankruptcy Code.

9. The relief granted herein is in the best interests of the Debtors, their creditors, and other parties-in-interest.

10. The discovery authorized hereby is necessary and appropriate and authorized under sections 1519 and 1521(a)(4) of the Bankruptcy Code and the applicable Federal Rules of Bankruptcy Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

11. The Authorized Foreign Representatives shall be entrusted with the administration of the Debtors' affairs and assets located in the United States and are established as the exclusive authority to administer the Debtors' assets and affairs in the United States during the period beginning with the entry of this Order and continuing until such time as this Court enters an order with respect to the Petition (the "Provisional Period").

12. Section 362 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States.

13. The security provisions of rule 65(c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7065 are inapplicable to the relief sought and granted in this Order and are waived.

14. This Order is without prejudice to the rights of the Authorized Foreign

Representatives to seek additional relief under applicable provisions of the Bankruptcy Code, including, without limitation, section 1519 of the Bankruptcy Code. This Order is without prejudice to the right of any party-in-interest to seek relief from this Order in this Court upon due and sufficient notice to the Authorized Foreign Representatives and to the Debtors.

15. Notice of the entry of this Order and the supporting documents will be provided to (a) the Debtors; (b) the United States Trustee for the Southern District of New York; (c) the United States Attorney for the Southern District of New York; (d) the United States Attorney for the Eastern District of New York; (e) the United States Department of the Treasury's Office of Foreign Assets Control; (f) the United States Department of Justice; (g) the United States Department of the Treasury's Financial Crimes Enforcement Network; (h) all parties that have filed a notice of appearance in these Chapter 15 Cases within three (3) business days of the filing of such notice of appearance; and (i) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Authorized Foreign Representatives are aware.

16. The Authorized Foreign Representatives are authorized to issue subpoenas for the production of documents and testimony pursuant to the Federal Rules of Bankruptcy Procedure and any other applicable law to any persons or entities that the Authorized Foreign Representatives reasonably determine may have information relevant to the Debtors, their affairs, or their assets.

17. Any subpoenas served pursuant to this Order shall be without prejudice to the recipient's or any other party-in-interest's rights to object in accordance with applicable law and procedural rules.

18. Each subpoena recipient shall comply with the subpoenas not later than fourteen (14) days after the service of subpoena and a copy of this Order.

19.     Any disputes concerning the subpoenas that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five (5) pages, single spaced. Parties-in-interest may file a responsive letter brief within three (3) business days, which shall not exceed five (5) pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers.

20.     The Authorized Foreign Representatives, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules, the Local Rules or the orders of this Court.

21.     Subject to the limitations set forth herein, the Authorized Foreign Representatives are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

22.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

23.     This Court shall retain jurisdiction with respect to the implementation, enforcement, amendment and modification of this Order.

Dated:   April 30, 2026              ___/s/Martin Glenn_____
         New York, New York          Chief Judge Martin Glenn
                                      United States Bankruptcy Judge