# EXHIBIT 2

## Declaration of Cosimo Borrelli

**AFFIDAVIT OF COSIMO BORRELLI**

I, **COSIMO BORRELLI**, of Admiralty Asia Partners ("**Admiralty Asia**"), Suite 911, Level 9 One Pacific Place, Hong Kong, **MAKE OATH** and **SAY** as follows:

1. I submit this Declaration in support of the *Director's Objection to Verified Petition under Chapter 15 for Recognition of Foreign Main Proceedings and Related Relief* (the "**Objection**") to be filed in the chapter 15 cases (the "**Ch. 15 Cases**") commenced by Paul Pretlove, David Standish, and James Drury as the putative foreign representatives (the "**Joint Provisional Liquidators**" or "**JPLs**") of the ongoing provisional proceedings (the "**BVI Proceedings**") pending in the High Court of Justice, Commercial Division, of the British Virgin Islands (the "**BVI Court**") with respect to each of Prince Global Holdings Limited and 29 of its affiliates (together, the "**Debtors**").

2. I am the founder of Admiralty Asia, a firm with its headquarters in Hong Kong and focused on insolvency and restructuring, forensic and expert services internationally. As I will further explain further below, I have been appointed director of the Respondent companies. As such, I am authorised to make, and do make, this affidavit.

3. The facts and matters in this affidavit are either derived from my own personal knowledge and are true, or are based on stated sources and are true to the best of my information, knowledge and belief.

4. Unless stated otherwise, capitalized terms used herein have the meanings set forth in the Objection.

**My professional background**

5. I am a chartered accountant with more than 35 years of experience working on behalf of and advising lenders and financiers, shareholders, distressed companies, secured and unsecured creditors, investors, courts and other stakeholders on restructuring, insolvency and related corporate advisory arrangements and solutions in distressed environments across a range of industries including oil and gas, real estate and construction, shipping, manufacturing and commodities.

6. Prior to founding Admiralty Asia, I was Managing Director and Co-Head of Kroll Global Restructuring, and before that the founder of Borrelli Walsh, both of which had offices internationally, including the BVI. Kroll acquired Borrelli Walsh Limited in 2020 and Borrelli Walsh was and Kroll remains a leading provider of insolvency and restructuring, corporate advisory, and forensic and expert services internationally, including throughout the Asia Pacific, the Caribbean

and internationally. Much of my practice is based in Asia including the PRC and throughout the offshore business community, including the BVI.

7. Over the last three decades, my mandates have typically involved substantial, complex, cross border and contentious restructurings and insolvencies involving both out of court appointments as receiver, independent financial advisor and director and, often, as an officer of and under the supervision of courts as provisional, official liquidator and court appointed receiver in various jurisdictions. I have been appointed by courts in various capacities since approximately 1999. I am also often appointed by stakeholders to act as an executive, non-executive or independent director of publicly listed or large privately-owned groups and as legal representative of companies in the PRC.

**My appointments in relation to the Borrelli Debtors**

8. On or around 6 January 2026 Mr Chen was taken from Cambodia by the Chinese authorities and is being held in custody in China. As far as I am aware is not able to communicate with the outside world. Mr Chen gave a full power of attorney to certain individuals prior to his being taken into custody in China. Those individuals have not been subject to any allegations or charges in connection with any of the matters alleged against Mr Chen and are professional people within the Prince organisation. The Chinese authorities have made threats against parties associated with Mr Chen. In another case in Myanmar (unrelated to Prince group) they executed a group of individuals accused of involvement in scam centres. For those reasons, the attorneys-in-fact wish to remain anonymous and I have (reasonably) committed to respect those wishes. I was instructed that their identities may be shared with Justice Mithani of the BVI Court, but I am not authorised to provide their details to any other party.

9. On 13 February 2026 Mr Chen's attorneys-in-fact appointed me as "Special Manager" authorising me to deal with any urgent issues arising on a day-to-day basis with respect to each of Prince Global Holdings Limited, Auspicious Tycoon Limited, Bright Team Global Limited, Delightful Thrive Limited, Even Sincerity Limited, Fulam Investment Limited, Giant Victory Holdings Limited, Golden Ascend International Limited, Harmonic State Limited, Luminous Glow Limited, Mighty Divine Limited, Noble Title Limited, Oriental Charm Holdings Investment Limited, Pacific Charm Holdings Investment Limited, Praise Marble Limited, Prince Global Group Limited, Respectful Steed Limited, Retain Prosper Limited, Simply Advanced Limited, Southern Heritage Limited, Star Merit Global Limited, Starry Bloom Limited, Sure Tycoon Limited, Towards Sunshine Limited, and United Riches Global Limited (together, the "**Borrelli Debtors**"), as a stop-gap measure while my director appointments were being prepared. That appointment has since been terminated because it was superseded by my appointment as director.

10. Pursuant to director and shareholder resolutions passed in writing and dated between 23 February 2026 and 27 February 2026, the boards of directors of the Borrelli Debtors have been

reconstituted, such that I am now the sole director of those companies. In cases where Mr Chen is the shareholder of the relevant company, I have been appointed by Mr Chen's attorneys-in-fact given that Mr Chen has been extradited to China. I have seen and verified all of the relevant documentation and am satisfied that those appointing me had power to do so.

11. I have now been appointed to the Borrelli Debtors and I am focused on ensuring and will continue to ensure that their affairs are independently and transparently managed. My mandate as independent director shares substantially the same objective as the primary stated objective of the provisional liquidators, namely to maintain the status quo and to preserve the assets of the companies in question pending the resolution of any underlying issues and with commensurate reporting. I have gone to some lengths to try to work cooperatively with the provisional liquidators. Unfortunately, this is not something which the provisional liquidators wish to entertain. I believe that my appointment as independent director is appropriate and proportionate way of ensuring the good conduct if the affairs of the Borrelli debtors, including through cooperation with the provisional liquidators and others in the face of these allegations.

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 under the laws of the United States that the foregoing is true and correct.

Executed on this the twenty-first day of May, 2026, in the Hong Kong Special Administrative Region of the People's Republic of China.

**Cosimo Borrelli**

Admiralty Asia Partners
Suite 911, Level 9
One Pacific Place
Hong Kong