# EXHIBIT 24

## April 28, 2026 Letter from Campbells to BVI Registrar

CAMPBELLS

**Campbells Legal (BVI) Limited**
Floor 4, Banco Popular Building | PO Box 4467
Road Town, Tortola VG - 1110 | British Virgin Islands
gcarroll@campbellslegal.com
**t.** +1 284 852 4823
**campbellslegal.com**

**Our Ref:** GC/DG/20785-45687
**Your Ref:**

**The Registrar**
Registry of the High Court
2nd Floor, Sakal Building
Wickhams Cay
PO Box 418
Road Town Tortola
VG1110

28 April 2026

Dear Madam Registrar

**BVIHC (COM) 2026/0001 - 0030: proceedings relating to the provisional liquidations of the Companies (the "Proceedings")**

We act for 25 of the respondents to the Proceedings (the "**Campbells Respondents**"). We refer to Walkers' letter of today's date drawing the Court's attention to the third Joint Provisional Liquidators' (the "**JPLs**") interim report filed today.

The Originating Application in relation to these matters was heard on 16-17 April 2026, and the evidential window has now closed for all parties. All that remains is for written summaries of oral submissions from all parties, in accordance with the Court's direction (the "**Final Hearing**").

At the conclusion of the Final Hearing the JPLs raised the issue of their previously filed sealed reports. This issue was comprehensively addressed by all parties and Mr Gledhill KC, on behalf of the Campbells Respondents, submitted that it would now be inappropriate for the Learned Judge to consider reports that have been sealed against all respondents and affording no opportunity for the respondents to either consider or respond to the sealed JPLs' reports. Indeed, it was submitted that it would now be manifestly unfair for further evidence, including evidence produced post the Final Hearing, to now be considered. We do not see that anything has changed.

We therefore respectfully request that the Learned Judge does not read any of the JPL reports without hearing further submissions from the parties.

Walkers have made the suggestion that the Court may rule on the question of the parties' corporate authority to appear for the respondents. We respectfully suggest that in the interest of fairness that any such application be heard by a Commercial Court judge other than Mr Justice Wallbank KC. Likewise, given the position with respect to the imminent ruling on the substantive liquidation application, it would also be more appropriate for another Judge of the Commercial Court to deal with any judicial requests from the US Bankruptcy Court. Indeed, since the Walkers letter of today's

date, Kobre & Kim on behalf of two of the respondents, have written to the parties ostensibly making this suggestion. We would thereafter ask that the Court takes no action on the Walkers letter of today's date and afford the parties an opportunity to agree an appropriate way forward.

Yours faithfully

Campbells

**Campbells**
cc. Walkers, Kobre & Kim, O'Neal Webster