# **EXHIBIT 30**

## February 24, 2026 Letter from Campbells to Interpath

Campbells

Campbells Legal (BVI) Limited
Floor 4, Banco Popular Building
PO Box 4467
Road Town, Tortola VG-1110
British Virgin Islands
T +1 284 494 2423
E gcarroll@campbellslegal.com
pkennedy@campbellslegla.com
slinn@campbellslegal.com
mchan@campbellslegal.com

Our Ref: GC/PK/20785-45687
Your Ref:

BVI | CAYMAN | HONG KONG

**By Email**

Interpath (BVI) Limited
LM Business Centre
Fish Lock Road
P.P. Box 4571
Road Town
VG1110
British Virgin Islands

24 February 2026

Dear Sirs,

**Re: Certain Companies in Provisional Liquidation**

We write concerning the 26 companies listed in the Schedule to this letter (together, the "**Companies**") in connection with the provisional liquidation proceedings in which you have been appointed as provisional liquidators. We are instructed to act on behalf of the Companies through their boards.

The purpose of this letter is twofold: first, to request certain information pursuant to our clients' rights as interested parties in these proceedings; and secondly, to put you on formal notice regarding our clients' position in relation to the administration of the Companies' assets.

**1. Costs to Date**

1.1 Please provide a full breakdown of all costs and expenses incurred to date in connection with your appointment, including sufficient detail to enable our clients to assess the reasonableness and propriety of such costs.

1.2 In particular, please confirm:

a) the total professional fees charged;

b) all disbursements incurred; and

c) any other costs or liabilities arising from the provisional liquidation of the Companies.

1.3 We further request that you explain the basis upon which such costs have been apportioned as between each of the Companies, including the methodology applied and the rationale for any differential allocation.

**2. Safeguarding of Assets**

2.1 Please provide confirmation of the steps you have taken, and propose to take, to safeguard the assets of each of the Companies, including in particular:

a) The steps that have been taken to secure all physical and intangible assets;

b) The steps taken to secure any bank accounts and to prevent any unauthorised withdrawals or transfers;

c) Confirmation as to whether any formal valuations of the Companies' assets have been undertaken or are proposed, and if so, please provide copies of any valuation reports obtained. If valuations are proposed, please provide an indication of the anticipated timescale; and

d) Details of any investigations undertaken to identify assets held by or on behalf of the Companies, whether within or outside the British Virgin Islands.

2.2 Please also provide details of any ongoing contracts or trading activities being continued or disclaimed, and the basis for any such decisions.

**3. Notice Regarding Dealings with Assets**

3.1 We hereby put you on formal notice that our clients require prior notification of any proposed dealings with any of the Companies' assets prior to any such steps being taken.

3.2 Should you intend to sell, transfer, encumber or otherwise dispose of any assets, or to take any material steps in connection with the administration of any of the Companies' assets, we require that an application be made to the Court on notice to our clients so as to enable them to be heard on any such application.

3.3 Please provide confirmation by return that you will not take any material steps in relation to the assets of the Companies, including but not limited to any sale, transfer or other disposition, without first notifying our clients in sufficient time to enable our clients to consider their position and, where appropriate, to make representations to the Court.

**4. Sanctions Compliance**

4.1 We note that certain of the Companies or their assets may be subject to sanctions regimes administered by relevant authorities, including but not limited to the Office of Financial Sanctions Implementation (OFSI) in the United Kingdom, the Office of Foreign Assets Control (OFAC) in the United States, and the Financial Sanctions Unit of the BVI Financial Services Commission.

4.2 Please confirm whether any applications for specific licences have been made to any sanctions authority in connection with the provisional liquidation of the Companies or in respect of any dealings with assets that may be subject to sanctions restrictions.

4.3 If any such applications have been made, please provide:

a) copies of all applications submitted;

b) copies of all licences granted;

c) details of any applications that remain pending or have been refused; and

d) details of any conditions attached to any licences granted and the steps being taken to ensure compliance with such conditions.

**5. Response Required**

Please provide the information sought in this letter within seven (7) days and in any event by no later than 3 March 2026.

Please confirm receipt of this letter and your intention to comply with the requests herein by return.

Yours faithfully

Campbells

**Campbells Legal (BVI) Limited**

**Schedule**

1. Auspicious Tycoon Limited;
2. Bright Team Global Limited;
3. Delightful Thrive Limited;
4. Even Sincerity Limited;
5. Fulam Investment Limited;
6. Giant Victory Holdings Limited;
7. Golden Ascend International Limited;
8. Harmonic State Limited;
9. Jumbo High Limited;
10. Luminous Glow Limited;
11. Mighty Divine Limited;
12. Noble Title Limited;
13. Oriental Charm Holdings Investment Limited;
14. Pacific Charm Holdings Investment Limited;
15. Praise Marble Limited
16. Prince Global Group Limited;
17. Prince Global Holdings Limited;
18. Respectful Steed Limited;
19. Retain Prosper Limited;
20. Simply Advanced Limited;
21. Southern Heritage Limited;
22. Star Merit Global Limited;
23. Starry Bloom Limited;
24. Sure Tycoon Limited;
25. Towards Sunshine Limited; and
26. United Riches Global Limited.