# EXHIBIT 32

## JPLs' Responses and Objections to First Requests for Production

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 26-10769 (MG)<br><br>(Jointly Administered) |

**RESPONSES AND OBJECTIONS TO**
**OBJECTING DEBTORS' FIRST SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS TO JOINT PROVISIONAL LIQUIDATORS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Applicable Discovery Rules"), Paul Pretlove, David Standish and James Drury, in their capacities as the authorized foreign representatives (collectively, the "Authorized Foreign Representatives," the "Joint Provisional Liquidators," or the "JPLs") for Prince Global Holdings Limited and its affiliated debtors (collectively, the "Debtors"), regarding the Debtors' provisional liquidation proceedings (the "BVI Proceedings") in the Eastern Caribbean Supreme Court in the British Virgin Islands High Court of Justice (Commercial Division) (the "BVI High Court") pursuant to section 170 of the British Virgin Islands Insolvency Act, 2003, by and through their undersigned counsel, hereby submit these responses and objections to the May 1, 2026 First Set of Requests for Production of Documents to the Joint Provisional Liquidators (the "Requests," and each, a "Request") served by

[1] The Debtors in the above-captioned action (the "Chapter 15 Cases") are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110. A complete list of the Debtors and their company numbers may be found at *Exhibit A – List of Debtors*, ECF No. 2-1.

Boies Schiller Flexner LLP ("Boies Schiller") purportedly on behalf of the 25 of "Objecting Debtors"[2] in the Chapter 15 Cases as follows:

## GENERAL OBJECTIONS

The general objections set forth below (the "General Objections") apply to the Requests generally and to each Definition and Instruction included in the Requests, and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Request, Definition, and Instruction. Any objection to a Definition or Instruction shall also apply to any other Definition, Instruction, or specific Request that incorporates that Definition or Instruction. A response to a specific Request is not, and shall not be deemed to be, a waiver of the General Objections or the specific objections set forth therein (the "Specific Objections and Responses").

1. The Authorized Foreign Representatives object to the Requests, and to each Definition and Instruction contained therein, to the extent they purport to be propounded by, or on behalf of, the "Objecting Debtors," or otherwise suggest that any person or entity has authority to act for, bind, or speak on behalf of the Debtors. As a matter of British Virgin Islands law, Boies Schiller and Kobre & Kim LLP have no authority to act on behalf of the Debtors in the United States. The BVI High Court's orders divested the Debtors' directors and management of their powers and vested those powers in the JPLs, subject only to limited residual rights. Moreover,

[2] The "Objecting Debtors" represented by Boies Schiller appearing in these Chapter 15 Cases are Auspicious Tycoon Limited, Bright Team Global Limited, Delightful Thrive Limited, Even Sincerity Limited, Fulam Investment Limited, Giant Victory Holdings Limited, Golden Ascend International Limited, Harmonic State Limited, Luminous Glow Limited, Mighty Divine Limited, Noble Title Limited, Oriental Charm Holdings Investment Limited, Pacific Charm Holdings Investment Limited, Praise Marble Limited, Prince Global Group Limited, Prince Global Holdings Limited, Respectful Steed Limited, Retain Prosper Limited, Simply Advanced Limited, Southern Heritage Limited, Star Merit Global Limited, Starry Bloom Limited, Sure Tycoon Limited, Towards Sunshine Limited, and United Riches Global Limited.

pursuant to the *Order Granting Provisional Relief* ¶ 11, ECF No. 44, the Authorized Foreign Representatives have been vested with full and sole authority over the administration of the Debtors' assets and affairs within the territorial jurisdiction of the United States. By providing responses hereto, the Authorized Foreign Representatives are not conceding that any other party has authority to propound discovery or assert positions on behalf of the Debtors.

2. The Authorized Foreign Representatives reserve all rights with respect to whether the "Objecting Debtors" have standing or authority to seek discovery or other relief from the Authorized Foreign Representatives, or otherwise participate, in the Chapter 15 Cases. Further, to the extent the "Objecting Debtors" seek discovery, any such discovery is limited to matters relevant to the *Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceedings and Related Relief*, ECF No. 2 (the "Verified Petition").

3. These responses are based upon information currently available to the Authorized Foreign Representatives and in their possession, custody, or control. These responses are made without prejudice to the Authorized Foreign Representatives' right to make further objections and introduce additional information that may later be learned or discovered. The Authorized Foreign Representatives reserve the right to supplement or amend these responses based on information they may later discover and to rely upon such information in subsequent proceedings in the Chapter 15 Cases. The Authorized Foreign Representatives do not undertake an obligation to supplement or amend these responses, except to the extent required by the Applicable Discovery Rules.

4. The Authorized Foreign Representatives object to each and every Request, and to each Definition and Instruction contained therein, to the extent it is vague and ambiguous, overbroad, unduly burdensome, lacking in particularity, or seeks documents or information that is not relevant to the Verified Petition, and is not proportional to the needs of the Chapter 15 Cases,

including on the basis that the burden or expense of the discovery sought outweighs its likely benefit.

5. The Authorized Foreign Representatives object to each and every Request, and to each Definition and Instruction contained therein, to the extent it seeks to impose obligations and demands on the Authorized Foreign Representatives beyond those contemplated by the Applicable Discovery Rules or orders of the Court. The Authorized Foreign Representatives will construe the Requests, and each Definition and Instruction contained therein, in accordance with their understanding of the applicable law, rules, or orders of the Court.

6. The Authorized Foreign Representatives object to each and every Request, and to each Definition and Instruction contained therein, to the extent it purports to give meaning or legal significance to a document, fact, or purported fact, the meaning or significance of which is subject to dispute between the parties. The Authorized Foreign Representatives' responses to these Requests shall not constitute an admission or concession of any kind.

7. The Authorized Foreign Representatives object to each and every Request, and to each Definition and Instruction contained therein, to the extent it calls for information that is protected from disclosure by the (i) attorney-client privilege, the work-product doctrine, or any other privilege, protection, or doctrine and (ii) any order or instruction of the BVI High Court or any other court of competent jurisdiction. The Authorized Foreign Representatives will not provide any information that is subject to any such protection. Any inadvertent production of information subject to any such protection is not intended to be and shall not be construed as a waiver of such protection. The "Objecting Debtors" shall not retain or use any inadvertently disclosed information that is properly the subject of a claim of privilege or other protection.

8. The Authorized Foreign Representatives object to each and every Request, and to each Definition and Instruction contained therein, to the extent it purports to require the Authorized Foreign Representatives to conduct anything beyond a reasonable search of readily accessible sources where responsive documents, including electronically stored information, are reasonably expected to be found. To the extent that the Requests purport to require the Authorized Foreign Representatives to exceed such a reasonable search, they are overbroad, unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and the burden or expense of the Requests outweigh their likely benefit.

9. This response is made solely for the purpose of the Chapter 15 Cases and is subject to all objections as to competence, authenticity, relevance, materiality, propriety, privilege, admissibility, and any and all other objections, all of which are reserved and may be interposed at the time of any trial or hearing.

10. The Authorized Foreign Representatives object to each and every Request to the extent it purports to require the Authorized Foreign Representatives to provide any information already in your, or your counsel's, possession, custody or control, or equally available to you or your counsel, on the grounds that such Request is unnecessary, unduly burdensome and oppressive; constitutes annoyance, harassment and oppression of the Authorized Foreign Representatives; and extends beyond the obligations imposed or authorized by the Applicable Discovery Rules.

11. Notwithstanding the foregoing, and without waiving any objections, the Authorized Foreign Representatives are providing the following responses in advance of the hearing scheduled before the United States Bankruptcy Court for the Southern District of New York on June 9, 2026.[3]

[3] *See Order (I) Scheduling Recognition Hearing and Objection Deadline, (II) Specifying the Form and Manner of Service of Notice and (III) Granting Related Relief*, ECF No. 41; *Notice of Recognition Hearing and Related*

These responses are provided solely for purposes of the recognition proceeding and shall not be construed as a concession that the "Objecting Debtors" are entitled to discovery beyond that context, or for any other purpose in this or any other proceeding.

12. The Authorized Foreign Representatives are prepared to meet and confer with counsel for the "Objecting Debtors" in good faith about these responses.

**OBJECTIONS TO DEFINITIONS**

1. The Authorized Foreign Representatives object to each of the Definitions, and to any Definition, Instruction, or Request that incorporates any of the Definitions, to the extent that it purports to impose on the Authorized Foreign Representatives any burden or obligation that is broader than, inconsistent with, or exceeds the applicable law, rules, or orders of the Court.

2. The Authorized Foreign Representatives object to Definition No. 1 ("Action"), and to any Definition, Instruction, or Request that incorporates the Definition, as overbroad, unduly burdensome, and irrelevant to the extent it purports to encompass matters beyond the adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives will construe the term "Action" as referring solely to the adjudication of the Debtors' Verified Petition in the Chapter 15 Cases.

3. The Authorized Foreign Representatives object to Definition No. 2 ("Interpath"), and to any Definition, Instruction, or Request that incorporates the Definition, on the grounds that it is overbroad, unduly burdensome, and irrelevant, particularly insofar as it purports to encompass "any person or entity, past or present, acting on their behalf, including but not limited to their agents, attorneys, representatives, employees, and independent contractors." The Authorized Foreign Representatives also object to the Definition No. 2 to the extent it calls for information

---

*Relief Pursuant to Chapter 15 of the United States Bankruptcy Code,* ECF No. 41-1; *Order Granting Provisional Relief*, ECF No. 44.

that is protected from disclosure by the (i) attorney-client privilege, the work-product doctrine, or any other privilege, protection, or doctrine and (ii) any order or instruction of the BVI High Court or any other court of competent jurisdiction.

4. The Authorized Foreign Representatives object to Definition No. 3 ("Joint Provisional Liquidators"), and to any Definition, Instruction, or Request that incorporates the Definition, on the same grounds stated in Objection No. 2 above. In particular, the Authorized Foreign Representatives object to Definition No. 3 as overbroad, unduly burdensome, and irrelevant insofar as it purports to encompass "any person or entity, past or present, acting on their behalf, including but not limited to their agents, attorneys, representatives, employees, and independent contractors," and to the extent it calls for information that is protected from disclosure by the (i) attorney-client privilege, the work-product doctrine, or any other privilege, protection, or doctrine and (ii) any order or instruction of the BVI High Court or any other court of competent jurisdiction.

5. The Authorized Foreign Representatives object to Definition No. 6 ("Debtors"), and to any Definition, Instruction, or Request that incorporates the Definition, as unduly burdensome insofar as it requires the Authorized Foreign Representatives to "respond separately with respect to each Debtor." This requirement is disproportionate to the needs of the Chapter 15 Cases, particularly in light of the "Objecting Debtors'" own position that they purport to represent the substantial majority of the Debtors. The Authorized Foreign Representatives will respond on behalf of the Debtors collectively to the extent responsive information is reasonably available, but will not undertake the burden of providing individualized responses for each of the numerous Debtor entities.

6. The Authorized Foreign Representatives object to Definition No. 7 ("Objecting Debtors"), and to any Definition, Instruction, or Request that incorporates the Definition, to the extent it purports to suggest that any person or entity other than the Authorized Foreign Representatives has authority to act for, bind, or speak on behalf of the Debtors. The Authorized Foreign Representatives further object to this Definition as unduly burdensome insofar as it requires the Authorized Foreign Representatives to "respond separately with respect to each Objecting Debtor."

**OBJECTIONS TO INSTRUCTIONS**

1. The Authorized Foreign Representatives object to each of the Instructions, and to any Definition, Instruction, or Request that incorporates the Instructions, to the extent that it purports to impose on the Authorized Foreign Representatives any burden or obligation that is broader than, inconsistent with, or exceeds the requirements of, the applicable law, rules, or orders of the Court. The Authorized Foreign Representatives will construe the Requests, and each Definition and Instruction contained therein, in accordance with their understanding of the applicable law, rules, or orders of the Court.

2. The Authorized Foreign Representatives object to Instruction No. 21 to the extent it calls for information that is protected from disclosure by any order or instruction of the BVI High Court or any other court of competent jurisdiction.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

In addition to the General Objections set forth in this Response, the Authorized Foreign Representatives submit the following Specific Objections and Responses. To the extent that a Specific Objection and Response is set forth in responding to a Request, such Specific Objection and Response does not constitute a waiver or limitation of any General Objection applicable to that Request.

**DOCUMENT REQUEST NO. 1**

All Documents and Communications concerning transfers of the Debtors' assets that occurred prior to the commencement of the BVI Proceedings. *See* Emergency Motion ¶ 48.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, vague and ambiguous, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells Legal (BVI) Limited ("Campbells") or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine. The Authorized Foreign Representatives

also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

The Authorized Foreign Representatives will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 2**

All Communications with the government of the British Virgin Islands concerning the Objecting Debtors. *See* Emergency Motion ¶ 48.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

The Authorized Foreign Representatives will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 3**

All Communications with the government of the United States concerning the Objecting Debtors. *See* Emergency Motion ¶ 48.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

The Authorized Foreign Representatives will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 4**

All Communications with the government of the United Kingdom concerning the Objecting Debtors. *See* Emergency Motion ¶ 48.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High

Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection. The Authorized Foreign Representatives further object to this Request to the extent it seeks the disclosure of information the production of which is prohibited or restricted by applicable law. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

The Authorized Foreign Representatives will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 5**

All Communications with current and former counterparties of the Objecting Debtors. *See* Emergency Motion ¶ 48.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, vague and ambiguous, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings. The Authorized Foreign Representatives

object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

The Authorized Foreign Representatives will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 6**

All Documents and Communications concerning any financial transactions entered into, offered, or contemplated by the Joint Provisional Liquidators on behalf of the Objecting Debtors, including the sale of any Objecting Debtor's interest in the Allied Cigar Group.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine.

Based on the foregoing objections, the Authorized Foreign Representatives will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 7**

All Documents and Communications concerning the "urgent developments at the Allied Cigar Group" referenced in Paragraph 51 of the Declaration of Paul Pretlove, dated April 8,

2026 (Dkt. No. 3).

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

The Authorized Foreign Representatives will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 8**

All Documents and Communications concerning sanctions licenses sought or obtained by the Joint Provisional Liquidators.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure

required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine.

Subject to and without waiving any objections, the Authorized Foreign Representatives state that they will produce copies of sanctions licenses issued by the Office of Financial Sanctions Implementation and the Office of Foreign Assets Control to the Joint Provisional Liquidators in connection with the Debtors and their affairs.

**DOCUMENT REQUEST NO. 9**

All Documents and Communications concerning any actions taken by the Joint Provisional Liquidators pursuant to a sanctions license.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, vague and ambiguous, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine.

Based on the foregoing objections, the Authorized Foreign Representatives will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 10**

Documents sufficient to identify the Debtors' U.S. assets.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings.

Subject to and without waiving any objections, the Authorized Foreign Representatives state that the Debtors' U.S. assets of which they are currently aware consist of the retainer held by Sullivan & Cromwell LLP, as set forth in ¶¶ 16-17 of the Verified Petition. The Authorized Foreign Representatives state that they may have an interest in other property located in the United States, including Bitcoin that is the subject of the civil forfeiture action captioned *United States* v. *Approximately 127,271 Bitcoin Previously Stored at Virtual Currency Addresses Listed in Attachment A*, No. 1:25-cv-05745 (E.D.N.Y. Oct. 14, 2025) (the "Forfeiture Action"), and claims against the participants in the fraudulent scheme alleged in the Forfeiture Action and the indictment of *United States* v. *Chen Zhi*, No. 1:25-cr-00312 (E.D.N.Y. Oct. 8, 2025), ECF No. 1 (the "Chen Zhi Indictment"). The Authorized Foreign Representatives are not currently aware of, and at this time are not relying on, any other assets located in the United States.

Subject to and without waiving any objections, the Authorized Foreign Representatives will produce a copy of the invoice from Sullivan & Cromwell LLP to the Joint Provisional Liquidators, dated March 31, 2026, reflecting the advance payment of a retainer in the amount of $25,000.00 and certain documents related to the Forfeiture Action.

**DOCUMENT REQUEST NO. 11**

Documents sufficient to identify the Debtors' creditors.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. The Authorized Foreign Representatives object to this Request as overbroad and unduly burdensome and not proportional to the needs of the Chapter 15 Action. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings.

Subject to and without waiving any objections, the Joint Provisional Liquidators have not yet identified their creditors, but expect that such creditors fall into the following categories, and are located in the United States and abroad:

- Victims of financial fraud: individuals worldwide who suffered financial losses through cryptocurrency and other investment fraud perpetrated by Chen Zhi and those associated with him.
- Victims of human trafficking and forced labor: individuals recruited, transported, or harbored through force, fraud, or coercion and compelled to conduct scam activity within scam-compound operations perpetrated by Chen Zhi and those associated with him.
- Contractual creditors: vendors, suppliers, retailers, insurers, logistics and warehousing counterparties, manufacturers and distributors, enterprise software

and cloud infrastructure providers, and other ordinary-course service providers.

**DOCUMENT REQUEST NO. 12**

Documents sufficient to identify whether the Debtors are solvent or insolvent.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Action, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine.

Based on the foregoing objections, the Authorized Foreign Representatives will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 13**

The Debtors' financial statements, including balance sheets, income statements, and cash flow statements.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections.

They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection. The Authorized Foreign Representatives also object to this Request to the extent it seeks documents outside of the Authorized Foreign Representatives' possession, custody, or control.

Subject to and without waiving any objections, the Authorized Foreign Representatives will produce certain corporate records from Vistra (BVI) Limited in their possession, including annual returns of the Debtors. Documents responsive to this Request, including statements of affairs for the Debtors, are in the possession, custody, or control of Campbells, BVI counsel to the "Objecting Debtors."

**DOCUMENT REQUEST NO. 14**

Documents sufficient to identify the Debtors' interests in the 127,271 Bitcoin that are the subject of the forfeiture proceeding referenced in Paragraph 2 of the Emergency Motion.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections.

They further object to this Request as overbroad and unduly burdensome and not proportional to the needs of the Chapter 15 Cases. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

Subject to and without waiving any objections, the Authorized Foreign Representatives state that they have not yet determined the full extent of the Debtors' interest in the approximately 127,271 Bitcoin that are the subject of the Forfeiture Action. The Authorized Foreign Representatives note, however, that counsel for the "Objecting Debtors" has filed an application in the Forfeiture Action asserting an interest in the Bitcoin on behalf of Chen Zhi and "Prince Holding Group." To the extent any such asserted interest is properly attributable to a Debtor, that interest constitutes property of the Debtors' estates and is subject to the exclusive authority and control of the Authorized Foreign Representatives.

The Authorized Foreign Representatives will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 15**

All Documents and Communications concerning blockchain tracing of any assets belonging to, in the possession of, or formerly in the possession of the Objecting Debtors.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the

Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine.

Based on the foregoing objections, the Authorized Foreign Representatives will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 16**

All Documents and Communications concerning any claims for payment by the Debtors' creditors.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or

control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine. The Authorized Foreign Representatives further object on the grounds that they have not yet initiated a formal claims process, which will be done in accordance with procedures established by the BVI High Court.

Based on the foregoing objections, the Authorized Foreign Representatives will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 17**

All Documents and Communications concerning the "active resistance from parties associated with Chen Zhi and Prince Group," including the "steps" taken to "challenge the Joint Provisional Liquidators' authority" or "interfere with their mandate in multiple jurisdictions," as alleged at Paragraph 12 of the Emergency Motion.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine. The Authorized Foreign Representatives

further object on the grounds that information relating to Chen Zhi's efforts to interfere with the provisional liquidation is already in the possession of Chen Zhi's counsel, including Boies Schiller and Campbells. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

The Authorized Foreign Representatives will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 18**

All Documents and Communications concerning the assertion that "recoveries" of Debtor Assets will go to a "creditor body expected to consist largely of victims," as alleged in Paragraph 41 of the Emergency Motion.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. The Authorized Foreign Representatives object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court. As set forth in response to Request No. 11, the Joint Provisional Liquidators have not yet developed an organized process for identifying creditors of

the Debtors and expect the Debtors' creditors to constitute a worldwide creditor body.

Subject to and without waiving any objections, the Authorized Foreign Representatives state that they will produce certain documents bearing on the scope and scale of Chen Zhi's and the Prince Group's victims, crimes and torts. The Authorized Foreign Representatives will not otherwise search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 19**

All Documents and Communications concerning debts or obligations owed to the "creditor body" alleged in Paragraph 41 of the Emergency Motion.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. The Authorized Foreign Representatives object to this Request as overbroad and unduly burdensome, vague and ambiguous, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

Subject to and without waiving any objections, the Authorized Foreign Representatives refer you to their response to Request No. 18 above.

**DOCUMENT REQUEST NO. 20**

All Documents and Communications concerning the "actions relating to the Debtors and their property," as alleged at Paragraph 57 of the Emergency Motion.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection. The Authorized Foreign Representatives also object to this Request on the basis that the language quoted in this Request does not appear at ¶ 57 of the Emergency Motion, and this Request is therefore impermissibly vague. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

The Authorized Foreign Representatives will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 21**

All Documents and Communications concerning the "use of certain of the Debtors

to launder illicit proceeds through U.S. financial institutions," as alleged at Paragraph 63 of the Emergency Motion.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection. The Authorized Foreign Representatives also object to this Request on the basis that ¶ 63, as referenced in this Request, does not exist in the Emergency Motion, and this Request is therefore impermissibly vague. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

Subject to and without waiving any objections, the Authorized Foreign Representatives state that they will produce certain documents relating to Chen Zhi's criminal schemes in the United States. The Authorized Foreign Representatives will not otherwise search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 22**

Documents sufficient to identify the "U.S. victims" referenced in Paragraph 71 of the Emergency Motion.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection. The Authorized Foreign Representatives also object to this Request on the basis that ¶ 71, as referenced in this Request, does not exist in the Emergency Motion, and this Request is therefore impermissibly vague. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court.

Subject to and without waiving the foregoing objections, the Authorized Foreign Representatives state that they have not identified individual U.S. victims. Filings by the United States Department of Justice (the "DOJ"), including the verified complaint in the Forfeiture Action (Forfeiture Action*,* ECF No. 1, the "Verified Compl.") and the Chen Zhi Indictment, allege that the Prince Group's fraud schemes resulted in the misappropriation of billions of dollars from victims, including victims located in the United States. *See* Chen Zhi Indictment ¶¶ 1, 28; Verified Compl. ¶¶ 15, 20. The DOJ further alleged that, as of 2018, the Prince Group generated more than $30 million per day from fraudulent schemes and related illicit activities. *See* Chen Zhi Indictment ¶ 35; Verified Compl. ¶¶ 26, 57. The Chen Zhi Indictment also describes a U.S.-based component of the alleged scheme, including a Brooklyn-based money laundering network that allegedly

facilitated the fraudulent transfer and laundering of more than $18 million from over 250 victims in the Eastern District of New York and elsewhere in the United States between approximately May 2021 and August 2022. *See* Chen Zhi Indictment ¶ 44. The Authorized Foreign Representatives state that identification, notification, and any compensation of victims, if appropriate, will be addressed in accordance with BVI law, which may include a process to be established and approved by the BVI High Court.

The Authorized Foreign Representatives will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 23**

Documents sufficient to show all fees incurred by or on behalf of the Joint Provisional Liquidators.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine.

Based on the foregoing objections, the Authorized Foreign Representatives will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 24**

Documents sufficient to show all fees paid by or on behalf of the Joint Provisional Liquidators and the source of the funds used to pay those fees.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine.

Based on the foregoing objections, the Authorized Foreign Representatives will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 25**

All *ex parte* reports submitted by the Joint Provisional Liquidators to the BVI High Court.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High

Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine. The Authorized Foreign Representatives also object to this Request on the basis that it improperly seeks to circumvent the BVI High Court's sealing orders through U.S. discovery in the Chapter 15 Cases. The BVI High Court has ordered that "the first report of the [JPLs] filed on January 27, 2026, and any subsequent reports filed by the JPLs, be sealed and may not be inspected without further order of the [BVI High] Court." (Jan. 29, 2026 BVI High Court Orders for Continuation of the Orders Appointing Joint Provisional Liquidators at 3 (the "Sealing Order")). Campbells, at Boies Schiller's direction, sought to unseal those reports in the BVI Proceedings as part of its application seeking the discharge of the Joint Provisional Liquidators (Mar. 1, 2026 Ordinary Application at 2 (the "Discharge Application")), but has not sought to further pursue the Discharge Application, describing it as "moot" in their written submissions for the hearing of April 16 and 17, 2026 (Apr. 13, 2026 Skeleton Argument on Behalf of the Campbells Respondents at 9). The Sealing Order remains in place.

Based on the foregoing objections, the Authorized Foreign Representatives will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 26**

All Documents and Communications concerning the allegation that the Debtors' COMI is the British Virgin Islands, as alleged in Paragraph 29 of the Emergency Motion.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. The Authorized Foreign Representatives also object to this Request on the basis that it seeks information concerning allegations made in support of the Emergency Motion, which has already been granted by this Court. The Authorized Foreign Representatives also object to this Request

to the extent it seeks documents outside of the Authorized Foreign Representatives' possession, custody, or control. The Authorized Foreign Representatives further object to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of Mr. Cosimo Borrelli, Boies Schiller, Campbells or their respective agents, affiliates, or associated parties, including materials the Joint Provisional Liquidators have sought, but not obtained, from them in the BVI Proceedings.

Subject to and without waiving the foregoing General and Specific Objections, the Authorized Foreign Representatives state that they will produce readily accessible documents bearing on the center of main interests of the Chapter 15 Cases.

The Authorized Foreign Representatives also note that locations of those who manage the Debtors, including the country of residence of each Joint Provisional Liquidator and the BVI Attorney General (who brought the application for the appointment of the JPLs), are set forth in the *Declaration of Paul Pretlove*, ECF No. 3, and the BVI High Court orders attached thereto as Exhibit C, copies of which are available on the docket in these Chapter 15 Cases. Further documents responsive to this Request, including statements of affairs for the Debtors, are in the possession, custody, or control of Campbells, BVI counsel to the "Objecting Debtors."

The Authorized Foreign Representatives will not otherwise search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 27**

All Documents and Communications reflecting any third party's understanding, belief, or expectation that the Debtors' COMI is the British Virgin Islands.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. The Authorized Foreign Representatives refer you to their response to Request No. 26 above.

**DOCUMENT REQUEST NO. 28**

All Communications with the Objecting Debtors' financial institutions.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Based on the foregoing objections, the Authorized Foreign Representatives will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 29**

All Documents received in response to a subpoena served by the Joint Provisional Liquidators in this Action.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents

protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine. The Authorized Foreign Representatives also object to this Request on the basis that it calls for production of documents to which you are not entitled under the Applicable Discovery Rules, the BVI Court Orders, and Orders of this Court. The Authorized Foreign Representatives will produce documents obtained in connection with any subpoena served in connection with the recognition hearing, but will not produce documents obtained by any other means, including such discovery as the Debtors may conduct pursuant to Rule 2004.

**DOCUMENT REQUEST NO. 30**

All Documents you may use to support your claims or defenses in this Action, unless the use would be solely for impeachment.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Authorized Foreign Representatives incorporate their General Objections. They further object to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Authorized Foreign Representatives also object to the extent the Request seeks discovery into matters beyond the scope of disclosure required in the BVI Proceedings, or which would violate or undermine the orders of the BVI High Court. The Authorized Foreign Representatives object to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege and the work-product doctrine.

Subject to and without waiving the foregoing objections, the Authorized Foreign Representatives state that the documents being produced in response to Request Nos. 10, 13, 18, and 26, as well as documents referenced in and appended to the Verified Petition, the *Declaration*

*of Paul Pretlove*, ECF No. 3, and the *Declaration of Andrew Barrington Chissick*, ECF No. 4, constitute the documents currently identified as responsive to this Request for purposes of the recognition hearing. The Authorized Foreign Representatives reserve the right to supplement their response to this Request if additional responsive, non-privileged documents on which they intend to rely in connection with the recognition hearing are identified.

The Authorized Foreign Representatives will not otherwise search for or produce additional documents in response to this Request.

Dated: May 11, 2026
New York, New York

Respectfully submitted,

*/s/ Christopher J. Dunne*

Andrew G. Dietderich
Sharon Cohen Levin
Christopher J. Dunne
Jacob M. Croke
Alexa J. Kranzley
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: dietdericha@sullcrom.com
levinsc@sullcrom.com
dunnec@sullcrom.com
crokej@sullcrom.com
kranzleya@sullcrom.com

*Counsel to the Authorized Foreign Representatives*