Matthew L. Schwartz
Peter M. Skinner
Gordon Z. Novod
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300

Dan G. Boyle
**BOIES SCHILLER FLEXNER LLP**
2029 Century Park East
Los Angeles, California 90067
Telephone: (213) 995-5732

Laura Femino (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
401 E Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 377-0716

*Counsel to Cosimo Borrelli in his
capacity as the sole director of each
of the Borrelli Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Re ECF Nos. 1, 2, 3, 4, 31, 49, 68<br><br>Hearing Date and Time: June 9, 2026 at 10:00 AM ET<br><br>Chapter 15<br>Case No. 26-10769 (MG)<br>(Jointly Administered) |

**COSIMO BORRELLI'S MOTION TO PERMIT REMOTE APPEARANCE AT THE
HEARING ON RECOGNITION OR PROCEED BY DEPOSITION DESIGNATIONS**

---

[1] The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110. A complete list of the Debtors and their company numbers may be found at ECF No. 2-1. Notwithstanding the case caption, Cosimo Borrelli, in his capacity as the sole director of each of the Borrelli Debtors, disputes that each of these entities is the subject of a "foreign proceeding" within the meaning of 11 U.S.C. § 101(23).

**TABLE OF CONTENTS**

RELEVANT BACKGROUND.................................................................................................. 1

LEGAL STANDARD ........................................................................................................... 2

ARGUMENT ....................................................................................................................... 4

    A.    Mr. Borrelli Should Be Permitted to Appear Remotely Because He Lives Far from the
        Court ........................................................................................................................... 4

    B.    Alternatively, the Court Should Proceed through Designated Deposition Testimony.... 6

NOTICE .............................................................................................................................. 8

NO PRIOR REQUEST ........................................................................................................ 8

CONCLUSION.................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Packard v. City of New York*,
326 F.R.D. 66 (S.D.N.Y. 2018) ........................................................................... 5

*Donnelly v. Anand*,
2025 WL 2494376 (S.D.N.Y. Aug. 29, 2025) ...................................................... 5

*In re Golden Seahorse LLC*,
No. 22-bk-11582 (Bankr. S.D.N.Y. Feb. 21, 2024) ......................................... 4, 5, 6

*In re Rand Int'l Leisure Prods., LLC*,
2010 WL 2507634 (Bankr. E.D.N.Y. June 16, 2010) ..................................... 3, 4, 5, 6

*In re: Lyondell Chem. Co.*,
543 B.R. 428 (Bankr. S.D.N.Y. 2016).................................................................. 8

*Isak Henry Gabay & Nicholas William Nicholson*,
No. 23-bk-11871 (Bankr. S.D.N.Y. Jan. 4, 2024) ............................................... 4

*Rinaldi v. SCA La Goutte, D'Or*,
2022 WL 443779 (S.D.N.Y. Feb. 14, 2022) ........................................................ 4

*RLS Assocs., LLC v. United Bank of Kuwait PLC*,
2005 WL 578917 (S.D.N.Y. Mar. 11, 2005) ..................................................... 3, 7

*Rodriguez v. Gusman*,
974 F.3d 108 (2d Cir. 2020).............................................................................. 2

*Zamora v. Ljubica Contractors LLC*,
2025 WL 2494271 (S.D.N.Y. Aug. 29, 2025)..................................................... 3

**Rules**

Fed. R. Bankr. P. 1018............................................................................................. 2

Fed. R. Bankr. P. 2002............................................................................................. 8

Fed. R. Bankr. P. 7032............................................................................................. 2

Fed. R. Bankr. P. 9017............................................................................................. 2

Fed. R. Civ. P. 32.......................................................................................... 2, 3, 7, 8

Fed. R. Civ. P. 43.......................................................................................... 2, 3, 5

Cosimo Borrelli, in his capacity as the sole director of each of twenty-five of the Debtors,[2] by and through his undersigned counsel, respectfully files this motion for an order permitting him to testify remotely via video from Hong Kong at the recognition hearing currently scheduled for June 9, 2026, or alternatively, for the Court to proceed via witness testimony through deposition designations.[3]  In support of this Motion, Mr. Borrelli states the following:

<u>**RELEVANT BACKGROUND**</u>

1.      The factual allegations underlying these Chapter 15 Cases are set forth in Mr. Borrelli's Objection and incorporated herein.  *See* ECF No. 68 (the "**Objection**") ¶¶ 1–28.

2.      In support of their petition for recognition, the JPLs submitted declarations from Paul Pretlove, one of the JPLs, and Andrew Barrington Chissick, a partner at a law firm representing the JPLs.  Mr. Pretlove and Mr. Chissick both work and reside in London.

3.      In support of his Objection, Mr. Borrelli offered his own declaration and a declaration from Dr. Riz Mokal, an expert on BVI law.  Mr. Borrelli lives and works in Hong Kong, and Dr. Mokal lives and works in London.

4.      The JPLs are authorized by the BVI Court to draw one hundred percent of their expenses from asset realization within the liquidation estate, subject to BVI Court review.  Pretlove

---

[2]  Mr. Borrelli is the sole Director of each of Prince Global Holdings Limited, Auspicious Tycoon Limited, Bright Team Global Limited, Delightful Thrive Limited, Even Sincerity Limited, Fulam Investment Limited, Giant Victory Holdings Limited, Golden Ascend International Limited, Harmonic State Limited, Luminous Glow Limited, Mighty Divine Limited, Noble Title Limited, Oriental Charm Holdings Investment Limited, Pacific Charm Holdings Investment Limited, Praise Marble Limited, Prince Global Group Limited, Respectful Steed Limited, Retain Prosper Limited, Simply Advanced Limited, Southern Heritage Limited, Star Merit Global Limited, Starry Bloom Limited, Sure Tycoon Limited, Towards Sunshine Limited, and United Riches Global Limited (together, the "**Borrelli Debtors**").

[3]  Capitalized terms used but not defined herein have the meanings ascribed to them in Mr. Borrelli's *Corrected Objection to Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceedings and Related Relief* [ECF No. 68].

1

Dep. Tr. (ECF No. 49-17) at 85:19–24. Those expenses include travel costs. *Id.* at 89:22–23; 177:8–12.

5.      Given that the JPLs believe their travel costs are chargeable to the Debtors' estates, counsel for Mr. Borrelli on May 29, 2026, asked counsel for the JPLs to agree to proceed through deposition designations or remote testimony in lieu of in-person testimony at the upcoming recognition hearing. Counsel for the JPLs rejected this proposal, arguing that this "Court has scheduled an evidentiary hearing on this matter and should be permitted to assess the credibility of witnesses via live testimony." Counsel added that they intend to "ask that the Court preclude any testimony by, and strike any declarations of, witnesses who do not appear at the hearing."

## LEGAL STANDARD

6.      The Federal Rules of Bankruptcy Procedure make Federal Rules of Civil Procedure 43 and 32 applicable to these Chapter 15 Cases. *See* Fed. R. Bankr. P. 9017 (making applicable Fed. R. Civ. P. 43); Fed. R. Bankr. P. 1018(a)(1) (making applicable Fed. R. Bankr. P. 7032); Fed. R. Bankr. P. 7032 (making applicable Fed. R. Civ. P. 32). In turn, Federal Rules of Civil Procedure 43(a) and 32 permit testimony via video deposition and/or remote testimony.

7.      Federal Rule of Civil Procedure 43 provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). "Under Federal Rule of Civil Procedure 43(a), the judge has discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards." *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020) (citations and internal quotations omitted). "[A] video conference appearance under Rule 43 is an appearance at trial in open court." *In re Rand Int'l Leisure Prods., LLC*, 2010 WL 2507634, at *3 (Bankr. E.D.N.Y. June 16, 2010); *see also Zamora v. Ljubica*

2

*Contractors LLC*, 2025 WL 2494271, at *3 (S.D.N.Y. Aug. 29, 2025) ("Using the discretion afforded by FRCP 43(a), courts have allowed testimony to be presented at trial via video-conference[.]") (citation and internal quotations omitted).

8.        Federal Rule of Civil Procedure 43(a) provides that "depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena[.]"  Fed. R. Civ. P. 43(a) Advisory Committee's Note to the 1996 Amendment; *see also RLS Assocs., LLC v. United Bank of Kuwait PLC*, 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2005) ("[S]uperior, that is, to a contemporaneous transmission of a witness's testimony.").  All or part of a deposition may be used against a party at a hearing or trial, subject to limited conditions.  *See* Fed. R. Civ. P. 32(a)(1).  Moreover, the Rule permits use of depositions for any purpose if the court finds:

> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition; [or]
>
> . . . .
>
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4)(B) & (E).

9.        "[I]t is clear that Rules 43(a) and 32(a) are meant to compliment [sic] each other; and depending on the nature of the case and the circumstances involved, one procedure may be preferred over another."  *RLS Assocs., LLC*, 2005 WL 578917, at *7.

3

**ARGUMENT**

**A.      Mr. Borrelli Should Be Permitted to Appear Remotely Because He Lives Far from the Court**

10.      Mr. Borrelli respectfully requests that he be permitted to appear remotely via videoconference as he is located far from the Court and will be unduly burdened if required to travel thousands of miles to appear personally at an evidentiary hearing when he has already been deposed and where his testimony is likely to be brief, if it is needed at all.

11.      Mr. Borrelli is located more than twice as far away as the London-based witnesses. Indeed, Hong Kong is twelve time zones and 8,000 miles away from New York, whereas London is five time zones and 3,500 miles away.  To require Mr. Borrelli to travel from Hong Kong for the hearing on recognition will cause an undue burden unique among the witnesses that can be alleviated through his remote appearance.  *See In re Rand Int'l Leisure Prods., LLC*, 2010 WL 2507634, at *4 (finding compelling circumstance to permit remote appearance where "undue burden" existed for some witnesses who were more than 1,000 miles from the courthouse).  Courts have permitted remote appearance for witnesses who were located similar or shorter distances from the courthouse.  *See, e.g.*, *id.* (permitting remote appearance for witnesses over 1,100 miles, 2,482 miles, and 7,800 miles from the courthouse); *In re Golden Seahorse LLC*, No. 22-bk-11582, ECF No. 309 (Bankr. S.D.N.Y. Feb. 21, 2024) (allowing debtor's principal located in China to appear and testify via videoconference for an evidentiary hearing); *Isak Henry Gabay & Nicholas William Nicholson*, No. 23-bk-11871, ECF No. 24 (Bankr. S.D.N.Y. Jan. 4, 2024) (permitting witnesses to testify remotely at recognition hearing pursuant to Rule 43(a) where all the witnesses resided in the United Kingdom); *Rinaldi v. SCA La Goutte, D'Or*, 2022 WL 443779, at *2–3 (S.D.N.Y. Feb. 14, 2022) (permitting defendants' witness to testify at trial remotely from France using videoconferencing technology).

12. Mr. Borrelli has already been deposed by the JPLs—which the JPLs' counsel agreed to conduct remotely—and questioned thoroughly on his declaration. As such, the need for Mr. Borrelli to be physically present for cross examination is limited. Moreover, Mr. Borrelli is a long-standing, respected insolvency director known to both this Court and the BVI Court. *See* 1519 Hr'g Tr. (ECF No. 43) at 9:23 (THE COURT: "I met Mr. Bo[r]relli years ago."); Apr. 16 BVI Hr'g Tr. (ECF No. 49-14) at 88:15–17 (THE BVI COURT: "Well, Mr. Borrelli is very familiar to this Court. He's one of the regular experts."). Because Mr. Borrelli is a known quantity, there is less of a need, if any, to assess his demeanor in person. *Cf. Packard v. City of New York*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018) (finding "any prejudice" from a videoconference deposition was "minimal" because the deponent's demeanor could be observed through the video connection); *In re Rand Int'l Leisure Prods., LLC*, 2010 WL 2507634, at *4 ("With video technology, this [c]ourt can observe the witnesses' demeanor and the [opposing party] . . . can vigorously cross examine them on the direct testimony already submitted by affidavit."). This is particularly the case because recognition will not turn on Mr. Borrelli's conduct or perceptions of the conduct of others; indeed, Mr. Borrelli was not appointed until after the JPLs were appointed by the BVI Court, and his role here is largely limited to opposing a petition that will turn on the Court's interpretation of facts and law concerning the BVI proceedings. *See Donnelly v. Anand*, 2025 WL 2494376, at *3 (S.D.N.Y. Aug. 29, 2025) (denying the defendant's request to appear remotely for bench trial where underlying claims required the court to assess the defendant's credibility and state of mind).

13. Pursuant to Fed. R. Civ. P. 43(a), counsel for Mr. Borrelli will ensure appropriate safeguards are in place during any remote appearance. *See, e.g.*, *In re Golden Seahorse LLC*, No. 22-bk-11582, ECF No. 309 (Bankr. S.D.N.Y. Feb. 21, 2024); *In re Rand Int'l Leisure Prods., LLC*, 2010 WL 2507634, at *5–6. Specifically, counsel will ensure that no person other than counsel

5

will be present in the room from which Mr. Borrelli will testify and that the only documents in the room are his Objection, his declaration, and any exhibits the parties have submitted to the Court, with no notes or annotations to those documents.  Counsel will further ensure that Mr. Borrelli does not communicate with counsel or anyone else about his testimony, including by email or text, during the entirety of his testimony.  And as a professional insolvency director with no prior connections to the Debtors or underlying events, Mr. Borrelli frankly has no reason to act improperly.

14.     Mr. Borrelli's status as the sole director of the Borrelli Debtors also does not weigh against remote testimony.  Mr. Borrelli is not seeking to avoid participation in these Chapter 15 Cases and he is ready, willing, and able to provide his testimony in open court by contemporaneous video transmission, under oath, subject to cross-examination, and with the safeguards described above.  Courts have routinely granted analogous requests for party-side witnesses and principals, including in bankruptcy proceedings and in cases involving defense-side witnesses abroad.  *See, e.g., In re Golden Seahorse LLC*, No. 22-bk-11582, ECF Nos. 295, 309 (Bankr. S.D.N.Y. Feb. 21, 2024) (allowing debtor's principal located in China to appear and testify via teleconference for an evidentiary hearing).

**B.     Alternatively, the Court Should Proceed through Designated Deposition Testimony**

15.     Alternatively, the Court should require deposition designations in lieu of live testimony, which will alleviate the need for any witness—not just Mr. Borrelli—to bear the burden of traveling to New York for the hearing and will reduce costs that will ultimately be borne by the Debtors.

16.     The recognition hearing satisfies the standard for the use of video depositions in lieu of live testimony because all four witnesses are more than 100 miles from the courthouse and

6

reside outside of the United States. *See* Fed. R. Civ. P. 32(a)(4)(B). "The greater distance between court and witness . . . leads to a greater likelihood of technical problems arising, which would interfere with the flow of the trial and cause unnecessary delays—problems which might better be handled in a deposition rather than during trial." *RLS Assocs., LLC*, 2005 WL 578917, at *7 (finding good cause for remote deposition in lieu of live appearance at trial where witness was based in Dubai). Each witness has been deposed already, providing the parties with sufficient opportunity to question the witnesses on their respective declarations. And the Court has already expressed its comfort with cross-examination through the use of depositions in this matter. *See, e.g.*, 1519 Hr'g Tr. at 12:16–19 (THE COURT: "[T]o the extent that there would be cross-examination it would happen outside of -- at least in the first instance, through depositions outside of this courtroom[.]"). Requiring four witnesses to travel thousands of miles to New York to present their testimony in person—when each has already been thoroughly examined through depositions—will only increase the already substantial costs that have resulted from the depositions, and those costs, according to the JPLs, are payable by the Borrelli Debtors.

17. Two of the witnesses—Dr. Mokal and Mr. Chissick—are further being called only as foreign law experts to opine on BVI law. *See Declaration of Andrew Barrington Chissick in Support of (A) the Emergency Motion for Entry of Order Granting (I) Ex Parte Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code and (B) the Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceedings and Related Relief* [ECF No. 4]; *Supplemental Declaration of Andrew Barrington Chissick in Support of the Corrected Emergency Motion for Entry of Orders Granting (I) Ex Parte Relief and (II) Provisional Relief, Pursuant to Section 1519 of the Bankruptcy Code* [ECF No. 31]; *Declaration of Riz Mokal* [ECF No. 49-1]. For legal experts, there is little or no reason to require live testimony, because credibility is not at

issue. *In re: Lyondell Chem. Co.*, 543 B.R. 428, 443 (Bankr. S.D.N.Y. 2016) ("The Second Circuit has explained how courts should treat the testimony of experts on foreign law: It is not the credibility of the experts that is at issue, it is the persuasive force of the opinions they expressed.") (internal citation omitted).

18.     Under these circumstances, "in the interest of justice and with due regard to the importance of live testimony in open court," the Court should permit the use of the witnesses' deposition testimony in lieu of their appearance.  *See* Fed. R. Civ. P. 32(a)(4)(E).

## NOTICE

19.     Notice of this Motion shall be served by email upon: (a) the Debtors; (b) the United States Trustee for the Southern District of New York; (c) the United States Attorney for the Southern District of New York; (d) the United States Attorney for the Eastern District of New York; (e) the United States Department of the Treasury's Office of Foreign Assets Control; (f) the United States Department of Justice; (g) the United States Department of the Treasury's Financial Crimes Enforcement Network; (h) all parties that have filed a notice of appearance in these Chapter 15 Cases within three (3) business days of filing such notice of appearance; and (i) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Authorized Foreign Representatives are aware.

## NO PRIOR REQUEST

20.     No previous motion for the relief sought herein has been made to this Court.

## CONCLUSION

For the foregoing reasons, Mr. Cosimo Borrelli respectfully requests an order permitting him to testify remotely via video from Hong Kong at the hearing on recognition on June 9, 2026,

8

or, alternatively, for the Court to proceed with witness testimony via deposition designations for

the four witnesses—Cosimo Borrelli, Riz Mokal, Paul Pretlove, and Andrew Barrington Chissick.

Dated: June 3, 2026
New York, New York

Respectfully Submitted,

**BOIES SCHILLER FLEXNER LLP**

*/s/ Peter M. Skinner*
Matthew L. Schwartz
Peter M. Skinner
Gordon Z. Novod
55 Hudson Yards
New York, New York 10001
Telephone: (212) 303-3646
mlschwartz@bsfllp.com
pskinner@bsfllp.com
gnovod@bsfllp.com

Dan G. Boyle
2029 Century Park East
Los Angeles, California 90067
Telephone: (213) 995-5732
dboyle@bsfllp.com

Laura Femino (admitted *pro hac vice*)
401 E Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 377-0716
lfemino@bsfllp.com

*Counsel to Cosimo Borrelli in his
capacity as the sole director of each
of the Borrelli Debtors*

9