## EXHIBIT 3

**Cosimo Borrelli's Responses and Objections to Authorized Foreign Representatives' First
Set of Requests for Production of Documents**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE GLOBAL HOLDINGS LIMITED, et al.,<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>No. 26-10769 (MG)<br><br>(Jointly Administered) |

### RESPONSES AND OBJECTIONS TO AUTHORIZED FOREIGN REPRESENTATIVES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO COSIMO BORRELLI

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Applicable Discovery Rules"), Cosimo Borrelli (the "Director"), in his capacity as the sole director of twenty-five of the Debtors,[1] by and through his undersigned counsel, hereby submits these responses and objections to the May 22, 2026 First Set of Requests for Production of Documents to Cosimo Borrelli (the "Requests," and each, a "Request") served by Sullivan & Cromwell LLP on behalf of the Authorized Foreign Representatives (the "Joint Provisional Liquidators" or the "JPLs") for Prince Global Holdings Limited and its affiliated debtors in the Chapter 15 Cases as follows:

---

[1] Mr. Borrelli is the sole director of each of Prince Global Holdings Limited, Auspicious Tycoon Limited, Bright Team Global Limited, Delightful Thrive Limited, Even Sincerity Limited, Fulam Investment Limited, Giant Victory Holdings Limited, Golden Ascend International Limited, Harmonic State Limited, Luminous Glow Limited, Mighty Divine Limited, Noble Title Limited, Oriental Charm Holdings Investment Limited, Pacific Charm Holdings Investment Limited, Praise Marble Limited, Prince Global Group Limited, Respectful Steed Limited, Retain Prosper Limited, Simply Advanced Limited, Southern Heritage Limited, Star Merit Global Limited, Starry Bloom Limited, Sure Tycoon Limited, Towards Sunshine Limited, and United Riches Global Limited (together, the "Borrelli Debtors").

1

**GENERAL OBJECTIONS**

The general objections set forth below (the "General Objections") apply to the Requests generally and to each Definition and Instruction included in the Requests, and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Request, Definition, and Instruction. Any objection to a Definition or Instruction shall also apply to any other Definition, Instruction, or specific Request that incorporates that Definition or Instruction. A response to a specific Request is not, and shall not be deemed to be, a waiver of the General Objections or the specific objections set forth therein (the "Specific Objections and Responses").

1. These responses are based upon information currently available to the Director and in his possession, custody, or control. These responses are made without prejudice to the Director's rights to make further objections and introduce additional information that may later be learned or discovered. The Director reserves the right to supplement or amend these responses based on information he may later discover and to rely upon such information in subsequent proceedings in the Chapter 15 Cases. The Director does not undertake an obligation to supplement or amend these responses, except to the extent required by the Applicable Discovery Rules.

2. The Director objects to each and every Request and to each Definition and Instruction contained therein, to the extent it is vague and ambiguous, overbroad, unduly burdensome, lacking in particularity, or seeks documents or information that is not relevant to the Verified Petition, and is not proportional to the needs of the Chapter 15 Cases, including on the basis that the burden or expense of the discovery sought outweighs its likely benefit.

3. The Director objects to each and every Request, and to each Definition and Instruction contained therein, to the extent it seeks to impose obligations and demands on the Director beyond those contemplated by the Applicable Discovery Rules or orders of the Court.

2

The Director will construe the Requests, and each Definition and Instruction contained therein, in accordance with their understanding of the applicable law, rules, or orders of the Court.

4.      The Director objects to each and every Request, and to each Definition and Instruction contained therein, to the extent it purports to give meaning or legal significance to a document, fact, or purported fact, the meaning or significance of which is subject to dispute between the parties. The Director's responses to these Requests shall not constitute an admission or concession of any kind.

5.      The Director objects to each and every Request, and to each Definition and Instruction contained therein, to the extent it calls for information that is protected from disclosure by the (i) attorney-client privilege, the work-product doctrine, or any other privilege, protection, or doctrine and (ii) any order or instruction of the BVI High Court or any other court of competent jurisdiction. The Director will not provide any information that is subject to any such protection. Any inadvertent production of information subject to any such protection is not intended to be and shall not be construed as a waiver of such protection. The JPLs shall not retain or use any inadvertently disclosed information that is properly the subject of a claim of privilege or other protection.

6.      The Director objects to each and every Request, and to each Definition and Instruction contained therein, to the extent it purports to require the Director to conduct anything beyond a reasonable search of readily accessible sources where responsive documents, including electronically stored information, are reasonably expected to be found. To the extent that the Requests purport to require the Director to exceed such a reasonable search, they are overbroad, unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and the burden or expense of the Requests outweigh their likely benefit.

7.      This response is made solely for the purpose of the Chapter 15 Cases and is subject to all objections as to competence, authenticity, relevance, materiality, propriety, privilege, admissibility, and any and all other objections, all of which are reserved and may be interposed at the time of any trial or hearing.

8.      The Director objects to each and every Request to the extent it purports to require the Director to provide any information already in your, or your counsel's, possession, custody or control, or equally available to you or your counsel, on the grounds that such Request is unnecessary, unduly burdensome and oppressive; constitutes annoyance, harassment and oppression of the Director; and extends beyond the obligations imposed or authorized by the Applicable Discovery Rules.

9.      Notwithstanding the foregoing, and without waiving any objections, the Director is providing the following responses in advance of the hearing scheduled before the United States Bankruptcy Court for the Southern District of New York on June 9, 2026.  [*See* ECF Nos. 41, 44]. These responses are provided solely for purposes of the recognition proceeding and shall not be construed as a concession that the JPLs are entitled to discovery beyond that context, or for any other purpose in this or any other proceeding.

10.     The Director is prepared to meet and confer with counsel for the JPLs in good faith about these responses.

## OBJECTIONS TO DEFINITIONS

1.      The Director objects to each of the Definitions, and to any Definition, Instruction, or Request that incorporates any of the Definitions, to the extent that it purports to impose on the Director any burden or obligation that is broader than, inconsistent with, or exceeds the applicable law, rules, or orders of the Court.

4

2.      The Director objects to Definition No. 3 ("Director"), and to any Definition, Instruction, or Request that incorporates the Definition, on the grounds that it is overbroad, unduly burdensome, and irrelevant, particularly insofar as it purports to encompass "any director, de jure director, de facto director, shadow director, nominee director, alternate director, managing director, authorized representative, signatory, attorney-in-fact, or other Person or entity associated with any Debtor who has or had authority to manage, direct, control, approve, authorize, execute, or cause any act, transaction, filing, communication, payment, transfer, agreement, or decision on behalf of any Debtor, whether formally appointed or not."  The Director also objects to Definition No. 3 to the extent it calls for information that is protected from disclosure by the (i) attorney-client privilege, the work-product doctrine, or any other privilege, protection, or doctrine and (ii) any order or instruction of the BVI High Court or any other court of competent jurisdiction.

3.      The Director objects to Definition No. 4 ("Property"), and to any Definition, Instruction, or Request that incorporates the Definition, on the same grounds stated in Objection No. 2 above.  In particular, the Director objects to Definition No. 4 as overbroad, unduly burdensome, and irrelevant insofar as it purports to encompass "any and all assets, rights, interests, claims, or things of value of any nature whatsoever, whether legal, equitable, vested, contingent, matured, unmatured, known, unknown, fixed, disputed, undisputed, tangible, intangible, real, personal, digital, contractual, or statutory, wherever located and by whomever held, including any direct or indirect interest therein" and includes, "without limitation: cash, currency, bank accounts, securities, commodities, cryptocurrency and digital assets, Tokens, Wallets, accounts, deposits, receivables, revenues, profits, distributions, choses in action, causes of action, claims, judgments, rights to payment, contractual rights, licenses, intellectual property, books and records, data, electronically stored information, real property, personal property, inventory, equipment, vehicles,

vessels, beneficial interests, trust interests, partnership interests, membership interests, shares, options, and any proceeds, products, rents, profits, substitutions, traceable proceeds, or other value derived therefrom." The Director further objects to Definition No. 4 to the extent it calls for information that is protected from disclosure by the (i) attorney-client privilege, the work-product doctrine, or any other privilege, protection, or doctrine and (ii) any order or instruction of the BVI High Court or any other court of competent jurisdiction.

4.      The Director objects to Definition No. 6 ("Relevant Person"), and to any Definition, Instruction, or Request that incorporates the Definition, on the grounds that it is overbroad, unduly burdensome, and irrelevant, particularly insofar as it purports to encompass "any affiliate, subsidiary, Beneficial Owner, Director, officer, manager, shareholder, owner, agent, attorney-in-fact, employee, or Person acting or purporting to act on the behalf of any Debtor, and any Person or entity otherwise affiliated with any Debtor." The Director further objects to Definition No. 6 to the extent it calls for information that is protected from disclosure by the (i) attorney-client privilege, the work-product doctrine, or any other privilege, protection, or doctrine and (ii) any order or instruction of the BVI High Court or any other court of competent jurisdiction.

### OBJECTIONS TO INSTRUCTIONS

1.      The Director objects to each of the Instructions, and to any Definition, Instruction, or Request that incorporates the Instructions, to the extent that it purports to impose on the Director any burden or obligation that is broader than, inconsistent with, or exceeds the requirements of, the applicable law, rules, or orders of the Court. The Director will construe the Requests, and each Definition and Instruction contained therein, in accordance with his understanding of the applicable law, rules, or orders of the Court.

6

2.      The Director objects to Instruction No. 1 to the extent it requires a search for and production of Documents and Communications from January 1, 2025 to the present as overbroad, unduly burdensome, and not proportional to the needs of the case.  Without waiving these objections, the Director will limit the search for and production of responsive documents to the period beginning February 1, 2026 to the present.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

In addition to the General Objections set forth in this Response, the Director submits the following Specific Objections and Responses. To the extent that a Specific Objection and Response is set forth in responding to a Request, such Specific Objection and Response does not constitute a waiver or limitation of any General Objection applicable to that Request.

**DOCUMENT REQUEST NO. 1**

All Documents and Communications Relating To the center of main interests of any Debtor or any affiliate or subsidiary thereof.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections.  The Director further objects to this Request as overbroad and unduly burdensome, and vague and ambiguous.  The Director further objects to this Request to the extent it seeks documents outside of the Director's possession, custody, or control.  The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents, affiliates, or associated parties.  The Director further objects to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Based on the foregoing objections, the Director will not search for or produce additional documents in response to this Request.

7

**DOCUMENT REQUEST NO. 2**

Documents sufficient to identify the location from which strategic, managerial, treasury, accounting, and operational decisions for each Debtor or any affiliate or subsidiary thereof were made.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections.  The Director further objects to this Request as overbroad and unduly burdensome, vague and ambiguous, and not proportional to the needs of the Chapter 15 Cases.  The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents, affiliates, or associated parties.  The Director further objects to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Based on the foregoing objections, the Director will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 3**

Documents sufficient to identify the physical location of the books and records of each Debtor or any affiliate or subsidiary thereof.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections.  The Director further objects to this Request as overbroad and unduly burdensome, vague and ambiguous, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition.

Based on the foregoing objections, the Director will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 4**

Documents sufficient to identify the jurisdictions in which each Debtor (or any affiliate or subsidiary thereof) maintained: (a) bank accounts; (b) employees; (c) offices; (d) accounting personnel; (e) management personnel; and (f) tax filings.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections.  The Director further objects to this Request as overbroad and unduly burdensome, and not proportional to the needs of the Chapter 15 Cases.  The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents, affiliates, or associated parties.  The Director further objects to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Based on the foregoing objections, the Director will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 5**

Documents sufficient to identify, for each Debtor or any affiliate or subsidiary thereof, the identity and location of its known creditors, including any creditor lists, claim registers, accounts payable ledgers, or similar Documents.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections.  The Director further objects to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition.  The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents,

9

affiliates, or associated parties.  The Director further objects to the Request insofar as it seeks

documents protected from disclosure by any applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, the Director is not aware of any

documents responsive to this request.

**DOCUMENT REQUEST NO. 6**

All Documents and Communications Relating To any Property within the United States of
any Debtor or any affiliate or subsidiary thereof.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections.  The Director further objects to this

Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15

Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the

Debtors' Verified Petition.  The Director further objects to this Request to the extent it seeks

documents or information concerning the Debtors that are within the possession, custody, or

control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents,

affiliates, or associated parties.  The Director further objects to the Request insofar as it seeks

documents protected from disclosure by any applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, the Director is not aware of any

documents responsive to this request.

**DOCUMENT REQUEST NO. 7**

All Documents and Communications Relating To any account directly or indirectly
maintained, held, or owned by any Debtor or any affiliate or subsidiary thereof at any financial
institution located in or with a branch office in the United States, including Documents and
Communications reflecting the financial institution at which the account is maintained, bank
statements, wire-transfer records, SWIFT messages, payment instructions, deposit records,
withdrawal records, internal-transfer records, foreign-exchange records, transaction
confirmations, account ledgers, and account-opening Documents.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections. The Director further objects to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents, affiliates, or associated parties. The Director further objects to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, the Director is not aware of any documents responsive to this request.

**DOCUMENT REQUEST NO. 8**

All Documents and Communications Relating To any U.S. operations of any Debtor or any affiliate or subsidiary thereof.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections. The Director further objects to this Request as overbroad and unduly burdensome, vague and ambiguous, and not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents, affiliates, or associated parties. The Director further objects to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, the Director is not aware of any documents responsive to this request.

**DOCUMENT REQUEST NO. 9**

All Documents and Communications Relating To Your purported appointment as a Director or other similar role with respect to any Debtor or any affiliate or subsidiary thereof.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections.  The Director further objects to this Request as overbroad and unduly burdensome, vague and ambiguous, and not proportional to the needs of the Chapter 15 Cases.  The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents, affiliates, or associated parties.  The Director further objects to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, the Director refers the JPLs to the Written Resolutions of the Debtors, appended to the Supplemental Declaration of Andrew Barrington Chissick, dated April 20, 2026.  *See* ECF No. 31-2 at 10–179.

**DOCUMENT REQUEST NO. 10**

All Documents and Communications Relating To Your claim of authority to act on behalf of any Debtor (or any affiliate or subsidiary thereof) or Relevant Person, including (a) Documents and Communications reflecting retention agreements, board resolutions, shareholder actions, or similar mandates; and (b) Communications with any Person that purported to instruct, direct, or authorize You to act on behalf of any Debtor (or any affiliate or subsidiary thereof) or Relevant Person.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections.  The Director further objects to this Request as overbroad and unduly burdensome, vague and ambiguous, and not proportional to the

12

needs of the Chapter 15 Cases,.  The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents, affiliates, or associated parties.  The Director further objects to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, the Director refers the JPLs to the Written Resolutions of the Debtors, appended to the Supplemental Declaration of Andrew Barrington Chissick, dated April 20, 2026.  *See* ECF No. 31-2 at 10–179.

**DOCUMENT REQUEST NO. 11**

All Documents and Communications Relating To the legal and/or corporate authority pursuant to which You were purportedly appointed as Director or other similar role with respect to any Debtor or any affiliate or subsidiary thereof.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections.  The Director further objects to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition.  The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents, affiliates, or associated parties.  The Director further objects to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, the Director refers the JPLs to the Written Resolutions of the Debtors, appended to the Supplemental Declaration of Andrew Barrington Chissick, dated April 20, 2026.  *See* ECF No. 31-2 at 10–179.

**DOCUMENT REQUEST NO. 12**

All Documents and Communications Relating To any agreement or arrangement pursuant to which any Person has funded, directed, or controlled Your retention or activities with respect to any Debtor (or any affiliate or subsidiary thereof) or Relevant Person.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections. The Director further objects to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents, affiliates, or associated parties. The Director further objects to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Based on the foregoing objections, the Director will not search for or produce additional documents in response to this Request.

**DOCUMENT REQUEST NO. 13**

All Documents and Communications Relating To any remuneration for Your purported role as Director of any Debtor or any affiliate or subsidiary thereof, and all Documents and Communications Relating To any remuneration from the Debtors (or any affiliates or subsidiaries thereof) or Relevant Persons for any other purpose.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Director incorporates his General Objections. The Director further objects to this Request as overbroad and unduly burdensome, not proportional to the needs of the Chapter 15 Cases, and irrelevant because it seeks documents not relevant to the Court's adjudication of the Debtors' Verified Petition. The Director further objects to this Request to the extent it seeks documents or information concerning the Debtors that are within the possession, custody, or

14

control of the JPLs, Sullivan & Cromwell LLP, Walkers Global or their respective agents, affiliates, or associated parties.  The Director further objects to the Request insofar as it seeks documents protected from disclosure by any applicable privilege, immunity, or protection.

Based on the foregoing objections, the Director will not search for or produce additional documents in response to this Request.

Dated: May 29, 2026

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By:    */s/  Peter M. Skinner*
Matthew L. Schwartz
Peter M. Skinner
Gordon Z. Novod
55 Hudson Yards
New York, New York 10001
Telephone: (212) 303-3646
mlschwartz@bsfllp.com
pskinner@bsfllp.com
gnovod@bsfllp.com

Dan G. Boyle
2029 Century Park East
Los Angeles, California 90067
Telephone: (213) 995-5732
dboyle@bsfllp.com

Laura Femino (admitted *pro hac vice*)
401 E Las Olas Blvd
Fort Lauderdale, Florida 33301
Telephone: (954) 377-0716
lfemino@bsfllp.com

*Counsel to Cosimo Borrelli in his capacity as the sole director of each of the Borrelli Debtors*

## CERTIFICATE OF SERVICE

I, Peter Skinner, declare under penalty of perjury that a true and correct copy of the foregoing Objecting Debtors' First Set of Requests for the Production of Documents was served via electronic mail on all counsel of record for this case on May 29, 2026.

/s/ Peter M. Skinner
Peter M. Skinner