Matthew L. Schwartz
Peter M. Skinner
Gordon Z. Novod
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300

Laura Femino (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
401 E Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 377-0716

Dan G. Boyle
**BOIES SCHILLER FLEXNER LLP**
2029 Century Park East
Los Angeles, California 90067
Telephone: (213) 995-5732

*Counsel to Cosimo Borrelli in his*
*capacity as the sole director of each*
*of the Borrelli Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]

Debtors in Foreign Proceedings.

Re ECF Nos. 1 & 68

Hearing Date and Time: June 9, 2026 at 10:00 AM ET

Chapter 15
Case No. 26-10769 (MG)
(Jointly Administered)

## COSIMO BORRELLI'S SUPPLEMENTAL BRIEFING
## REGARDING REPRESENTATION BY BOIES SCHILLER FLEXNER LLP

---

[1]   The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110. A complete list of the Debtors and their company numbers may be found at ECF No. 2-1. Notwithstanding the case caption, Cosimo Borrelli, in his capacity as the sole director of each of the Borrelli Debtors, disputes that each of these entities is the subject of a "foreign proceeding" within the meaning of 11 U.S.C. § 101(23).

**TABLE OF CONTENTS**

**RELEVANT BACKGROUND**................................................................................................ 1

**LEGAL STANDARD**......................................................................................................... 4

**ARGUMENT**..................................................................................................................... 5

**CONCLUSION** ................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*Cinema 5, Ltd. v. Cinerama, Inc.*,
  528 F.2d 1384 (2d Cir. 1976) .............................................................................................. 5

*Copantitla v. Fiskardo Estiatorio, Inc.*,
  788 F. Supp. 2d 253 (S.D.N.Y. 2011)................................................................................. 4

*Evans v. Artek Sys. Corp.*,
  715 F.2d 788 (2d Cir. 1983) ............................................................................................... 4

*Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*,
  409 F.3d 127 (2d Cir. 2005) ............................................................................................ 4, 5

*Hubbuch v. &M Realty Servs. Corp.*,
  2026 WL 380709 (S.D.N.Y. Feb. 11, 2026)...................................................................... 4

*In re Jade Mgmt. Servs.*,
  386 F. App'x 145 (3d Cir. 2010) ......................................................................................... 5

*In re SPAC Recovery Co.*,
  676 B.R. 260 (Bankr. S.D.N.Y. 2026)................................................................................ 6

*In re Stamford Color Photo, Inc.*,
  98 B.R. 135 (Bankr. D. Conn. 1989) .................................................................................. 6

*Kong v. Lindenbaum*,
  2025 WL 1808757 (E.D.N.Y. July 1, 2025)....................................................................... 5

*Merck Eprova AG v. ProThera, Inc.*,
  670 F. Supp. 2d 201 (S.D.N.Y. 2009) ................................................................................ 4

*Papyrus Tech. Corp. v. N.Y. Stock Exch., Inc.*,
  325 F. Supp. 2d 270 (S.D.N.Y. 2004) ................................................................................ 5

*Streichert v. Town of Chester, New York*,
  2021 WL 735475 (S.D.N.Y. Feb. 25, 2021) ...................................................................... 5

*TWI Int'l, Inc. v. Vanguard Oil & Serv. Co.*,
  162 B.R. 672 (S.D.N.Y. 1994)............................................................................................ 5

**Statutes**

11 U.S.C. § 101 ..................................................................................................... cover

**Rules**

N.Y.R. Pro. Conduct 1.7(a) ................................................................................................ 4, 5

N.Y.R. Pro. Conduct 1.7(b)(4) .......................................................................................... 4, 6

Cosimo Borrelli, in his capacity as the sole director of each of twenty-five of the Debtors,[2] by and through his undersigned counsel, respectfully files this supplemental briefing regarding Boies Schiller Flexner LLP's ("**BSF**") representation of both Mr. Borrelli and Chen Zhi, as directed by the Court at the hearing on recognition on June 9, 2026.  Mr. Borrelli respectfully submits that BSF is permitted to represent both Mr. Borrelli and Mr. Chen because there is no concurrent conflict between Mr. Borrelli, in his capacity as Director of the 25 Borrelli Debtors, and Mr. Chen, who is the sole or majority shareholder of 23 of the 25 Borrelli Debtors.  To the contrary, their interests are aligned, as exemplified by Mr. Borrelli's opposition to the BVI Proceedings, which is consistent with Mr. Chen's shareholder interests.

## RELEVANT BACKGROUND

1.     BSF represents Mr. Chen in the forfeiture and criminal proceedings pending in the Eastern District of New York.  *See Verified Claim & Statement of Interest of Claimant Chen Zhi*, No. 25-cv-05745, ECF No. 27 (E.D.N.Y. Dec. 29, 2025).  BSF also represents (non-Debtor) Prince Holding Group in the forfeiture proceedings pending in the Eastern District of New York.  *See Verified Claim and Statement of Interest of Prince Holding Group*, No. 25-cv-05745, ECF No. 28 (E.D.N.Y. Dec. 29, 2025).  It was doing so well before the JPLs were appointed in the BVI in January 2026 and before this chapter 15 proceeding was initiated in April 2026.  *See Order on Application for Joint Provisional Liquidators* [Second Skinner Decl. Ex. 18]; *Chapter 15 Petition*

---

[2]    Mr. Borrelli is the sole Director of each of Prince Global Holdings Limited, Auspicious Tycoon Limited, Bright Team Global Limited, Delightful Thrive Limited, Even Sincerity Limited, Fulam Investment Limited, Giant Victory Holdings Limited, Golden Ascend International Limited, Harmonic State Limited, Luminous Glow Limited, Mighty Divine Limited, Noble Title Limited, Oriental Charm Holdings Investment Limited, Pacific Charm Holdings Investment Limited, Praise Marble Limited, Prince Global Group Limited, Respectful Steed Limited, Retain Prosper Limited, Simply Advanced Limited, Southern Heritage Limited, Star Merit Global Limited, Starry Bloom Limited, Sure Tycoon Limited, Towards Sunshine Limited, and United Riches Global Limited (together, the "**Borrelli Debtors**").

*for Recognition of Foreign Proceeding* [ECF No. 1]; *Verified Petition under Chapter 15 for Recognition of Foreign Main Proceedings and Related Relief* [ECF No. 2].

2.      BSF's representation of Mr. Chen was no secret.  The JPLs knew about it and disclosed it to the Court at the April 22, 2026 hearing on preliminary relief.  1519 Hr'g Tr. at 8:3–6.

3.      Mr. Chen is the sole or majority shareholder of 23 of the Borrelli Debtors.  *See* BVI Borrelli Aff. [Second Skinner Decl. Ex. 20] at 4–5.

4.      BSF also represents 25 of the 30 Debtors.  *See, e.g.*, *Declaration of Peter M. Skinner in Support of the Objecting Debtors' Objection to Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [ECF No. 16] ¶ 1.  The firm was retained by Mr. Borrelli on behalf of each of those 25 Debtors.  *See Second Declaration of Peter M. Skinner in Support of Cosimo Borrelli's Objection to the Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceedings and Related Relief* [ECF No. 49] ¶ 1.  BSF opposed the JPLs' application for preliminary relief on behalf of the companies.  *See generally The Objecting Debtors' Objection to Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [ECF No. 17].

5.      BSF also represents Mr. Borrelli in his individual capacity as a director, and the firm has objected to the chapter 15 petition on behalf of Mr. Borrelli in his director capacity.  *See Cosimo Borrelli's Corrected Objection to Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceedings and Related Relief* [ECF No. 68].[3]

---

[3]  Mr. Borrelli remains the sole director of the Borrelli Debtors despite the BVI Orders' effects.  Dr. Riz Mokal explained in his Declaration that the penal order attached to the Mithani Order "is not itself part of the order" and "cannot be used as an aid to the order's interpretation[.]"  *Declaration of Riz Mokal* [Second Skinner Decl. Ex. 1] ¶ 44.  He further explained that the JPLs did not replace current directors or officer holders "in the sense of having assumed the positions within the corporate structure" and the current directors or office holders are not precluded from taking any action in relation to the Borrelli Debtors, only those actions now vested with the JPLs.  *See id.* ¶¶ 47, 49.

2

6.      On June 9, 2026, the Court held a hearing on the JPLs' chapter 15 Petition.  In the final moments of the hearing, the JPLs' counsel advised the Court:

> And I think I would ask Your Honor to bear in mind just a few things that are in the evidence before you. One is the testimony from Mr. Borrelli in his deposition that, well, as Your Honor knows, the Boies Schiller firm represents Chen Zhi and Mr. Borrelli. That Mr. Borrelli has not signed a conflict waiver between those companies -- between those clients.

*Transcript of June 9, 2026 Hearing on Recognition* (the "**Recognition Hr'g Tr.**") at 78:20–79:1.

7.      The JPLs' characterization of Mr. Borrelli's testimony was not accurate. Mr. Borrelli never testified that he has not signed a conflict waiver.  Rather, Mr. Borrelli testified that he did not know what a conflict waiver is and did not know whether he had entered into one:

> Q.      Have you entered into any conflict of interest waiver in connection with this matter?
>
> MR. SKINNER: Object to form; but you can answer if you understand.
>
> A.      I don't think I know what that is, but I'm sure I'd know it if I'd done it, so I don't think so.

Borrelli Dep. Tr. at 129:2–10.

8.      The JPLs' counsel further advised the Court that Mr. Borrelli had asserted a common interest with Mr. Chen at his deposition.  Recognition Hr'g Tr. at 79:7–10.  Mr. Borrelli's counsel confirmed that this was correct.  *Id.* at 79:12–13.

9.      The Court then requested briefing from Mr. Borrelli regarding whether BSF is permitted to represent Mr. Borrelli.  *Id.* at 79:14–16 ("I want to see the brief addressed to the issue of whether you're permitted to represent Mr. Borrelli, again, by Friday at noon.").

3

## LEGAL STANDARD

10.      The New York Rules of Professional Conduct provide that a lawyer shall not represent a client if a reasonable lawyer would conclude that the representation involved a "concurrent conflict of interest," which exists if:

(1)    the representation of one client will be directly adverse to another client; or

(2)    there is a significant risk that (i) the lawyer's independent professional judgment on behalf of a client will be adversely affected by, or (ii) the representation of one or more clients otherwise will be materially limited by, the lawyer's responsibilities to another client, a former client or a third person or by the lawyer's own financial, business, property or other personal interests.

N.Y.R. Pro. Conduct 1.7(a).  Even where a concurrent conflict exists, a lawyer may represent both clients if "each affected client gives informed consent."  N.Y.R. Pro. Conduct 1.7(b)(4).

11.      A court evaluating a conflict must "balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession."  *Hubbuch v. &M Realty Servs. Corp.*, 2026 WL 380709, at *4 (S.D.N.Y. Feb. 11, 2026) (internal quotation marks omitted) (quoting *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)).  "Generally, disqualification motions are disfavored, as they 'are often interposed for tactical reasons, and . . . even when made in the best of faith, such motions inevitably cause delay.'"  *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 281 (S.D.N.Y. 2011) (quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791–92 (2d Cir. 1983)).  "Accordingly, such motions are 'subjected to a high standard of proof.'"  *Id.* (quoting *Merck Eprova AG v. ProThera, Inc.*, 670 F. Supp. 2d 201, 207 (S.D.N.Y. 2009)).  "When presented with a disqualification motion"—which is not the case here; the JPLs have taken no action with respect to BSF's representation of both Mr. Chen and Mr. Borrelli despite knowing about it for months—"courts in the Second Circuit have been instructed to take a 'restrained approach that focuses primarily on preserving the

4

integrity of the trial process.'" *Streichert v. Town of Chester, New York*, 2021 WL 735475, at *4 (S.D.N.Y. Feb. 25, 2021) (quoting *Papyrus Tech. Corp. v. N.Y. Stock Exch., Inc.*, 325 F. Supp. 2d 270, 276 (S.D.N.Y. 2004)).  "The movant bears a heavy burden, and must establish specific facts warranting the disqualification." *Kong v. Lindenbaum*, 2025 WL 1808757, at *1 (E.D.N.Y. July 1, 2025) (citations omitted).

12.    Courts reject any *per se* rule that counsel may not represent both a company and its principal or equity holder. *TWI Int'l, Inc. v. Vanguard Oil & Serv. Co.*, 162 B.R. 672, 675 (S.D.N.Y. 1994) ("[A]n attorney that represents a corporation in bankruptcy and its principal is not *per se* interested.").  Even in bankruptcy cases applying the stricter disinterestedness framework, courts have held that concurrent representation of a debtor corporation and its principal/shareholder is not disqualifying absent actual adversity or a likelihood that adverse interests will develop. *See In re Jade Mgmt. Servs.*, 386 F. App'x 145, 149 (3d Cir. 2010) (citing *Vanguard Oil* to hold that simultaneous representation of debtor-in-possession and sole shareholder/guarantor presented, at most, a potential conflict).

## ARGUMENT

13.    BSF is permitted to represent Mr. Borrelli because there is no concurrent conflict of interest between Mr. Borrelli and Mr. Chen.

14.    Put simply, Mr. Borrelli is not "directly adverse" to Mr. Chen.  N.Y.R. Pro. Conduct 1.7(a).  "In cases of concurrent representation," the Second Circuit has held that "it is 'prima facie improper' for an attorney to simultaneously represent a client and another party with interests directly adverse to that client." *Hempstead Video, Inc.*, 409 F.3d at 133 (quoting *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1387 (2d Cir. 1976)).  That is not the case here.  Mr. Borrelli and Mr. Chen have not brought claims against each other.  Nor are their interests directly adverse to

5

each other.  To the contrary, Mr. Chen, as the majority shareholder of 23 of the Borrelli Debtors, has an interest in preserving the companies and their assets.[4]  And Mr. Borrelli is acting consistently with Mr. Chen's interests by using his authority as a director to oppose the BVI AG's applications to put those companies into liquidation proceedings.  *See generally Mar. 1, 2026 Ordinary Application (Company) Per Rule 14* [Second Skinner Decl. Ex. 33].

15.    Likewise, in these Chapter 15 Cases, Mr. Borrelli is opposing recognition of the BVI Proceedings, which is consistent with Mr. Chen's interests because Mr. Borrelli seeks to prevent an expansion here of the JPLs' authority, which would result in wasteful costs to the Borrelli Debtors.  Objection ¶¶ 29–68.  As Mr. Borrelli explained in his deposition, he believes the chapter 15 proceedings are not in the companies' interests because "they're being taken by provisional liquidators who I don't think are validly appointed and they seek powers in respect of assets which are not at risk and steps which I think are disproportionate and where any actions that they think need to be taken can actually be taken in a more straightforward, simple, and cost effective manner, for example."  Borrelli Dep. Tr. at 79:10–18.  Mr. Borrelli and Mr. Chen are thus aligned, not adverse.

16.    Any conflict that might come to exist between Mr. Borrelli and Mr. Chen is speculative at best.  *In re Stamford Color Photo, Inc.*, 98 B.R. 135, 138 (Bankr. D. Conn. 1989) (concluding that "merely hypothesizing that conflicts may arise is not a sufficient basis to warrant the disqualification" of an attorney).  But even if a conflict were to arise in the future, it may be waivable.  As Rule 1.7(b)(4) provides, a lawyer may represent two clients with a concurrent conflict if "each affected client gives informed consent."  N.Y.R. Pro. Conduct 1.7(b)(4).  If a

---

[4]    Because none of the Borrelli Debtors are insolvent, this is not a case where the director's fiduciary duties have shifted from the shareholders to creditors.  *In re SPAC Recovery Co.*, 676 B.R. 260, 270 (Bankr. S.D.N.Y. 2026) ("Ordinarily, directors of a solvent corporation owe fiduciary duties to shareholders, not creditors.").

concurrent conflict of interest arises in the future between Mr. Borrelli and Mr. Chen, BSF will either obtain informed consent to continue its representation of both clients or it will cease representing at least one client at that time.

**CONCLUSION**

For the foregoing reasons, Mr. Borrelli submits that BSF can represent both Mr. Chen and Mr. Borrelli because no concurrent conflict exists between Mr. Chen and Mr. Borrelli.  BSF will address any conflicts that arise if and when they occur.

Dated: June 12, 2026
New York, New York

Respectfully Submitted,

**BOIES SCHILLER FLEXNER LLP**

/s/ Peter M. Skinner
Matthew L. Schwartz
Peter M. Skinner
Gordon Z. Novod
55 Hudson Yards
New York, New York 10001
Telephone: (212) 303-3646
mlschwartz@bsfllp.com
pskinner@bsfllp.com
gnovod@bsfllp.com

Dan G. Boyle
2029 Century Park East
Los Angeles, California 90067
Telephone: (213) 995-5732
dboyle@bsfllp.com

Laura Femino (admitted *pro hac vice*)
401 E Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (954) 377-0716
lfemino@bsfllp.com

*Counsel to Cosimo Borrelli in his
capacity as the sole director of each
of the Borrelli Debtors*

7