UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |
|---|
| In re:<br><br>Prince Global Holdings Limited, *et al.*.<br><br>                 Debtors in a Foreign Proceeding. |

**FOR PUBLICATION**

Case No. 26-10769 (MG)

(Jointly Administered)

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART COSIMO BORRELLI'S OBJECTION TO THE PROPOSED RECOGNITION ORDER

*A P P E A R A N C E S:*

SULLIVAN & CROMWELL LLP
*Attorneys for the Joint Provisional Liquidators*
125 Broad Street
New York, New York 10004
By:    Andrew G. Dietderich, Esq.
       Sharon Cohen Levin, Esq.
       Christopher J. Dunne, Esq.
       Jacob M. Croke, Esq.
       Alexa J. Kranzley, Esq.

BOIES SCHILLER FLEXNER LLP
*Attorneys for Cosimo Borrelli in his capacity as the sole director of each of the Borrelli Debtors*
55 Hudson Yards
New York, New York 10001
By:    Matthew L. Schwartz, Esq.
       Peter M. Skinner, Esq.
       Gordon Z. Novod, Esq.

-and-

BOIES SCHILLER FLEXNER LLP
401 E Las Olas Boulevard
Fort Lauderdale, Florida 33301
By:    Laura Femino, Esq.

-and-

BOIES SCHILLER FLEXNER LLP
2029 Century Park East
Los Angeles, California 90067
By:    Dan G. Boyle, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

On June 11, 2026, the Court entered its Opinion recognizing the BVI proceeding as a foreign main proceeding. *In re Prince Glob. Holdings Ltd.*, No. 26-10769 (MG), 2026 WL 1694259, at *19 (Bankr. S.D.N.Y. June 11, 2026). The order granting relief was not entered at that time as the form of relief was disputed. This Opinion resolves the objection of Cosimo Borelli regarding the relief that should be entered at this time, with the possibility that Foreign Representatives may return to this Court to ask for further relief depending on further developments in this case. A separate Order will be entered.

Pending before the Court are the *Revised Proposed Recognition Order* (the "JPL Proposed Order," ECF Doc. # 71-1) and *Cosimo Borrelli's Limited Objection to the Revised Proposed Recognition Order* (the "Objection," ECF Doc. # 84). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the Objection of Mr. Borrelli and enters an Order granting certain relief.

## I.      BACKGROUND

### A.  JPLs' Letter

On June 12, 2026, Sullivan Cromwell sent the Court a letter on behalf of the JPLs (the "JPL Letter") notifying the Court that in post-recognition hearing discussions with Boies Schiller and Flexner LLP ("BSF") on June 10, 2026, the parties were unable to reach agreement on the Revised Proposed Order. (JPL Letter at 1.) The JPLs state that "[b]ecause this Court has already granted discretionary relief with respect to the proposed order submitted on April 8, 2026," the

letter only addresses Mr. Borrelli's objection to paragraph 21 of the Revised Proposed Order,

which reads as follows:

> All persons and entities subject to this Court's jurisdiction are
> hereby enjoined and restrained from taking any actions within or
> outside of the United States in the name or on behalf of (a) any of
> the Debtors, (b) any of the Debtors' controlled subsidiaries, or (c)
> the "Prince Group," "Prince Group Holdings," "Prince Holdings
> Group," or "Prince Global Holdings" or any similar general name
> or designation that does not clearly refer to a specific legal entity or
> natural person, in each case without the express prior authorization
> of the Authorized Foreign Representatives or prior order of this
> Court or the BVI Court.

(JPL Proposed Order ¶ 21.)  The JPLs argue that the above relief is "necessary and appropriate to

prevent ongoing attempts to interfere with the JPLs' administration of the Debtors' assets and

affairs."  (JPL Letter at 1.)  The JPLs assert that such relief is "consistent" with the Court's

general non-interference injunctions as part of recognizing a completed foreign restructuring.

(*Id.*)  The JPLs state that the requested injunction differs from typical relief only in that it has a

"narrower focus on the threshold question decided by the BVI Court at this early stage of its

proceedings: the JPLs, and only the JPLs, have the authority to act for the Debtors outside of the

BVI."  (*Id.* at 2.)

The JPLs point out that BSF, on behalf of Mr. Borrelli, filed the only objection.  (*Id.*)

Additionally, the JPLs assert that while BSF "now proposes to strike paragraph 21 in its entirety

and replace it with a general statement that the Order does not alter existing rights under BVI

law," this is at odds with BSF's position during the meet and confer.  (*Id.*)  The JPLs state that

during the meet and confer, BSF "stated they had no concern with clause (a) or (b) of paragraph

21 but did express a position that BSF should be able to appear on behalf of the trade name

"Prince Group" or derivatives of that trade name without identifying a specific natural person or

legal entity as their client."  (*Id.*)  The JPLs take the opposing position that the Debtors have an

3

"an interest in and use the applicable trade names" and have an interest in "avoiding confusion"
related to use of the trade names. (*Id.*)  The JPLs state that no parties "other than the Debtors and
their subsidiaries have substantiated any interest in these trade names" and that BSF has not
identified a client asserting an interest in the same trade names. (*Id.*)

The JPLs note that Mr. Borrelli's asserted common interest privilege during his
deposition:

> BSF appears to have two client engagements in this matter. One has
> something to do with Chen Zhi, who they represent at least in the
> EDNY Forfeiture. The other has something to do with Mr. Borelli
> (sic) and is how BSF appeared before this Court on behalf of the
> "Objecting Debtors." At his deposition, Mr. Borrelli asserted a
> common interest privilege over communications relating to Chen
> Zhi and other sanctioned parties. *See Transcript of June 3, 2026
> Deposition of Cosimo Borrelli* 129:2-17.  The [JPLs] have informed
> BSF that they regard BSF as having a client relationship with, and
> duties to, the Debtors.  The [JPLs] have not consented to the
> termination of that engagement nor waived any conflict that would
> permit BSF to act against the interests of the Debtors for Chen Zhi
> or any other party.

(*Id.* n. 4.)  The JPLs assert that the requested relief is authorized under sections 1507, 1521, and
105(a) of the Bankruptcy Code. (*Id.* at 3 (citing *In re Markus*, 607 B.R. 379, 388, 390 (Bankr.
S.D.N.Y. 2019).)  The JPLs additionally characterize the requested relief as "narrowly tailored."
The JPLs state that the provision does not prevent "any person from appearing in any court on its
own behalf, or on behalf of a specific legal entity or natural person it is authorized to represent"
and does not give the JPLs "any rights over any trade name." (*Id.* at 3.)  Lastly, the JPLs state
that BSF remains "free to act for Mr. Chen or any specific legal entity within the broader
enterprise, provided they identify the actual client and do not purport to act in the name or on
behalf of the Debtors without authority, or give that appearance." (*Id.*)

**B. Borrelli Objection**

Mr. Borrelli (the "Director" or "Mr. Borrelli") filed an objection in his capacity as the alleged sole director of twenty-five of the Debtors[1] objecting to five (5) of the paragraphs in the JPL Proposed Order.

    1.   Paragraph 21

Mr. Borrelli objects to the entirety of paragraph 21:

> All persons and entities subject to this Court's jurisdiction are hereby enjoined and restrained from taking any actions within or outside of the United States in the name or on behalf of (a) any of the Debtors, (b) any of the Debtors' controlled subsidiaries, or (c) the "Prince Group," "Prince Group Holdings," "Prince Holdings Group," or "Prince Global Holdings" or any similar general name or designation that does not clearly refer to a specific legal entity or natural person, in each case without the express prior authorization of the Authorized Foreign Representatives or prior order of this Court or the BVI Court.

(JPL Proposed Order ¶ 21.) Mr. Borrelli notes that BSF has filed a claim in the EDNY civil forfeiture proceeding on behalf of non-Debtor "*Prince Holding Group*." Mr. Borrelli notes that this paragraph would derail that proceeding through this "sweeping, de facto injunction" that would also impinge on Judge Kovner, who presides over the EDNY Forfeiture Proceeding, and her ability to determine who has standing in her court. (Objection ¶ 2.) Mr. Borrelli argues that there is no evidence in the record nor viable bankruptcy law theory that would permit displacing a pending non-debtor claimant in favor of the JPLs. (*Id.*) Mr. Borrelli further disputes the language under subparagraph (b) as extending improper relief to non-debtors' subsidiaries who

---

[1]     Mr. Borrelli alleges that he is the sole director of each of Prince Global Holdings Limited, Auspicious Tycoon Limited, Bright Team Global Limited, Delightful Thrive Limited, Even Sincerity Limited, Fulam Investment Limited, Giant Victory Holdings Limited, Golden Ascend International Limited, Harmonic State Limited, Luminous Glow Limited, Mighty Divine Limited, Noble Title Limited, Oriental Charm Holdings Investment Limited, Pacific Charm Holdings Investment Limited, Praise Marble Limited, Prince Global Group Limited, Respectful Steed Limited, Retain Prosper Limited, Simply Advanced Limited, Southern Heritage Limited, Star Merit Global Limited, Starry Bloom Limited, Sure Tycoon Limited, Towards Sunshine Limited, and United Riches Global Limited (together, the **"Borrelli Debtors"**).

5

are not subject to the BVI Proceedings, a wholly unsupported extraordinary measure.  (*Id.* ¶ 3.)

This, according to Mr. Borelli, is in addition to the language in paragraph 21 trespassing on the

Debtors' right to counsel under BVI law (discussed *infra*) and seeking relief prohibited under

chapter 15.  (*Id.* ¶¶ 4-5.)  Mr. Borrelli argues that by restraining actions "within or outside the

United States," this Court would have to determine issues that should be left to foreign courts to

decide.  (*Id.* ¶ 5.)  If the Court allows paragraph 21 to remain in its entirety, Mr. Borrelli asks for

a carveout to permit the continuation of the civil forfeiture proceeding.  (*Id.* ¶ 7.)

### 2.   Paragraph 17

Mr. Borrelli objects to paragraph 17 as he disputes that the JPLs and the Debtors are the

same parties, arguing that they are in fact "adverse parties."  (*Id.* ¶ 8.)  The pertinent language is

as follows: "[t]he Authorized Foreign Representatives are authorized to act on behalf of the

Debtors in these Chapter 15 Cases."  (JPL Proposed Order ¶ 17.)  Mr. Borelli claims that the

JPLs and Sullivan and Cromwell are "hostile" to the Debtors in multiple jurisdictions, and to

allow them to effectively act as an adversary party would be deeply improper.  (Objection ¶ 9.)

Mr. Borelli also claims that the Proposed Order could impair Mr. Borrelli's and the Debtors'

legal right to retain counsel in other proceedings.  (*Id.* ¶ 10.)

### 3.   Paragraph 18

Mr. Borrelli objects to paragraph 18, which entrusts the JPLs with "the administration or

realization of all of the Debtors' property within the territorial jurisdiction of the United States as

set forth in section 1521(a)(5) of the Bankruptcy Code."  (JPL Proposed Order ¶ 18.)  Mr.

Borrelli argues that the powers granted by paragraph 18 should be subject to section 363 of the

Code to ensure that any action taken by the JPLs would occur only after notice and a hearing.

(Objection ¶ 11.)

4.  Paragraph 19

Mr. Borrelli claims that the JPL Proposed Order would authorize the JPLs "unlimited blanket discovery," which would be impermissible relief under chapter 15. (*Id*. ¶¶ 13-14). Paragraph 19 reads as follows:

> The [JPLs] are authorized, by subpoena or otherwise and without further order of this Court, to conduct discovery, issue subpoenas, examine witnesses, take evidence, conduct examinations under Bankruptcy Rule 2004, and seek production of documents and information concerning the assets, affairs, rights, obligations, or liabilities of the Debtors, including any matter that may affect the administration of the Debtors' estates in the BVI Proceedings or these Chapter 15 Cases, pursuant to section 1521(a)(4) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

(JPL Proposed Order ¶ 19.) Mr. Borrelli argues that the JPLs must first meet their burden under section 1521(a)(4) of the Code, including that "good cause" exists for the relief to be granted. (*Id*. ¶ 14.) This requires the application of a balancing test examining whether the scope of the subpoenas and that the relief sought is appropriate, as well as ensuring that the Court has personal jurisdiction over the discovery subjects. (*Id*. ¶¶ 15, 17.) Mr. Borrelli also argues that paragraph 19 should include language noting that notice is required for third party discovery and that it should distinguish between extraterritorial discovery and extraterritorial asset seizure. (*Id*. ¶¶ 18-19.) There are territorial limits to chapter 15 pertaining to debtor property that are clear, and United States court order should not permit the seizure of Debtor funds abroad per section 542 of the Code. (*Id*. ¶ 19.)

5.  Paragraph 20

Lastly, Mr. Borrelli seeks the removal of paragraph 20 for improperly seeking a de facto full force and effect ("FFE") order. (*Id*. ¶ 21.) The language of paragraph 20 is as follows:

"[t]he BVI Proceedings, the BVI Orders, and any other orders entered by the BVI Court in the BVI Proceedings as of the date of this Order shall be and hereby are granted comity and given full force and effect in the United States." (JPL Proposed Order ¶ 20.)

Mr. Borrelli notes that this Court explained during the recognition hearing that upon any relief granted by the BVI Court the JPLs must return to this Court to get said order recognized; an FFE for BVI orders entered *ex parte* inherently raises due process issues as Mr. Borrelli suspects that some orders entered in the JPLs' secret application to the BVI Court relate to the Debtors' Hong Kong bank accounts. (Objection ¶ 22.) The issue with a FFE does not end with *ex parte* orders, as Mr. Borrelli notes that an FFE order by this Court could give effect to language that has no legal effect in the BVI; there is penal notice language in the BVI Appointment Order that may or may not be operative in the BVI. (*Id*. ¶¶ 23-24.) Ultimately, Mr. Borelli argues, the BVI Court has granted the JPLs specific powers, with "inherent and longstanding" residual powers remaining with directors such as Mr. Borrelli that would wholly be invalidated by this Court granting a de facto FFE order. (*Id*. ¶¶ 25-28.)

## II.   DISCUSSION

### A. Paragraph 17

Paragraph 17 states that "[t]he Authorized Foreign Representatives are recognized as 'foreign representatives,' as such term is defined in section 101(24) of the Bankruptcy Code, in respect of the BVI Proceedings. The Authorized Foreign Representatives are authorized to act on behalf of the Debtors in these Chapter 15 Cases." (JPL Proposed Order ¶ 17.) The Director proposes an alternative version that strikes the last sentence of paragraph 17 that says, "[t]he Authorized Foreign Representatives are authorized to act on behalf of the Debtors in these Chapter 15 Cases." (*See* Objection Ex A ¶ 17.)

8

The Objection argues that the Recognition Order should not impede the Debtors' right to counsel and oppose the appointment of the JPLs. (Objection ¶ 10.) As noted in the Opinion recognizing the BVI Proceedings as foreign main proceedings, the BVI Orders state that "directors, former directors, office holders, and former office holders . . . of [the company] . . . *are replaced by the joint provisional liquidators*. . . ." (*E.g.*, BVI Orders at 3 (emphasis added).) The BVI Orders further prohibit directors from "taking *any action in relation to the Company's affairs* without the prior consent of the joint provisional liquidators." *Id.* (emphasis added).

On June 15, the JPLs filed an additional order from the BVI Court dated June 11, 2026, which again confirms that directors lack the authority to oppose or interfere with the JPLs' right to seek recognition of the BVI Proceedings or to cause the Debtors to oppose or interfere with the JPLs' attempts to seek recognition. (*Notice of Filing of BVI Court Order* Ex. A ¶¶ 1-2, ECF Doc. # 86.) Accordingly, the Director and Borrelli Debtors lack the authority to oppose recognition of the BVI Proceeding outside of the BVI. The Court has also found that the Director lacks standing to oppose recognition before this Court. *In re Prince Glob. Holdings Ltd.*, 2026 WL 1694259, at *16.[2]

Therefore, the Court **OVERRULES** the Objection with respect to paragraph 17.

**B.    Paragraph 18**

Paragraph 18 provides that "[e]ach Authorized Foreign Representative is entrusted with the administration or realization of all of the Debtors' property within the territorial jurisdiction of the United States as set forth in section 1521(a)(5) of the Bankruptcy Code." (JPL Proposed Order ¶ 18.) The Director seeks to include the phrase "subject to section 363 of the Bankruptcy

---

[2]    All capitalized terms not otherwise defined shall have the same meaning as in *In re Prince Glob. Holdings Ltd.*, 2026 WL 1694259.

Code pursuant to section 1520(a)(2)" to the end of paragraph 18 of the Recognition Order. (Objection Ex A ¶ 18.)

This Court has previously noted that the JPLs "can't liquidate it without coming back to the Court and obtaining that additional relief." June 9 Hr'g Tr. at 38:4–7. Although the inclusion of this language may be redundant, as the sale of assets are subject to the requirements of section 363 regardless of the language, the Court **GRANTS** the Director's request to include this verbiage.

### C.      Paragraph 19

Paragraph 19 provides the following:

> [t]he Authorized Foreign Representatives are authorized, by subpoena or otherwise and without further order of this Court, to conduct discovery, issue subpoenas, examine witnesses, take evidence, conduct examinations under Bankruptcy Rule 2004, and seek production of documents and information concerning the assets, affairs, rights, obligations, or liabilities of the Debtors, including any matter that may affect the administration of the Debtors' estates in the BVI Proceedings or these Chapter 15 Cases, pursuant to section 1521(a)(4) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016. The Authorized Foreign Representatives are further authorized to seek turnover of property under section 542 of the Bankruptcy Code by motion or adversary proceeding as required by the Bankruptcy Rules. The discovery authorized in this paragraph is not limited to documents located within the United States and includes the authority to seek production of documents within the possession, custody, or control of any person or entity subject to this Court's jurisdiction, including documents held by such person's or entity's agents or attorneys, wherever such documents may be located. Any subpoenas served pursuant to this Order shall be without prejudice to the recipient's or any other party-in-interest's rights to object in accordance with applicable law and procedural rules.

(JPL Proposed Order ¶ 19.)  The Director requests that this Court enter an order providing that the JPLs must seek orders from this Court "on a case-by-case basis" to "issue subpoenas, examine witnesses, take evidence, conduct examinations under Bankruptcy Rule 2004, and seek production of documents and information . . . ."  (Objection Ex A ¶ 19.)

Section 1521(a)(4) permits discovery regarding "the debtor's assets, affairs, rights, obligations, or liabilities" without any limitation based on how the foreign representative intends to use the fruits of the requested discovery."  11 U.S.C. § 1521(a)(4).  "[O]ne of the main purposes of chapter 15 is to assist a foreign representative in the administration of the foreign estate . . . ."  *In re Millennium Glob. Emerging Credit Master Fund Ltd.*, 471 B.R. 342, 347 (Bankr. S.D.N.Y. 2012).  Additionally, chapter 15 explicitly contains language providing that "a foreign representative can request discovery in aid of a foreign proceeding under § 1521(a)(4), there is no authority that chapter 15 was intended to limit the discovery available to foreign representatives."  *Id.* (citing *In re Toft*, 453 B.R. 186, 193 (Bankr. S.D.N.Y. 2011).  There is no requirement in the statute or the caselaw that the Foreign Representatives must return to this Court and ask for specific authority with each request for discovery that they seek to undertake. The targets of any such discovery, of course, have standing to object to specific discovery requests; Borrelli, on the other hand, ordinarily does not have standing to object.  Interference in the JPLs efforts to take discovery will not be tolerated.

The relief requested by the JPLs is reasonable and in compliance with the requirements of section 1521(a)(4).  The JPLs may take discovery related to the "assets, affairs, rights, obligations, or liabilities" of the Debtors, and the JPLs have demonstrated that there is cause to engage in the requested discovery.  *Millennium Glob.*, 471 B.R. at 346 (quoting 11 U.S.C. § 1521(a)(4)).  Additionally, this Court may compel the production of documents located outside

the United States. *In re Markus*, 607 B.R. 379, 389 (Bankr. S.D.N.Y. 2019), *aff'd in part, vacated in part, remanded sub nom. Markus v. Rozhkov*, 615 B.R. 679 (S.D.N.Y. 2020). The JPLs have provided evidence that actors related to Mr. Chen have taken steps to interfere with the recognition of the BVI Proceedings and that the relief sought is appropriate under the Code and Bankruptcy Rules.

Therefore, the Court **OVERRULES** the Objection with respect to paragraph 19.

**D.    Paragraph 20**

Paragraph 20 states "[t]he BVI Proceedings, the BVI Orders, and any other orders entered by the BVI Court in the BVI Proceedings as of the date of this Order shall be and hereby are granted comity and given full force and effect in the United States." (JPL Proposed Order ¶ 20.) The Objection rephrases paragraph 20 as "[t]he Authorized Foreign Representatives are further authorized to seek turnover of [sic] under section 542 of the Bankruptcy Code, by motion or adversary proceeding as required by the Bankruptcy Rules, of any property of the Debtors located within the territorial jurisdiction of the United States." (Objection Ex A ¶ 20.)

The Objection does not identify any orders that have not been submitted to the Court for which the JPLs seek recognition. To the extent that the JPLs seek full force and effect of the BVI Orders, that relief is warranted as part of the recognition of the BVI Proceedings as foreign main proceedings. Any subsequent orders by the BVI Court that the JPLs seek to enforce in the United States will require a further order of this Court, and that is contemplated by the current language of the Recognition Order.

Accordingly, the Court **OVERRULES** the Objection with respect to paragraph 20.

12

E.      **Paragraph 21**

Paragraph 21 states

> [a]ll persons and entities subject to this Court's jurisdiction are
> hereby enjoined and restrained from taking any actions within or
> outside of the United States in the name or on behalf of (a) any of
> the Debtors, (b) any of the Debtors' controlled subsidiaries, or (c)
> the "Prince Group," "Prince Group Holdings," "Prince Holdings
> Group," or "Prince Global Holdings" or any similar general name
> or designation that does not clearly refer to a specific legal entity or
> natural person, in each case without the express prior authorization
> of the Authorized Foreign Representatives or prior order of this
> Court or the BVI Court.

(Recognition Order ¶ 21.)  The Objection requests the entry of an order phrasing paragraph 21 as

"[n]othing in this Order abrogates, limits, impedes, or otherwise compromises the Debtors' rights

under BVI law, including, insofar as such rights exist under BVI law, their right to legal counsel

and their right to appear and be heard in courts in the BVI or appellate courts thereof."

(Objection Ex A ¶ 21.)

The Director's argument that the JPLs should not be entitled to broad relief that would

prohibit the non-debtor Prince entities from continuing to litigate the EDNY Forfeiture Action is

persuasive.  However, the language supplied by the Debtors is too broad in seeking to prevent

further unnecessary litigation by parties loyal to Mr. Chen who seek to impede the JPLs.  The

Court reformulates paragraph 21 to strike part of section (c) regarding the "Prince Group,"

"Prince Group Holdings," "Prince Holdings Group," or "Prince Global Holdings" and limits the

injunction to the Debtors and their controlled subsidiaries.  The Court also alters the scope of the

injunction and specify that the Recognition Order does not apply to the BVI Proceeding.  The

Court adds the following language to paragraph 21: "all persons and entities . . . are hereby

enjoined and restrained from taking any actions within or outside of the United States, ***except***

***with respect to the BVI Proceedings***, in the name or on behalf of (a) any of the Debtors . . . ."

13

This approach provides the JPLs with sufficient protection from entities that seek to derail the

BVI Proceeding and its recognition in foreign jurisdictions while providing other Prince entities

the right to bring causes of action that they possess.  This change also permits the non-Debtor

Prince entities to continue to litigate the EDNY Forfeiture Action.

## III.    CONCLUSION

For the above-mentioned reasons, the Court **GRANTS IN PART** and **DENIES IN**

**PART** the Objection of Mr. Borrelli.  A separate Order will be entered.

Dated:    June 18, 2026
          New York, New York


                                _Martin Glenn_
                                MARTIN GLENN
                        Chief United States Bankruptcy Judge