**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

PRINCE GLOBAL HOLDINGS LIMITED *et al.*,[1]

    Debtors in Foreign Proceedings.

---

Chapter 15

Case No. 26-10769 (MG)

(Jointly Administered)

**ORDER GRANTING**
**RECOGNITION OF FOREIGN MAIN PROCEEDINGS AND RELATED RELIEF**

Upon consideration of the Verified Petition[2] of the Authorized Foreign Representatives for the Debtors requesting entry of an order (this "Order") (i) recognizing the BVI Proceedings as "foreign main proceedings" under section 1517(b)(1) of the Bankruptcy Code; (ii) recognizing each of the Authorized Foreign Representatives as "foreign representatives," as such term is defined in section 101(24) of the Bankruptcy Code, in respect of the BVI Proceedings; and (iii) granting certain related relief; and this Court having found that it has jurisdiction to consider the Verified Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* M-431 of the U.S. District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the Verified Petition and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue of this proceeding being proper before this Court pursuant to 28 U.S.C. § 1410(1); and this Court having found that proper and adequate notice of the Verified Petition

---

[1]    The Debtors in these Chapter 15 Cases are incorporated in the British Virgin Islands and maintain their registered address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands, VG1110.  A complete list of the Debtors and their company numbers may be found at D.I. 2-1.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and this Court having determined that the relief requested in the Verified Petition is in the best interests of the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND CONCLUDES THAT**:

1.     The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.     Each of the Debtors has property located in the United States, and, therefore,  each of the Debtors is "eligible" to be a debtor in these Chapter 15 Cases pursuant to sections 109 and 1501 of the Bankruptcy Code.

3.     These Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1509 of the Bankruptcy Code.

4.     The Verified Petition satisfies the requirements of section 1515 of the Bankruptcy Code.

5.     The official form petitions of each of the Debtors satisfy Bankruptcy Rules 1007(a)(4) and 2002.

6.     The BVI Proceedings are "foreign proceedings" as such term is defined in section 101(23) of the Bankruptcy Code.

7.     The BVI Proceedings are pending in the BVI, which is the jurisdiction in which each Debtor has "the center of its main interests" within the meaning of such term in section

1517(b)(1) of the Bankruptcy Code. As such, the BVI Proceedings are "foreign main proceedings" pursuant to section 1502(4) of the Bankruptcy Code, which are thereby entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code and to all relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code.

8.     The Authorized Foreign Representatives are "persons" as such term is defined in section 101(41) of the Bankruptcy Code, and they are the duly appointed "foreign representatives" of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

9.     The relief granted in this Order is necessary and appropriate to protect the Debtors and the interests of their creditors and other parties-in-interest, consistent with the principles of comity, consistent with the purposes and objectives of chapter 15 of the Bankruptcy Code, not manifestly contrary to the public policy of the United States and warranted pursuant to sections 105(a), 362, 1504, 1507, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code. The relief granted in this Order will not cause any hardship or inconvenience to any party-in-interest that is not outweighed by the benefits of granting the requested relief to the Authorized Foreign Representatives, the Debtors, their creditors and other parties-in-interest.

10.     The principles of comity support recognition of the BVI Orders appointing the Authorized Foreign Representatives as joint provisional liquidators pursuant to section 170 of the BVI Insolvency Act, as well as the enforcement by this Court of the BVI Orders within the territorial jurisdiction of the United States.

11.     The Authorized Foreign Representatives have demonstrated that the relief requested with respect to entrustment of the Debtors' assets under section 1521(a)(5) of the Bankruptcy Code is necessary and appropriate, consistent with the principles of comity, consistent with the purposes and objectives of chapter 15 of the Bankruptcy Code, not inconsistent with the

public policy of the United States and warranted pursuant to section 1521(a)(5) of the Bankruptcy Code.

12.     All creditors and other parties-in-interest, including the Debtors, are sufficiently protected in the relief granted in this Order as required under section 1522(a) of the Bankruptcy Code.

**IT IS HEREBY ORDERED THAT**:

13.     The Verified Petition and the relief requested are GRANTED as set forth herein, and any objections or responses thereto that have not been withdrawn or resolved are overruled with prejudice.

14.     The BVI Proceedings are granted recognition as "foreign proceedings" as such term is defined in section 101(23) of the Bankruptcy Code and pursuant to section 1517(a) of the Bankruptcy Code.

15.     The BVI Proceedings are granted recognition as "foreign main proceedings" as such term is defined in section 1502(4) of the Bankruptcy Code and pursuant to section 1517(b)(1) of the Bankruptcy Code.

16.     Throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court, all relief and protection afforded to a foreign main proceeding under section 1520 of the Bankruptcy Code is hereby granted to the BVI Proceedings, the Debtors, and the Debtors' property located in the United States, as applicable, including, without limitation, the application of the automatic stay under section 362 of the Bankruptcy Code to the Debtors and their property located in the territorial jurisdiction of the United States.

17.     The Authorized Foreign Representatives are recognized as "foreign representatives," as such term is defined in section 101(24) of the Bankruptcy Code, in respect of

the BVI Proceedings. The Authorized Foreign Representatives are authorized to act on behalf of the Debtors in these Chapter 15 Cases.

18.    Each Authorized Foreign Representative is entrusted with the administration or realization of all of the Debtors' property within the territorial jurisdiction of the United States as set forth in section 1521(a)(5) of the Bankruptcy Code, subject to section 363 of the Bankruptcy Code pursuant to section 1520(a)(2).

19.    The Authorized Foreign Representatives are authorized, by subpoena or otherwise and without further order of this Court, to conduct discovery, issue subpoenas, examine witnesses, take evidence, conduct examinations under Bankruptcy Rule 2004, and seek production of documents and information concerning the assets, affairs, rights, obligations, or liabilities of the Debtors, including any matter that may affect the administration of the Debtors' estates in the BVI Proceedings or these Chapter 15 Cases, pursuant to section 1521(a)(4) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016. The Authorized Foreign Representatives are further authorized to seek turnover of property under section 542 of the Bankruptcy Code by motion or adversary proceeding as required by the Bankruptcy Rules. The discovery authorized in this paragraph is not limited to documents located within the United States and includes the authority to seek production of documents within the possession, custody, or control of any person or entity subject to this Court's jurisdiction, including documents held by such person's or entity's agents or attorneys, wherever such documents may be located. Any subpoenas served pursuant to this Order shall be without prejudice to the recipient's or any other party-in-interest's rights to object in accordance with applicable law and procedural rules.

20.    The BVI Proceedings, the BVI Orders, and any other orders entered by the BVI Court in the BVI Proceedings as of the date of this Order shall be and hereby are granted comity and given full force and effect in the United States.

21.     All persons and entities subject to this Court's jurisdiction are hereby enjoined and restrained from taking any actions within or outside of the United States, except with respect to the BVI Proceedings, in the name or on behalf of (a) any of the Debtors, (b) any of the Debtors' controlled subsidiaries or any similar general name or designation that does not clearly refer to a specific legal entity or natural person, in each case without the express prior authorization of the Authorized Foreign Representatives or prior order of this Court or the BVI Court.

22.     This Order is without prejudice to the Authorized Foreign Representatives requesting any additional relief in these Chapter 15 Cases, including seeking additional relief under sections 1507 or 1521 of the Bankruptcy Code or seeking recognition and enforcement in the United States of any further orders issued by the BVI Court.

23.     No action taken by the Authorized Foreign Representatives, the Debtors or their respective successors, agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the BVI Proceedings, the documents contemplated thereunder, this Order, these Chapter 15 Cases, any further order for additional relief in these Chapter 15 Cases or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the immunity afforded such persons under sections 306 or 1510 of the Bankruptcy Code.

24.     The Authorized Foreign Representatives, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules, the Local Rules, or the orders of this Court.

25.     The Authorized Foreign Representatives are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

26.     No party shall incur any liability for following the terms of this Order, whether by acting or refraining from acting, except in the case of the party's own gross negligence or willful

-6-

misconduct.

27.     Notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules to the contrary, including, without limitation, Bankruptcy Rules 1018, 7062 and 9014, (a) this Order shall be effective immediately and enforceable upon its entry, (b) the Authorized Foreign Representatives are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (c) this Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

28.     This Court shall retain jurisdiction with respect to the implementation, enforcement, amendment, and modification of this Order.

Dated:  June 18, 2026
        New York, New York

                                                **/s/ Martin Glenn**
                                                    MARTIN GLENN
                                  Chief United States Bankruptcy Judge