# EXHIBIT 6

## Letter from Campbells to Walkers, Oct. 26, 2026

CAMPBELLS

**Campbells Legal (BVI) Limited**
Floor 4, Banco Popular Building| PO Box 4467
Road Town, Tortola VG-1110| British Virgin Islands
dgriffin@campbellslegal.com
**t.** +1 345 949 2648 |
**campbellslegal.com**

**By Email**

Walkers
171 Main Street
PO Box 92
Road Town
Tortola, VG1110
British Virgin Islands

For the attention of: Oliver Clifton, Andrew Chissick and Allana-J Joseph

26 October 2026

Dear Colleagues

**BVIHC (COM) 2026/0001 - 0030: proceedings relating to the provisional liquidation of Bright Team Global Limited and Ors (together, the "Companies")**

1. We refer to our letter of 22 October 2026 (our "**Letter**") and to your reply of 23 October 2026 (your "**Reply**"). We also refer to the letter of Kobre & Kim (BVI) LP to you dated 23 October 2026 on behalf of Amber Hill Ventures Limited and Lateral Bridge Global Limited (the "**K&K Letter**"), on which we were copied. References to the "**December Hearing**" are to the consequentials hearing expected on or around 8 and 9 December 2026. Defined terms in our Letter have the same meaning here.

**The JPLs' refusal to meet**

2. Our Letter proposed a single, practical step: a meeting by video conference between the JPLs and Mr Borrelli, so that an orderly handover could be agreed between professional people rather than litigated in correspondence or in court. We asked for the JPLs' availability within the next 10 business days. Your Reply does not offer a date, does not suggest an alternative, and gives no reason why a discussion should not take place. In short, the JPLs have declined even to speak to the Companies' director about the handover.

3. The only reason offered is that it is *"premature"* to take the steps in our Letter, because the Court contemplated *"an orderly implementation"* of its decision and the possibility of a stay application. With respect, that reasoning points the other way:

a. An orderly implementation requires discussion and planning. It cannot be orderly if no preparatory work is done until after the December Hearing. Mr Clifton himself told the Court on 2 October 2026 that, if the JPLs were to be discharged, the JPLs would wish to be heard on *"the appropriate timing and means for that discharge so it could be effected in an orderly manner"*. The JPLs cannot meaningfully address the Court on timing and means if they will not first discuss them with the boards.

b. A meeting does not prejudge any stay application. Nothing in our Letter asked the JPLs to hand over control before the Court so orders. We asked them to prepare for a handover and to discuss how it will work. The Attorney General's stated intention to appeal does not suspend the JPLs' duties in the meantime.

c. The JPLs remain under a duty, until discharged, to preserve the status quo with the least possible harm to all concerned (as the K&K Letter notes, citing *Kensington International Ltd v Montrow International Ltd* VG 2007 HC 37 at [89]). Now that the Court has decided the Companies should not be wound up, that duty is best served by preparing for an efficient return of control, not by deferring all engagement.

d. Kobre & Kim have asked for a meeting on the same footing, and have made clear that none of their preparatory requests prejudges any stay application. We are not aware of any reason why the JPLs should treat the Campbells Companies differently.

4. Seeking directions at the December Hearing is not an alternative to discussion. If the parties have not engaged beforehand, the Court will be asked to resolve matters which could have been agreed, at greater cost to the Companies' estates. We repeat our request for a meeting and ask the JPLs to provide dates within the next 10 business days. If they maintain their refusal, please explain why in writing. Our clients will put this correspondence before the Court at the December Hearing, including on the questions of the JPLs' remuneration and costs.

**Points in our Letter that your Reply does not address**

5. Your Reply does not engage with any of the specific points in our Letter. In particular, it does not respond to our requests that the JPLs:

a. begin collating each Company's books, records and assets, and the information they hold about them, so that these are ready to be returned to each board (paragraph 3(a) of our Letter);

b. prepare a detailed handover memorandum for each Company, giving a full account of what the JPLs have done in office and identifying any matters requiring Mr Borrelli's urgent attention after handover (paragraph 3(b));

c. explain the status of the foreign recognition and other proceedings the JPLs have brought or are involved in on the Companies' behalf, and the steps being taken to withdraw them (paragraph 3(c));

d. propose a timetable for completing the handover (paragraph 3(d)); and

e. provide a list of all directorships held by the JPLs or their nominees in any of the Companies, their subsidiaries or related entities, and take steps to resign and appoint Mr Borrelli as a replacement (paragraph 5).

6. None of these requests is premature. The collation of records, the handover memorandum and the schedule of proceedings are preparatory work which the JPLs will have to do in any event, and which does not depend on the outcome of any stay application. The list of directorships is factual information within the JPLs' knowledge, and there is no reason to withhold it.

**Further matters raised in the K&K Letter**

7. The K&K Letter raises a number of further matters which apply equally to the Campbells Companies. We ask that the JPLs give the same confirmations and information in respect of the Campbells Companies.

8. Foreign Proceedings. The JPLs have sought recognition of their appointment in at least the United States, Singapore and Hong Kong (the "Foreign Proceedings"). Please confirm that the JPLs will:

a. inform each court in which a Foreign Proceeding is pending of the Court's decision of 21 October 2026, including by placing the transcript of that hearing before it in full, and provide us with copies of what is filed or said. We note that Bazul LLC has already done so in Singapore. We understand that the JPLs' obligation under section 1518 of the United States Bankruptcy Code to notify the US court "promptly" of any substantial change in the status of the foreign proceeding is engaged; please provide a copy of that notice;

b. save for any step directed by a foreign court, take no new steps to progress recognition in Singapore or Hong Kong, and no further substantive steps in the United States that would bind the Companies or be difficult to reverse;

c. not commence, or cause or consent to, any new insolvency proceeding in respect of any of the Campbells Companies in any jurisdiction (including under chapter 7 or chapter 11 of the United States Bankruptcy Code), and not seek the appointment of a trustee or examiner, without first applying to this Court for directions on not less than seven clear days' notice to the Companies. We note that the JPLs' US counsel told the Bankruptcy Court on 22 April 2026 that a chapter 11 case had not been *"ruled out"*. A step of that kind, at this stage, would plainly be one for the Court's directions;

d. insofar as any Foreign Proceeding is maintained, consent to the Campbells Companies being heard through counsel, on the instructions of their board, on matters consequential to the decision, including the stay or dismissal of that proceeding; and

e. give the Campbells Companies not less than seven days' written notice of any new application they intend to make in any court, in any jurisdiction, concerning any of them, with copies of the application and supporting evidence.

9. Assets and proceedings. Please provide, for each Campbells Company:

a. a schedule of all bank accounts and other assets under the JPLs' control, with current balances; and

b. a schedule of every proceeding and application in any jurisdiction to which the Company, or the JPLs in that capacity, is a party, with its current status and next steps.

10. Fees and expenses. Please provide, for each Campbells Company, a statement of:

a. the fees and expenses incurred in the provisional liquidation to date, distinguishing the JPLs' own time costs, your firm's fees, and the fees of counsel and other agents in each Foreign Proceeding;

b. the amounts drawn from the Company's assets under the provisional liquidation orders, and when; and

c. an estimate of the fees and expenses to be incurred up to the December Hearing. Our clients need this information to take an informed position at that hearing on the JPLs' remuneration, on costs, and on any directions as an account by the JPLs under section 173(3) of the Insolvency Act 2003.

**Material transmitted under the Protocol**

11. The provisional liquidation orders required the JPLs to cooperate with the Attorney General under the Protocol scheduled to them. On 8 April 2026 we asked O'Neal Webster what material the JPLs had passed to the Attorney General under the Protocol, and what material had been transmitted onwards to overseas agencies – copy attached. That letter has not been answered. Now that the Court has decided that the Companies should not be wound up, the position on that material is a matter for the December Hearing.

12. Pending that hearing, please confirm that the JPLs will not provide any further material concerning the Campbells Companies to the Attorney General or to any overseas agency under the Protocol, and will preserve a complete record of what has been provided to date. Please also provide a schedule of the material provided so far, identifying the recipient and the date of each transmission. Our clients' rights in respect of that material, including as to its return and any further use, are fully reserved.

**Timing**

13. Please respond by 5:00 pm (BVI time) on Thursday, 5 November 2026. In particular, please by that date:

    a. provide dates for the meeting with Mr Borrelli;

    b. give the confirmations sought in paragraphs 8 and 12 above; and

    c. provide the list of directorships, the schedules and the statement of fees and expenses requested above.

14. If the JPLs are unable to agree to any request, please give their reasons in writing, so that any differences can be narrowed before the December Hearing.

15. This letter is written without prejudice to our clients' rights and position in the proceedings, including as to costs and the JPLs' remuneration and expenses, all of which are reserved.

Yours faithfully

**Campbells Legal (BVI) Limited**

cc: O'Neal Webster; Kobre & Kim (BVI) LP