# EXHIBIT 12

## Letter from Tanner De Witt to Georgiou Partnership LLP,

## July 6, 2026

Tanner De Witt solicitors

Our reference: 2600047/RDD/VEC

6 July 2026

**By hand, by fax (3105 1311) and by email (randall.arthur@georgioupartnership.com; beth.hackney@georgioupartnership.com)**

Georgiou Partnership LLP
Suite 1801, Chinachem Exchange Square
1 Hoi Wan Street
Quarry Bay
Hong Kong

Dear Sirs

**In the matter of Sure Tycoon Limited and Twenty-nine other companies and in the matter of the BVI Insolvency Act, 2003 (no. BVIHCOM2026/0001-0030) (the "HK LoR Application") between (1) Mr James Drury; (2) Paul Pretlove; (3) David Standish (in their capacity as the Joint Provisional Liquidators) (the "JPLs")**

We write in reply to your letters dated 3 June 2026 and 22 June 2026.

By those letters you state that in addition to acting for GeoResources Limited, Geotech Engineering Limited, Richway Construction Engineering Limited and Yau Wing Construction & Engineering Limited (the subjects of our previous correspondence, and from whom the requested information has still not been provided) you also now act for Mr Cosimo Borrelli "*in his personal capacity as director of 25 companies over which the JPLs were appointed by orders of the BVI court dated 9 January 2026 (the "**Appointment Orders**")*". For convenience, and to differentiate them from the other companies identified in this paragraph, those 25 companies are referred to here as the "**JPL Companies**".

You further state that Mr. Borrelli intends to appear and oppose the HK Application (as defined in your letter of 3 June 2026).

The Appointment Orders expressly provide that the powers of the directors of the JPL Companies are replaced by the JPLs and that the directors are "… *prohibited from taking any action <u>in relation to the [JPL Companies'] affairs</u> without prior consent of the [JPLs]"* (emphasis added). In this regard, you will be aware that the BVI court (the court of the jurisdiction of incorporation of the JPL Companies and the court primarily seised with this matter) has already heard an application regarding the extent of any residual powers of the directors of the JPL Companies (including Mr. Borrelli) and on 14 May 2026 ordered that such directors have no authority to cause the JPL Companies to appear in or challenge any foreign recognition proceedings commenced by the JPLs (the "**14 May Order**").

We are not aware of any basis for an individual to circumvent the 14 May Order by asserting he is acting "in his personal capacity as a director" or that an individual in that capacity otherwise has an interest in appearing. On what basis do you assert the contrary?



Partners ▪ Ian De Witt ▪ Robin Darton ▪ Eddie Look ▪ Pamela Mak ▪ Tim Drew ▪ Russell Bennett ▪ Edmond Leung ▪ Joanne Brown ▪ River Stone ▪ Pádraig Walsh ▪ Sunny Hathiramani ▪ Troy Greig ▪ Tim Au ▪ Veronica Chan ▪ Adrian Au ▪ Douglas Clark ▪ Mark Chiu

17th Floor Tower One Lippo Centre 89 Queensway Hong Kong w ▪ tannerdewitt.com t ▪ +852 2573 5000 f ▪ +852 2802 3553

Indeed, following the 14 May Order, Mr Borrelli did attempt to oppose recognition proceedings in the United States (under chapter 15 of the US Bankruptcy Code) in his capacity as the sole director of the JPL Companies. Hearing that matter, Chief Judge Martin Glenn in the United States Bankruptcy Court for the Southern District of New York held that Mr Borrelli did not have standing to object to the JPLs' chapter 15 recognition application (nor to oppose recognition of the BVI proceedings elsewhere outside BVI).

As regards the reservation of rights in respect of the HK LoR Application (per paragraph 2 of your letter dated 22 June 2026), that is a matter for the BVI court. However, we are instructed that notwithstanding Mr Borrelli's opposition, the HK LoR Application was approved by Wallbank J on the papers without a hearing on 29 May 2026. The orders for the HK LoR Application were subsequently entered on 5 June 2026 and the BVI Court issued sealed Letters of Request for each of the JPL Companies on 9 June 2026.

Consequently, in the absence of any clear basis for Mr. Borrelli having standing to appear on the HK Application, the papers in respect thereof will not be formally served on him. Nevertheless, we will provide you with a copy as a professional courtesy. If you are still then instructed to appear on behalf of Mr. Borrelli, please provide us with sufficient notice thereof and we will propose that the issue of standing be dealt with as a preliminary issue at the commencement of any hearing of the HK Application. Naturally, if such attempt is made and is unsuccessful, a costs order will be sought.

Yours faithfully

Tanner De Witt

**Tanner De Witt**