# EXHIBIT 2

## Joint Provisional Liquidators' Ordinary Application, dated Nov. 11, 2026

Case Number :BVIHCOM2026/0001

FILED
HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS

The Insolvency Act 2003
The Insolvency Rules 2005

**Form R14B**

**Ordinary Application (Company)**

Submitted Date:11/11/2026 16:23

Rule 14

Filed Date:12/11/2026 08:30

Fees Paid:811.84

| | |
|---|---|
| **The Eastern Caribbean Supreme Court**<br>**In the High Court of Justice** | |
| Matter No. | **CLAIM NO. BVIHC (COM) 2026/0001 to BVIHC (COM) 2026/0030** |
| Applicants | **MR. JAMES DRURY, MR. PAUL PRETLOVE AND MR. DAVID STANDISH**<br><br>**(in their capacities as joint provisional liquidators)** |
| Respondent | **The 30 Companies listed in the Schedule to the draft order** |

In the matter of

*(a) Enter full name of company and company number*

(a) **Sure Tycoon Limited and the twenty-nine other companies** listed in the Schedule to the draft order (each in Provisional Liquidation)

*(b) Insert name and address of the person application is directed to*

**For Court Use Only**

**To** (b)

**This application will be heard by the Judge at**
**on the day of 2026 at o'clock**

**If you do not attend at the time shown the Court may make an order in your absence.**

*(c) Enter full name of applicant or name of applicant's solicitor*

We, Paul Pretlove and David Standish of Interpath Ltd, 10 Fleet Place, London EC4M 7RB, England and James Drury of Interpath (BVI) Limited, PO Box 4571, 4th Floor, LM Business Centre, Fish Lock Road, Road Town, Tortola, Virgin Islands, VG1110 in our capacities as the joint provisional liquidators (the "**JPLs**") of the Respondent Companies (the "**Companies**"),

appointed by orders of the Honourable Justice Mithani (Ag.) dated 9 January 2026 and continued by orders dated 29 January 2026 (together, the "**Appointment Orders**") seek the following directions and/or relief:-

1. Pursuant to paragraph 3(l) of the Appointment Orders and/or under the inherent jurisdiction of this Honourable Court and/or under section 173(3) of the Insolvency Act, 2003 (as revised) (the "**Act**") (as appropriate):

   (a) (and as envisaged by paragraph 3(k) of the Appointment Orders and generally), directions for the filing and determination of (i) an application for approval of the quantum of the JPLs' remuneration, costs, expenses and disbursements incurred as joint provisional liquidators (including the costs of complying with the order and the fees and disbursements of their legal practitioners and other agents in the Virgin Islands and any other jurisdiction) (the "**Remuneration Application**" / "**Remuneration**"); and (ii) an application that the Remuneration be paid out of the assets of one or more of the Companies, with joint and several liability as between the Companies (the "**Allocation Application**"); and

*(d) insert details of order*

   (b) upon determination of the Remuneration Application and payment of the Remuneration, the handover of the Companies to their directors (the "**Handover**").

2. Further and in any event, the JPLs seek orders pursuant to Section 167(1)(d) and/or 173(3) of the Act and/or rule 42.8 of the Civil Procedure Rules 2023 (as revised) and/or the inherent jurisdiction of this Honourable Court that the dismissal of the Originating Applications (and thus the termination of the provisional liquidations) shall take effect only upon completion of the Handover.

3. Further and in any event, pursuant to section 172(2) and/or (6) of the Act and/or the inherent jurisdiction of this Honourable Court, a declaration and/or an order that (and subject to any further order of the Court), the JPLs' entitlement to the Remuneration shall, until paid

in full, operate as a lien in favour of the JPLs on all the assets of each of the Companies.

*(e) Delete as applicable*

A draft of the order sought is enclosed (the "**Draft Order**").

The matters upon which the Applicants rely are set out in the Fourth Affidavit of James Kenneth Drury sworn on 11 November 2026 and Exhibit JKD-4, filed in support of this Application, and in summary are as follows:

1. At the hearing on 21 October 2026 the Court indicated that (i) the Originating Applications should be dismissed, (ii) the Appointment Orders should be discharged, and (iii) the Court would hear the parties further on consequential issues, including orderly implementation of its decision and costs; by Order of 21 October 2026 the Court gave directions for consequential applications and listed the consequentials hearing for 8 and 9 December 2026 (the "**Consequentials Hearing**"). The Appointment Orders remain in force.

2. There are applications before the Court for determination at the Consequentials Hearing including (a) by LexCollective, a US non-profit organisation working with survivors of alleged human trafficking and forced labour, seeking permission to participate and to file further evidence, and to seek deferral of the finalisation and hand-down of the judgment (the "**LexCollective Applications**"); and (b) by the Attorney General for permission to adduce further evidence and for an order that the judgment circulated in draft on 22 October 2026 not be finalised or handed down and/or the order not be sealed pending determination of that application (the "**AG's Applications**"), and the JPLs recognise that the outcome of those applications may cause the Court to revisit its present intention. However, this Application necessarily proceeds on the footing of the Court's present indication that the Originating Applications will be dismissed and the Appointment Orders discharged.

3. The JPLs and their advisors have incurred costs and expenses of approximately US$54,259,406.92 for the period 9 January 2026 to 31 October 2026 (JPLs' fees to 31 October 2026; professional fees to 30

September 2026), which figure will necessarily increase. Owing to sanctions and the Hong Kong restraint order of 6 May 2026 (the "**Restraint Order**"), no drawdown has been made, the JPLs have no third-party funding and have been self-funded.

4. Under Section 172(2) of the Act the remuneration of the provisional liquidators is payable out of the assets of the company and under s.172(6), unless the Court orders otherwise, the JPLs may retain out of the company's assets such sums or assets as are, or may be, required for meeting his or her remuneration. Paragraph 8 of each Appointment Order provides that the costs of the provisional liquidation, including the JPLs' proper fees and disbursements, be paid out of the assets of the Company in priority to all other claims; paragraph 3(k) permits drawdown on account subject to Court approval. There has been no appeal against the Appointment Orders.

5. The JPLs and their advisors have incurred substantial fees and expenses in exceptionally complex work across the Companies (i.e. 30 companies) and multiple subsidiaries thereof in multiple jurisdictions, largely frozen by sanctions, including obtaining OFAC, OFSI, Virgin Islands and Cayman Islands sanctions licences (the "**Sanctions Licences**"), recognition in the United States and England and Wales and applications in Singapore, Hong Kong and Spain, asset tracing, preservation of the commercial property in the UK (the "**Fenchurch Street Property**") and stabilisation of the Allied Cigar Group, in the face of non-cooperation and sustained opposition by the directors of the Companies. In the light of the financial risk assumed, the JPLs have agreed an uplift on fees with certain advisors, which will be included in the Remuneration Application and is subject to the Court's approval. Directions for the filing, evidence and hearing of the Remuneration Application are sought.

6. Much of the work has been undertaken for all or groups of the Companies; several Companies appear to be holding vehicles that may hold no realisable assets, and the Court's indication means the JPLs cannot complete investigations needed to apportion costs. A company-by-company order under Section 172(2) of the Act would leave unrecoverable the general Remuneration and that referable to

Companies with no realisable assets; the order to be sought on the Allocation Application is therefore necessary so that the assets of one Company may be applied to Remuneration incurred in relation to others.

7. Owing to the sanctions and Restraint Order, no assets have been secured from which to draw down, there is no third-party funding and the JPLs and their advisors have been self-funded. On discharge the JPLs will cease to control the Companies and their assets, and a lien pursuant to Section 172(2) and/or (6) of the Act, in the terms of paragraph 7 of the Draft Order, is sought to preserve the JPLs' statutory entitlement until the Remuneration is paid in full.

8. An orderly handover requires significant considered work to protect the assets of the Companies. The steps required include: determination for each Company of the persons in whom control revests (noting the recorded directors, Mr Borrelli's unproduced powers of attorney, the absence of any person with established authority for Jumbo High Limited, and the absence of a registered agent for any Company); resignations from subsidiary directorships and corresponding filings; filing a notice of discharge with the Registrar of Corporate Affairs for each Company; steps in the US Chapter 15 proceedings, English recognition and possession proceedings (including in light of Mr Chen's application to the Court of Appeal for permission to appeal the possession order), Hong Kong recognition and restraint proceedings, Singapore recognition applications and Spanish recognition proceedings; handover of commercial real property, books and records (subject to sealing orders, Chapter 15 protective orders, privilege and OFAC/OFSI record-retention obligations), and bank accounts. The Draft Order contains proposed handover steps, but the JPLs seek directions as to the conduct of the Handover in such manner as the Court sees fit.

9. The Sanctions Licences and foreign recognition were granted to the JPLs personally in their capacity as provisional liquidators of the Companies and as officers of this Court. On discharge the Sanctions Licences will fall away while the Restraint Order remains. This will mean that the Companies' assets are frozen. Further, the Companies

will be struck off and dissolved because no registered agent will act for the Companies. Without a carefully sequenced transition there is a significant risk of value destruction, particularly to the Allied Cigar Group and the Fenchurch Street Property, to the detriment of creditors and other stakeholders; sanctions issues may also arise in returning control to designated persons or persons acting for them.

10. Given the significant risk to the assets on discharge and the effect of the sanctions remaining in place without the benefit of the Sanctions Licences, it is essential that Handover and discharge take place after determination of the Remuneration Application and the Allocation Application and payment of the Remuneration in full and that the JPLs remain in office *pro tem*.

11. Accordingly it is just and convenient that the Court make the orders sought.

*(f) Enter full names and addresses as applicable*

The names and addresses of the persons on whom it is intended to serve the application are as follows:

1. The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

2. Campbells, legal practitioners for 25 BS/Campbells Companies, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1111.

3. Kobre & Kim, legal practitioners for the Kobre & Kim Companies, whose address for service is Commerce House, Waterfront Drive, P.O. Box 3099, PMB 50, Road Town, Tortola, VG1110, BVI.

*(g) Enter full names and addresses as applicable*

The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are as follows: (g)

1. The Attorney General of the Virgin Islands, c/o O'Neal Webster of 2nd Floor, Commerce House, 181 Main Street, PO Box 961, Road Town, Tortola, British Virgin Islands.

2. Campbells, legal practitioners for 25 BS/Campbells Companies, whose address for service is Floor 4, Banco Popular Building, Road Town, Tortola, British Virgin Islands VG-1111.

3. Kobre & Kim, legal practitioners for the Kobre & Kim Companies, whose address for service is Commerce House, Waterfront Drive, P.O. Box 3099, PMB 50, Road Town, Tortola, British Virgin Islands VG1110;

*(h) Enter full name*
*(i) Delete as applicable*
*(j) Enter address for service*

This Application is filed by (h) Walkers, the Legal Practitioners for (i) the Joint Provisional Liquidators whose address for service is: (j)

171 Main Street
PO Box 92
Road Town, Tortola
British Virgin Islands VG1110
Ref: L16832

Signed

Name Allana-J Joseph

Dated 11 November 2026